IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NORMARIE ALICEA BERRIOS; CARLOS R. ORTIZ RODRÍGUEZ**<br><br>Plaintiffs<br><br>**v.**<br><br>**MUNICIPALITY OF BARRANQUITAS; COMMONWEALTH OF PUERTO RICO; CAFETALITO LLC; RESTAURANTE LI KENT INC.; WTRR RESTAURANT LLC; SZ BAKERY LLC; PANADERIA Y REPOSTERIA HIGH BAKERY INC.; CENTRO COMERCIAL SAN CRISTOBAL DE BARRANQUITAS, INC.; SATINARAB, LLC; SM FURNITURE BARRANQUITAS INC.; CASTILLO DE LOS POLLOS BBQ CORP.; 7 BARRIOS LLC; LOS BROTHER'S BAR & GRILL LLC; KIKI'S PIZZA, INC.; AM BISTRO BAR LLC; SMART FOOD LIFE INC.**<br><br>Defendants | **CIVIL NO.** |

## COMPLAINT

**TO THE HONORABLE COURT:**

The Plaintiffs, Normarie Alicea Berrios and Carlos R. Ortiz Rodriguez, on behalf of their own interests, respectfully requests a Permanent Injunction against the Municipality of Barranquitas and the Commonwealth of Puerto Rico in accordance with the Title II of the *Americans with Disabilities Act*, as well as damages and a Permanent Injunction under Section 504 of the Rehabilitation Act, 29 U.S.C, and, moreover, also requests a permanent injunction against Cafetalito LLC; Restaurante Li Kent Inc.; WTRR Restaurant LLC; SZ Bakery LLC;

1

Panaderia y Reposteria High Bakery Inc.; Centro Comercial San Cristobal De Barranquitas, Inc.; Satinarab, LLC; SM Furniture Barranquitas Inc.; Castillo de los Pollos BBQ Corp.; 7 Barrios LLC; Los Brother's Bar & Grill LLC; Kiki's Pizza, Inc.; AM Bistro Bar LLC; Smart Food Life Inc.;  in accordance with Title III of the *Americans with Disabilities Act.*

## I.    PARTIES

1.    The plaintiff, Mr. Carlos R. Ortiz, is a resident of Barranquitas, who lives with Becker Muscular Dystrophy and requires mobility accommodations in his daily activities.

2.    The plaintiff, Ms. Normarie Alicea Berrios, is a resident of Barranquitas, who has C6-C7 quadriplegia and relies on wheelchair assistance for mobility due to her spinal cord injury.

3.    The co-defendant, Municipality of Barranquitas, is a municipal entity with the capacity to sue and be sued. At all times relevant to this cause of action, it supervised, operated, or owned the sidewalks and streets adjacent to the locations situated within the Municipality of Barranquitas. Furthermore, the Municipality of Barranquitas is the governmental entity responsible for irregularly issuing use permits to corporations and, consequently, to the commercial establishments included in this lawsuit, despite the existence of architectural barriers within these establishments that violate accessibility standards. The Municipality continued to approve and renew these permits without requiring proper compliance with accessibility laws, thereby enabling and perpetuating discriminatory conditions against persons with disabilities.

4.    The co-defendant, the Commonwealth of Puerto Rico, is a public entity with the legal capacity to sue and be sued. At all times relevant to this cause of action, the Commonwealth supervised, operated, maintained, or owned the sidewalks, curb ramps,

and public rights-of-way identified in this Complaint and located throughout the Municipality of Barranquitas.

5.     The following co-defendants represent the respective businesses they own, lease, rent, or operate, located within the Municipality of Barranquitas. These establishments are operating in violation of the Americans with Disabilities Act (ADA) accessibility requirements and are functioning due to use permits that were irregularly issued by the Municipality of Barranquitas despite their non-compliance:

5.1.    Cafetalito LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Cafetalito.

5.2.    Restaurante Li Kent Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as Restaurante Li Kent.

5.3.    WTRR Restaurant LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Ta-Kbron "Cocina Mexicana".

5.4.    SZ Bakery LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Kmilas Bakery Barranquitas.

5.5.    Panaderia y Reposteria High Bakery Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as Panaderia y Reposteria High Bakery.

5.6.    Centro Comercial San Cristobal De Barranquitas, Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as Plaza San Cristobal.

5.7.    Satinarab, LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Econo Barranquitas.

5.8.    SM Furniture Barranquitas Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as SM Furniture Barranquitas.

5.9.    Castillo de los Pollos BBQ Corp. is the owner, lessor, lessee, and/or operator of the public accommodation known as El Castillo de los Pollos  BBQ #2.

5.10.    7 Barrios LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as 7Barrios.

5.11.    Los Brother's Bar & Gill LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Los Brothers Bar & Grill.

5.12.    Kiki's Pizza, Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as Kikis Pizza Inc.

5.13.    AM Bistro Bar LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Embeleko Bikers Cafe.

5.14.    Smart Food Life Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as Pink Bunny Frozen Yogurt.

## II.    ALLEGATIONS

### A. Regarding the Plaintiff's Medical Conditions

6.    Mr. Carlos Ortiz suffers from the following condition: Muscular Dystrophy/Becker, a progressive neuromuscular disorder that causes muscle weakness and degeneration. This condition has resulted in permanent mobility impairments and significant physical limitations.

6.1.    As a result of his condition, Mr. Ortiz experiences substantial mobility difficulties compared to the average person in the general population. He uses a motorized

4

wheelchair for long distances to conserve energy and maintain independence, and relies on a cane for short distances when his fatigue levels permit.

6.2.    Muscular Dystrophy/Becker primarily affects his hip, thigh, and shoulder muscles, leading to progressive weakness and reduced endurance. Due to this muscle deterioration, Mr. Ortiz struggles with activities such as rising from low positions, climbing stairs, and maintaining sustained physical effort. Even with the assistance of a cane, his movements require considerable exertion, and he must carefully pace himself to avoid excessive fatigue.

6.3.    His condition also severely limits his ability to perform daily tasks that demand lower-body strength or stability. Walking for extended periods is extremely challenging, and navigating uneven surfaces or steps without support poses a significant risk to his safety and autonomy.

7.    Mrs. Normarie lives with C6-C7 quadriplegia, a severe neurological condition that has resulted in significant loss of motor function in all four of her limbs. This spinal cord injury, located at the sixth and seventh cervical vertebrae, has disrupted the transmission of nerve signals between her brain and the rest of her body below the level of injury. As a consequence, Normarie has no mobility in her legs and experiences very limited function in her arms and hands, primarily retaining some movement in her shoulders, biceps, and limited wrist extension, but with little to no control of her fingers or functional grip.

7.1.    For her daily mobility, Mrs. Normarie relies completely on wheelchairs, alternating between a manual chair for short distances when she has assistance from another person, and a motorized wheelchair that provides her with greater independence for longer distances or when she needs to navigate independently.

Her condition has left her without the ability to walk or stand, requiring significant adaptations in her environment to perform basic activities of daily living such as dressing, feeding, or personal hygiene.

7.2.   A particularly challenging aspect of her condition is that Mrs. Normarie lives with constant chronic pain, a common complication for people with spinal cord injuries. This neuropathic pain can manifest as burning, tingling, or stabbing sensations in areas where she paradoxically may not have complete tactile sensitivity. Managing this pain represents a daily struggle that significantly impacts her quality of life, affecting her sleep, mood, and ability to concentrate on activities.

7.3.   The experience of living with quadriplegia has profoundly transformed how Mrs. Normarie relates to her environment. She reports feeling different from others in the way she moves and interacts with the world, facing physical and social barriers that limit her full participation in society. Her unique perspective has allowed her to develop creative adaptations and alternative strategies to navigate a world that is frequently not designed with her specific accessibility needs in mind.

**B. Concerning the Properties in Question and the Court's Jurisdiction**

8.   The areas within the Municipality of Barranquitas and the establishments in controversy, where Mr. Ortiz has been unable to access due to barriers, are the following:

8.1.   The location in controversy is a place of public accommodation, known as Cafetalito, located at Helechal Neighborhood, Road 162 Km 16.4, Barranquitas, PR 00794-0000, with coordinates 18.171896789696735, -66.3160687700272.

6

8.1.1.   The sidewalk in question is located at Helechal Neighborhood, Road 162 Km 16.4, Barranquitas, PR 00794-0000, with coordinates 18.171896789696735, -66.3160687700272.

8.2.   The location in controversy is a place of public accommodation, known as Restaurante Li Kent, Inc, located at  Road 152 Km 2.2, Barranquitas, PR 00794-0000 with coordinates 18.199730661676515, -66.29570777116409

8.2.1.   The sidewalk in question is located in  Road 152 Km 2.2, Barranquitas, PR 00794-0000 with coordinates 18.199730661676515, -66.29570777116409.

8.3.   The location in controversy is a place of public accommodation, known as Ta-Kbron "Cocina Mexicana" located at Carr 719 Km 1.6 neighborhood Helechal Sector Hoya Honda Barranquitas, PR 00794, with coordinates 18.175045005430775, -66.30640174704418

8.3.1.   The sidewalk in question is located at Carr 719 Km 1.6 neighborhood Helechal Sector Hoya Honda Barranquitas 18.175045005430775, -66.30640174704418.

8.4.   The location in controversy is a place of public accommodation, known as Kmilas Bakery Barranquitas located at Road 152 Km 3 Hm 0 Bo Quebradillas, Barranquitas, PR 00794-0000, with coordinates 18.205456593823385, -66.29520513487789.

8.4.1.   The sidewalk in question is located in front of Kmilas Bakery Barranquitas, and it is situated at Road 152 Km 3 Hm 0 Bo Quebradillas,

7

Barranquitas, PR 00794-0000, with coordinates 18.205456593823385, -66.29520513487789.

8.5.    The location in controversy is a place of public accommodation, known as Panaderia y Reposteria High Bakery, Inc is located at Carlos R Colon Rivera Bo Honduras Road 156 Km 16.9 Barranquitas, PR 00794-0000, with coordinates 18.186375887306458, -66.30103432644879.

8.5.1.    The sidewalk in question is located in front of Panaderia y Reposteria High Bakery, Inc, and it is situated at Carlos R Colon Rivera Bo Honduras Road 156 Km 16.9 Barranquitas, PR 00794-0000, with coordinates 18.186375887306458, -66.30103432644879.

8.6.    The location in controversy is a place of public accommodation, known as Plaza San Cristobal, located at PR-156, Km 17.1, Honduras Ward, Barranquitas, PR 00794-0000, with coordinates 18.183425063152782, -66.29821444913752.

8.6.1.    The sidewalks in question are located around Plaza San Cristobal, and they are situated at PR-156, Km 17.1, Honduras Ward, Barranquitas, PR 00794-0000, with coordinates 18.18344254415909, -66.29909040458327 and 18.184112736716603, -66.29866795666504.

8.6.2.    The location in controversy is a place of public accommodation, known as Econo Barranquitas and it is situated at San Cristobal Plaza PR-156 Km 17.1, Barranquitas, PR 00794-0000, with coordinates 18.183387256631065, -66.29866256880346.

8.7.    The location in controversy is a place of public accommodation, known as SM Furniture Barranquitas located at Quebrada Grande - Pueblo Ward, PR-156 Km

8

17.1, Barranquitas, PR 00794-0000, with coordinates 18.184498223041803, -66.29890189168938.

    8.7.1.    The sidewalk in question is located in front of SM Furniture Barranquitas and it is situated at Quebrada Grande - Pueblo Ward, PR-156 Km 17.1, Barranquitas, PR 00794-0000, with coordinates 18.184201616217262, -66.29879485968901.

8.8.    The location in controversy is a place of public accommodation, known as 7Barrios and it is situated at 7 Muñoz Rivera Street, Barranquitas, PR 00794-0000, with coordinates 18.186060116050875, -66.30557897843023.

    8.8.1.    The sidewalk in question is located in front of 7Barrios and it is situated at 7 Muñoz Rivera Street, Barranquitas, PR 00794-0000, with coordinates 18.186060116050875, -66.30557897843023.

9.    The areas within the Municipality of Barranquitas and the establishments in controversy, where Ms. Alicea has been unable to access due to barriers, are the following:

9.1.    The location in controversy is a place of public accommodation, known as Los Brothers Bar and Grill located at street 152 Km 7.7 Quebradillas Ward, Barranquitas, PR 00794-0000, with coordinates 18.235690139697397, -66.28894495496937.

    9.1.1.    The sidewalk in question is located at street 152 Km 7.7 Bo Quebradillas, Barranquitas, PR 00794, with coordinates 18.235690139697397, -66.28894495496937.

9.2.    The location in controversy is a place of public accommodation, known as Kikis Pizza located at  Carr 156 Km 16.6 47 street Barcelo, Barranquitas , PR 00794, with coordinates 18.185681649609972, -66.30192114243623.

    9.2.1.    The sidewalk in question is located  at Carr 156 Km 16.6 47 street Barcelo, Barranquitas , PR 00794, with coordinates 18.185681649609972, -66.30192114243623.

9.3.    The location in controversy is a place of public accommodation, known as Embeleko Bikers Cafe, is located at Suite 105 20 Street Padre Berrios, Barranquitas,    PR   00794-000,  with   coordinates   18.184158108674673, -66.30741068159713.

    9.3.1.    The sidewalk in question is located in front of Embeleko Bikers Cafe, and it is situated at Suite 105 20 Street Padre Berrios, Barranquitas,  PR 00794-000, with coordinates 18.184158108674673, -66.30741068159713.

9.4.    The location in controversy is a place of public accommodation, known as Pink Bunny Frozen Yogurt located at PR-156, Km 17.1, Barranquitas, PR 00794-0000, with coordinates 18.184605312727395, -66.29973110997375.

    9.4.1.    The sidewalk in question is located beside of Pink Bunny Frozen Yogurt and it is situated at PR-156, Km 17.1, Barranquitas, PR 00794-0000, with coordinates 18.1844250774393, -66.29978232277588.

9.5.    The location in controversy is a place of public accommodation, known as El Castillo de los Pollos   BBQ #2 and it is situated at 8 Padre Dávila Street, Barranquitas,    PR   00794-0000,   with    coordinates    18.18546211062731, -66.30468429817063.

10

9.5.1.    The sidewalk in question is located in front of El Castillo de los Pollos BBQ #2 and it is situated at 8 Padre Dávila Street, Barranquitas, PR 00794-0000, with coordinates 18.18546211062731, -66.30468429817063.

**C. Discrimination in Municipality of Barranquitas and other businesses against Mr. Carlos R. Ortiz Rodriguez due to his disabilities**

10.    Mr. Carlos R. Ortiz finds great satisfaction in visiting different places within the municipality of Barranquitas, especially restaurants, recreational spaces, and various commercial establishments. One of his greatest passions is exploring new venues, trying different foods, and enjoying the vibrant atmosphere that characterizes Barranquitas. These outings are not simply a pastime for Mr. Ortiz; they serve as a way for him to momentarily disconnect from the health challenges he faces daily due to his muscular dystrophy.

11.    Suffering from muscular dystrophy, Mr. Ortiz experiences progressive muscle weakness that particularly affects his hips, thighs, shoulders, and arms, significantly limiting his mobility and strength. This condition forces him to depend on a motorized wheelchair for long distances and a cane for short walks, requiring stable surfaces and ample spaces to move safely. However, when he manages to visit a new restaurant or enjoys a meal in a place with a pleasant atmosphere, he finds a sense of normalcy, enjoyment, and relief from his daily difficulties.

12.    Unfortunately, this enjoyment is frequently overshadowed by the numerous architectural barriers he encounters within the Municipality of Barranquitas. Instead of experiencing a smooth and enjoyable visit, his outings are frequently disrupted by accessibility challenges that make it difficult, exhausting, or even impossible for him to navigate public spaces safely and independently.

11

13.    One of the most frustrating and discouraging barriers he faces is the poor condition and inaccessibility of public sidewalks. Many sidewalks in Barranquitas are cracked, uneven, and obstructed, creating unstable surfaces that are dangerous for his motorized wheelchair. The cracks and irregular surfaces cause intense vibrations and jolts that not only result in considerable physical discomfort but also pose a serious risk of damaging his wheelchair, potentially leaving him immobilized. Even worse, many businesses and establishments inappropriately use sidewalks as parking spaces or to place objects that block access, forcing Mr. Ortiz to take alternative and unsafe routes or, in some cases, abandon his visits altogether.

14.    Despite his desire to continue enjoying his favorite pastime, both the Municipality of Barranquitas and the Commonwealth of Puerto Rico have failed to take meaningful action to ensure that public spaces are accessible to individuals with mobility impairments like Mr. Ortiz. This lack of accessibility directly impacts his independence and quality of life, as the constant struggle to navigate these spaces turns what should be a moment of relaxation into a frustrating and exhausting experience.

15.    Additionally, even when he manages to overcome the barriers on the sidewalks and reach businesses or restaurants, Mr. Ortiz continues to encounter significant obstacles inside these establishments. The most common barriers include excessively high service counters without accessible sections, narrow aisles due to closely arranged tables and chairs, tables with central bases or bars that prevent his wheelchair from approaching, narrow entrance doors that require significant effort to open, restrooms without grab bars or adequate space for maneuvering, and loose rugs or obstacles that interfere with his

wheelchair movement. These conditions completely prevent him from fully enjoying his visits, leaving him feeling excluded and discouraged from returning.

16.    Mr. Ortiz feels discouraged from visiting several places located in Barranquitas because he knows he cannot enjoy them due to the architectural barriers present at those locations:

### *Responsibility of the Municipality of Barranquitas and Cafetalito LLC*
### *Cafetalito*

17.    Mr. Carlos R. Ortiz is particularly interested in visiting El Cafetalito due to its offer of delicious breakfasts. He wants to go not only for its breakfasts, including its exquisite eggs and freshly prepared toast, but also because the atmosphere of the place is welcoming, the customer service is exceptional, and the staff stand out for their warmth and humanity. He knows that the restaurant features a charming space that invites relaxation, that the service is impeccable, and that the quality of the dishes, made with fresh ingredients, exceeds expectations. However, since January 2025, Mr. Ortiz has been aware that El Cafetalito presents several accessibility barriers that place him in an uncomfortable and unequal situation. For this reason, although he intended to visit in both February and March 2025, he decided not to, anticipating the difficulties he would have to face. These limitations have discouraged him and led him to postpone a visit he was eagerly looking forward to.

18.    Nevertheless, he will go to El Cafetalito in three months to finally enjoy what the restaurant has to offer and savor its brunch proposal that so attracts him. Although the possibility of encountering the same barriers remains a concern, he wants to give himself the chance to visit the place and see if improvements have been made to ensure fair and dignified access. His interest in the restaurant remains strong, fueled by his love for well-prepared breakfasts and the unique atmosphere of the place, but it is accompanied

by constant emotional tension due to the uncertainty of not being able to fully enjoy it or feeling excluded because of the physical conditions of the environment. Despite these reservations, he has decided not to abandon the idea of visiting, motivated by his desire to experience it firsthand and enjoy that moment of peace he so longs for. Mr. Carlos R. Ortiz is aware of the following barriers at El Cafetalito:

18.1.1.   Sidewalks in Non-Accessible Conditions: Mr. Carlos Ortiz is aware of the sidewalks in front of Cafetalito, where the absence of access ramps prevents him from navigating the sidewalk independently. His condition, muscular dystrophy, makes it impossible for him to exert the physical effort required to overcome obstacles. As a result, he is forced to look for an intersection with a ramp or, in the worst case, move onto the roadway, exposing himself to traffic. His mobility is further restricted, as he cannot make sudden movements or quickly react to unexpected situations. This forces him to backtrack and alter his route, causing frustration and wasting time.

18.1.1.1.   Mr. Carlos Ortiz is also aware that the planters in front of Cafetalito invade the space designated for pedestrian traffic, drastically reducing the available width of the sidewalk. Given that his motorized wheelchair is larger and has a wider turning radius than a manual one, he requires more space to move safely. Muscular dystrophy limits his ability to make body adjustments or precise movements to avoid obstacles, making any additional barriers a significant risk. If the sidewalk is too narrow due to the

planters, he cannot move forward. He is forced to attempt turning maneuvers in tight spaces, risking getting stuck between obstacles or damaging his wheelchair if it brushes against the planters. In extreme cases, he has to backtrack and find an alternative route, which increases his effort, travel time, and physical strain, negatively affecting his autonomy.

18.1.1.2. The Municipality holds direct responsibility for ensuring that sidewalks and public pathways are safe and accessible for all citizens, including those who require specific mobility support. In the case of Mr. Carlos Ortiz, the lack of maintenance, the presence of obstacles, and the absence of corrective action by the Municipality represent a failure that deeply affects his daily life. This inaction not only undermines his right to move safely and with dignity but also perpetuates a form of structural discrimination that limits his access to public spaces and restricts his full participation in the community.

18.2. Mr. Carlos Ortiz is aware that the sidewalk in front of Cafetalito is frequently used for parking, which adds another significant barrier to his mobility. Parked vehicles completely block his path, forcing him to either find an alternate route or dangerously maneuver onto the road. Given his condition, sudden or complex movements are not possible, making these situations especially stressful. When no alternative path is available, he is left completely unable to continue, requiring assistance to navigate around the obstruction. The improper use of the sidewalk

for parking exacerbates his mobility challenges, further restricting his independence and reinforcing the barriers that prevent him from fully participating in everyday activities.

18.2.1.    The municipality has demonstrated unacceptable negligence by failing to implement effective measures to prevent illegal parking on sidewalks in front of Cafetalito, a situation that directly violates the accessibility rights of people with reduced mobility such as Mr. Carlos Ortiz. This omission constitutes a serious breach of their legal obligations to guarantee free pedestrian circulation and universal access to public space. By not installing bollards, not conducting enforcement through traffic officers, nor imposing deterrent sanctions on repeat offenders, the municipality becomes complicit in the systematic discrimination suffered by people with disabilities, perpetuating architectural barriers that deny them the fundamental right to move about their own city with autonomy and dignity.

18.3.    Decorations Blocking the Path: Tables, benches, or other decorative elements can create narrow and impassable pathways for his wheelchair. Muscular dystrophy not only limits his mobility, but also makes any interruption in his journey a considerable challenge. Even if there seems to be an open space, it may not be wide enough for his wheelchair to pass without the risk of getting stuck or hitting an object. This forces him to make zigzag maneuvers, requiring extra concentration and precision—abilities that his condition has gradually reduced. He may also have to backtrack or rely on someone else to move the objects and

16

clear a path for him. This not only restricts his independence but also creates discomfort and distress from having to constantly ask for assistance, affecting his self-esteem and reinforcing his sense of exclusion in public spaces.

18.4.    Narrow Entrance Door: The entrance door is too narrow, making it difficult for a person in a wheelchair to enter easily. In the case of Mr. Carlos, who uses a larger motorized wheelchair, the entrance becomes an insurmountable obstacle without assistance. If he manages to pass with difficulty, he risks getting stuck or damaging his wheelchair, which not only causes him stress and frustration but also severely limits his autonomy.

18.5.    Extremely Tight Space: Inside the establishment, the space is very narrow due to the arrangement of tables and chairs. The lack of ample space makes wheelchair circulation nearly impossible. For Mr. Carlos, whose mobility is already compromised due to muscular dystrophy, maneuvering in such a confined space is extremely challenging and exhausting. This forces him to rely on others to move furniture or find a suitable spot, affecting his independence and his right to enjoy the space on equal terms.

18.6.    Counter Too High: The counter is too high, preventing people in wheelchairs from accessing that part of the establishment. For Mr. Carlos, this is not only a physical barrier but also a direct exclusion from the service and interaction experience. The lack of an accessible area puts him at a disadvantage, limiting his ability to communicate with staff and making him feel ignored within the space.

18.7.    Tables with Limited Space: The tables in the establishment do not provide enough room for a person in a wheelchair to sit comfortably. In Mr. Carlos' case, this

means that even if he manages to enter, he will not be able to position himself properly to enjoy his stay. The lack of accessible furniture forces him to remain in hallways or rely on others to rearrange the space for him, reinforcing his sense of exclusion and limiting his right to share the environment on equal terms.

18.8. To ensure that Mr. Carlos R. Ortiz can visit the establishment and enjoy his meal safely and comfortably, it is essential to implement solutions that eliminate architectural barriers both on the sidewalk and inside the venue. First, the lack of access ramps must be addressed by installing ramps with an appropriate slope at the entrances and exits of the sidewalk. These should comply with accessibility regulations, ensuring safe transit without the need for assistance. Planters and decorations that obstruct the passage must be strategically relocated to free up pedestrian space and allow for unobstructed movement. Additionally, it is advisable to establish a minimum circulation width to ensure the mobility of wheelchair users, especially those with motorized chairs, which require a larger turning radius. To prevent the sidewalk from being used as parking, clear signage must be installed and, if possible, physical elements such as bollards or railings should be placed to prevent vehicles from blocking access. This will ensure that the pedestrian pathway remains clear and safe for everyone. Regarding the narrow entrance door of the establishment, the ideal solution is to widen the access so that it meets accessibility standards, allowing wheelchairs to enter without difficulty. If the structure does not allow for this modification, a double-leaf door or an alternative mechanism that facilitates entry could be installed. Inside the establishment, the furniture arrangement should be adjusted to create wide and

clear aisles that allow wheelchair users to move freely. This involves reorganizing tables and chairs to ensure smooth passage without the need for complex maneuvers. The counter, being too high, can be modified by adding a lower accessible section, allowing people in wheelchairs to place and receive their orders comfortably without feeling excluded from the service space. Finally, tables should be adapted to allow wheelchair access. It is recommended to have tables with free space underneath, avoiding central supports that obstruct approach. It would also be useful to provide specific areas with adjustable or appropriately high tables to ensure a comfortable and inclusive experience. With these modifications, Mr. Carlos R. Ortiz will  to access and fully enjoy the establishment.

18.9.    Furthermore, the Municipality of Barranquitas has not only failed to enforce accessibility regulations but has also illegally issued use permits that allow Cafetalito to operate in an inaccessible manner. By authorizing a business surrounded by non-compliant sidewalks without access ramps, permitting planters that drastically reduce pedestrian passage width, and failing to prevent vehicles from parking on sidewalks, the Municipality has directly contributed to Mr. Ortiz's exclusion. The Municipality's negligence extends to allowing the establishment to maintain narrow entrance doors, extremely tight interior spaces, inaccessible high counters, and tables with inadequate clearance for wheelchair users. This pattern of inaction and improper permitting process demonstrates a systematic disregard for accessibility standards, reinforcing Mr. Ortiz's experience of discrimination, as he is consistently denied the ability to access and enjoy the

establishment on equal terms with other customers despite his muscular dystrophy requiring proper accommodation.

### *Responsibility of the Municipality of Barranquitas and Restaurante Li Kent Inc.*
### *Restaurante Li Kent, Inc*

19.    Mr. Carlos R. Ortiz is particularly interested in trying the food at Restaurant Li Kent, Inc., as he is a big fan of Chinese cuisine and has heard that this restaurant combines Chinese and Latin flavors, which greatly appeals to him. He knows that this establishment offers fat-free food with fresh vegetables, generous portions, and very affordable prices for a combination of rice, vegetables, and protein. Moreover, it is only a 9-minute drive from his home, making the possibility of visiting even more convenient. However, since December 2024, Mr. Ortiz has been aware of the accessibility barriers at Restaurante Li Kent, Inc. that hinder his mobility and place him in an uncomfortable and unequal situation. Although he had intended to visit in January and February 2025, he decided not to, anticipating the difficulties he would face due to these barriers. This has discouraged him and led him to postpone a visit he was really looking forward to.

20.    Nevertheless, Mr. Carlos R. Ortiz will go to Restaurante Li Kent, Inc. in three months to finally enjoy its unique culinary offering and savor the combination of Chinese and Latin flavors that attract him so much. Although the possibility of encountering the same barriers remains a concern, Mr. Ortiz wants to give himself the opportunity to visit the restaurant and see if improvements have been made to ensure fair and dignified access. His interest in the restaurant remains strong, driven by his love for well-prepared, healthy, and affordable food, but it is accompanied by constant emotional tension due to the uncertainty of not being able to fully enjoy the experience or feeling excluded because of the physical conditions of the environment. Despite these concerns, he has decided not to

give up on the idea of visiting, motivated by his desire to experience the food that so attracts him and enjoy that moment of peace he longs for. Mr. Carlos R. Ortiz is aware of the following barriers at Restaurante Li Kent, Inc:

20.1.    Sidewalks in Non-Accessible Conditions: Mr. Carlos Ortiz is aware that the sidewalks in front of Restaurant Li Kent, Inc are in poor condition, with cracks and inadequate maintenance. This creates serious mobility issues for Mr. Ortiz, who suffers from muscular dystrophy. The cracks and uneven surfaces make it difficult for him to move, causing significant physical pain and additional effort to avoid falls or injuries. Furthermore, the condition of the sidewalk forces him to make uncomfortable and strained maneuvers with his motorized wheelchair, which increases fatigue and physical stress. The lack of maintenance also exacerbates the situation, as Mr. Ortiz does not have a safe and accessible route to navigate, further limiting his independence and affecting his overall well-being.

20.1.1.    Mr. Carlos Ortiz is aware that the sidewalk in front of Restaurante Li Kent, Inc. is uneven, which presents a significant obstacle to his mobility. The uneven surface makes it difficult for him to move safely, causing discomfort and increasing the risk of falls. His condition, muscular dystrophy, prevents him from making adjustments to compensate for the unevenness, which adds extra strain to his movements. Navigating these uneven surfaces not only causes physical pain but also limits his independence and ability to move freely, further reinforcing the barriers that prevent him from fully participating in everyday activities.

20.1.2.    The Municipality holds direct responsibility for ensuring that sidewalks and public pathways are safe and accessible for all citizens, including those who require specific mobility support. In the case of Mr. Carlos Ortiz, the lack of maintenance, the presence of obstacles, and the absence of corrective action by the Municipality represent a failure that deeply affects his daily life. This inaction not only undermines his right to move safely and with dignity but also perpetuates a form of structural discrimination that limits his access to public spaces and restricts his full participation in the community.

20.2.    Narrow Entrance Door Requiring Effort to Open: The entrance door to the establishment is narrow, requiring significant effort to open, which becomes a major obstacle for Mr. Ortiz, who suffers from muscular dystrophy. This condition affects his muscle strength, so the difficulty in opening the door causes pain and additional strain in his arms, shoulders, and wrists. The lack of accessibility forces Mr. Ortiz to depend on others to enter, which not only limits his independence but also causes frustration. This barrier presents a physical challenge and creates emotional distress, as it constantly reminds him of the limitations imposed by his condition. The need for assistance to access the space reinforces his sense of exclusion and affects his dignity, as he cannot enjoy a public experience without depending on others.

20.3.    Narrow Aisles Due to Furniture Being Too Close Together: Inside the establishment, the aisles are too narrow because the furniture is placed too close together. For Mr. Ortiz, who uses a wheelchair, navigating these aisles becomes

an extremely difficult task. The lack of adequate space to maneuver causes him to exert significant physical effort, resulting in pain in his lower back, arms, and limbs, as he has to make forced or uncomfortable movements. This situation not only affects his comfort but also limits his freedom of movement, preventing him from enjoying the space as easily as other customers. Additionally, due to the lack of accessibility, his mother or companion must assist him constantly, increasing the physical and emotional exhaustion for both. Mr. Ortiz is forced to rely on his companion to navigate the obstacles, which amplifies his frustration and the loss of autonomy.

20.4.    Small and Inaccessible Green Chairs: The chairs in the establishment are small and lack the comfort and support necessary for a person with reduced mobility like Mr. Ortiz. These chairs do not allow Mr. Ortiz to sit comfortably or securely. The rigidity and size of the chairs prevent him from sitting properly, causing significant discomfort, particularly in his lower back, hips, and legs. This lack of appropriate seating not only limits Mr. Ortiz's ability to enjoy his meal or time in the establishment comfortably but also affects his emotional well-being, as he is unable to participate in such a simple activity without constant assistance. The constant need for help to adjust to the chairs or remain in an uncomfortable posture also affects his sense of independence and contributes to emotional distress.

20.5.    Metal Tables with a Barrier in the Middle Preventing Wheelchair Access: The tables in the establishment are made of metal and have a barrier in the middle that prevents Mr. Ortiz's wheelchair from accessing them properly. This physical

barrier forces Mr. Ortiz to maneuver in tight spaces, causing discomfort and pain, especially in his back, shoulders, and arms. The effort to position himself at the table is exhausting and creates muscle tension. Moreover, the lack of accessible space not only limits his ability to enjoy his meal independently but also generates an unpleasant and frustrating experience. The constant need for assistance to access the table and adjust his position adds emotional and physical strain on both Mr. Ortiz and his mother, who must accompany him and help him, further contributing to their fatigue.

20.6.   Counter Too High: The counter at the establishment is excessively high, preventing Mr. Ortiz, who uses a wheelchair, from being able to make a purchase independently. The counter does not have an accessible section that would allow a wheelchair user to approach comfortably for a transaction, forcing Mr. Ortiz to depend on others for assistance. The effort to reach the counter causes pain in his shoulders, back, and arms, making a simple task like paying a challenge. This barrier not only limits him physically but also affects his emotional well-being, as he cannot participate in the purchasing process independently. The constant need for assistance reinforces his sense of dependence and exclusion in the establishment, affecting his self-esteem and creating discomfort during his visit.

20.7.   To eliminate the barriers currently affecting Mr. Carlos Ortiz at Restaurant Li Kent, Inc. and its surroundings, an integrated approach must be adopted involving both the establishment and the Municipality of Barranquitas. As a first step, the municipality must urgently repair the deteriorated sidewalk, ensuring a stable and continuous surface, free from cracks and unevenness, and suitable for motorized

wheelchair navigation. Additionally, it is crucial to implement accessible routes, free from obstructions such as illegally parked vehicles, by placing physical deterrents and enforcing no-parking regulations. The entrance should be modified to include an accessible, automatic door that facilitates easy access without effort. Inside the establishment, the layout of the furniture should be reorganized to ensure wide and accessible aisles, free of obstacles, and replace tables and chairs with accessible options that allow Mr. Ortiz to sit comfortably and move independently. The payment counter should be modified to an accessible height, with sufficient knee clearance, enabling Mr. Ortiz to make his payment without needing assistance. These changes will not only eliminate the physical barriers that limit Mr. Ortiz's autonomy but also ensure his right to access and enjoy the establishment with dignity and equality.

20.8.   Furthermore, the Municipality of Barranquitas has failed to uphold accessibility standards and has effectively issued use permits allowing Restaurante Li Kent to operate despite numerous barriers that exclude Mr. Carlos R. Ortiz. By neglecting to maintain the sidewalks in front of the restaurant—which suffer from cracks, uneven surfaces, and poor upkeep—the Municipality has created hazardous and inaccessible routes that severely hinder Mr. Ortiz's mobility given his muscular dystrophy. Additionally, the Municipality has allowed the establishment to maintain a narrow entrance door that requires significant effort to open, narrow interior aisles caused by closely placed furniture, small and uncomfortable chairs unsuitable for persons with reduced mobility, metal tables with obstructive barriers that prevent proper wheelchair access, and an excessively high counter

without an accessible lowered section. These compounded conditions force Mr. Ortiz to rely on assistance, endure physical pain, and face emotional distress, as they deny him independent access and equal enjoyment of the restaurant's services. This ongoing pattern of disregard and improper use permitting by the Municipality not only exacerbates Mr. Ortiz's exclusion but also reflects a systemic failure to enforce accessibility regulations, reinforcing the discrimination he experiences daily despite his earnest desire to visit and enjoy the unique culinary offerings of Restaurante Li Kent, Inc

### ***Responsibility of the Municipality of Barranquitas and WTRR Restaurant LLC Ta-Kbron "Cocina Mexicana"***

21.    Mr. Carlos Ortiz is interested in visiting Ta-Kbron "Cocina Mexicana" because of its appealing culinary offerings and authentic atmosphere. He is particularly drawn to the Piña Colada, a drink that perfectly blends tropical freshness and flavor, ideal for enjoying while unwinding. He also has a special liking for the "Poco Loco" Nachos, a dish served with mixed meats, melted cheese, and pico de gallo, which is exactly the kind of flavorful and satisfying meal he looks for. However, Mr. Carlos Ortiz has been aware, since December 2024, of the architectural barriers present at Ta-Kbron "Cocina Mexicana," which has directly influenced his decision not to visit the place. Although he has wanted to go in both January and February of 2025, he has felt dissuaded by the challenges these barriers pose to his comfort and accessibility, which has been a determining factor in postponing his visit.

22.    Mr. Carlos Ortiz intends to return to Ta-Kbron "Cocina Mexicana" within the next three months, with the specific goal of trying the "Poco Loco" Nachos, a dish he finds particularly appealing due to its bold combination of flavors. However, he feels dissuaded

from doing so because of the continued presence of architectural barriers at the location, which remain a significant obstacle to his comfort and accessibility. The barriers are:

22.1.    Inaccessible Sidewalks: Mr. Carlos is aware that the sidewalk in front of the establishment is not in a functional condition for safe use. The level of deterioration is so severe that it renders the surface practically nonexistent, with eroded sections, deep cracks, and uneven areas that prevent safe travel with his power wheelchair. In addition, vehicles are frequently parked illegally along the sidewalk, blocking passage in areas where parking is not permitted. This combination of physical decay and obstruction forces him to divert into the street, exposing him to serious safety risks. Beyond the immediate danger, this situation increases the physical strain required to navigate unstable conditions and imposes significant emotional stress. The absence of a clear, accessible, and unobstructed route reinforces an experience of exclusion and vulnerability, undermining his autonomy and his right to move safely and with dignity in the area surrounding the establishment.

22.1.1.    Mr. Carlos is aware that the sidewalk in front of the establishment is in such a severe state of deterioration that it is practically nonexistent. Deep cracks, uneven surfaces, and completely eroded sections make it unusable as a proper access route. As a result, he is forced to travel along the roadway, exposing himself to traffic and unsafe conditions. Each attempt to navigate that area involves unstable movements, constant vibrations, and excessive physical strain to maintain control of his power wheelchair. The functional absence of the sidewalk seriously impacts his ability to

27

access the establishment safely and with dignity, turning what should be a simple path into a tense and hazardous experience.

22.1.2.  Mr. Carlos is aware that the sidewalk in front of the establishment is obstructed by vehicles parked in an area where parking is not permitted. This blockage prevents him from using the only available space that would allow him to approach the establishment in his power wheelchair. As a result, he is forced to divert into the street, placing himself in direct proximity to vehicular traffic and facing a constant risk to his physical safety. Navigating alternative routes not designed for his mobility increases the muscular effort required and imposes emotional strain, as he repeatedly encounters environments that disregard his right to accessibility. This situation not only physically blocks his path but also reinforces a message of exclusion and insecurity.

22.1.3.  Since the sidewalk leading to Ta-Kbron "Cocina Mexicana" is part of public infrastructure, the Commonwealth of Puerto Rico has a duty to maintain it in safe and accessible condition in accordance with current regulations. However, by allowing it to remain in poor condition—with uneven surfaces, obstructions, and inadequate width—barriers have been created that hinder Mr. Carlos's mobility. The lack of functional ramps at corners and the absence of accessible signage for crossings reflect a disregard for the obligation to provide usable routes for individuals with disabilities. This negligence prevents Mr. Carlos from accessing the restaurant safely, independently, and with dignity.

22.2.    Lack of Accessible Parking Spaces: Mr. Carlos is aware that the establishment's parking lot does not include accessible spaces that are properly marked, designated, or adapted. This absence presents an immediate challenge, as he must park in standard spots that do not provide the lateral clearance required for safely exiting with his power wheelchair. Without the additional space, he is forced to perform complex maneuvers involving repeated upper body movements, which place considerable physical strain on him due to his muscular condition. Moreover, the stress this causes before even entering the premises affects his emotional well-being and leads him to anticipate any visit with anxiety, knowing that the environment does not accommodate his most basic mobility needs.

22.3.    Lack of an Accessible Route from the Parking Area to the Main Entrance: Mr. Carlos is aware that there is no accessible route connecting the parking area to the main entrance of the establishment. This deficiency forces him to travel over uneven surfaces, inclines, or unmarked paths that severely hinder the effective use of his power wheelchair. This not only compromises his physical stability but also requires additional upper body effort to maintain control, which is both exhausting and painful. The prolonged strain translates into unnecessary muscular fatigue, increasing the risk of spasms, extreme exhaustion, and even injury. The lack of an accessible path from his vehicle to the main entrance acts as both a physical and psychological barrier, making him feel vulnerable, unwelcome, and exposed to potentially dangerous situations.

22.4.    Obstruction at the Main Entrance: Mr. Carlos is aware that a black mat placed at the main entrance of the establishment acts as a direct physical barrier. Although

seemingly harmless, the mat poses a real threat to his safety, as it can catch on the wheels of his power wheelchair, cause slippage, or become jammed, preventing forward movement or causing him to lose balance. Each attempt to overcome this obstacle carries the risk of tipping or falling, which—due to his reduced muscle strength and slower reflexes—could result in serious harm or damage to his equipment. Furthermore, the constant need to be on alert and correct his path to navigate such a basic obstruction generates frustration and mental strain, reducing his confidence in moving about independently. Far from a minor detail, this experience deeply impacts his sense of safety and dignity when trying to enter the establishment.

22.5.    Reduced Circulation Space: Mr. Carlos is aware that the circulation space inside the establishment is limited due to the arrangement of tables, chairs, cleaning equipment, plants, and decorative items. This layout restricts the passage of his power wheelchair, forcing him to perform tight turns and complex maneuvers in narrow areas. Each additional movement requires physical effort that intensifies strain on his torso and limbs. Constant contact with obstacles puts his stability and the integrity of his mobility device at risk. This condition affects his autonomy in moving through the space and creates a frustrating experience, as the environment imposes unnecessary limitations on his freedom of movement.

22.6.    Customer Service Counter Too High: Mr. Carlos is aware that the customer service counter is set at a height that prevents comfortable interaction from his power wheelchair. The height difference forces him to raise his arms above his natural comfort level, causing pain and muscle stiffness. This strained posture

hinders his ability to communicate effectively and limits access to basic services such as receiving assistance, submitting documents, or placing orders. The configuration of the counter denies him equal interaction and reinforces an experience of exclusion, where his needs for direct communication are not considered.

22.7.    Front Area of the Customer Service Counter Obstructed by Mat: Mr. Carlos is aware that the front area of the customer service counter is obstructed by a black mat with an uneven surface, lifted edges, or poor placement. This mat directly interferes with the movement of his power wheelchair, creating resistance, abrupt shifts, and misalignment. The ongoing friction and obstacles beneath the wheels add physical strain to his body and make it difficult for him to approach safely. This situation affects his ability to position himself properly in front of the counter, disrupting direct access to service and imposing a barrier that compromises his independence and comfort during the interaction.

22.8.    Customer Service Counter Without Sufficient Clearance: Mr. Carlos is aware that the customer service counter lacks the necessary knee clearance underneath to allow front-facing access from his power wheelchair. The absence of this space prevents him from approaching the counter directly, forcing him to position himself sideways or remain at a distance that compromises his comfort and ability to interact effectively. This limitation requires compensatory movements involving his torso and arms, which lead to muscle strain and physical discomfort. Additionally, this configuration denies him the opportunity for clear, equal

communication and reinforces an experience where his accessibility needs are not addressed, directly impacting his independence within the establishment.

22.9.    To ensure safe, dignified, and full access for Mr. Carlos Ortiz to Ta-Kbron "Cocina Mexicana," a series of comprehensive solutions must be implemented to address all existing architectural and urban barriers that currently dissuade him from visiting the establishment. These measures would not only enhance his personal experience but also reflect a commitment to equity, inclusion, and institutional responsibility. First, the Municipality of Barranquitas must urgently intervene to rehabilitate the sidewalk in front of the establishment. The current state of severe deterioration—with eroded sections, deep cracks, and uneven surfaces—must be replaced with a continuous, level sidewalk built with appropriate materials for safe power wheelchair use. This infrastructure should include ramps with proper slopes and non-slip surfaces. Additionally, the municipality must enforce regulations to prevent illegal parking that obstructs pedestrian pathways. Clearly marked no-parking zones and effective enforcement are necessary to ensure the sidewalk remains unobstructed and safe. The establishment's parking lot must also be adapted to include at least one accessible parking space. This space should be clearly marked, sufficiently wide to accommodate side-entry with a power wheelchair, and equipped with vertical and ground signage. It must be connected to the main entrance via an accessible route that is level, free of steps, stable, and wide enough to ensure smooth and independent travel from the vehicle to the entrance. The main entrance requires immediate attention, beginning with the removal of the black mat that currently

serves as a physical barrier. It should be replaced with a fixed, level, and safe surface that does not interfere with wheelchair movement. Additionally, the entrance should be examined and modified as needed to eliminate any thresholds or physical interruptions that hinder autonomous access. Inside the establishment, furniture must be rearranged to provide ample and unobstructed circulation space. Tables, chairs, decorative items, and equipment should be strategically placed to allow safe maneuvering in a power wheelchair, avoiding tight turns or blocked paths that compromise mobility. As for the customer service area, the counter must either be lowered or include an alternative section at an accessible height, allowing Mr. Carlos to engage with staff face-to-face without raising his arms above his natural comfort level. Sufficient knee clearance underneath the counter must be ensured to allow for proper front-facing access, and any poorly placed mats or objects that obstruct approach must be removed. These interventions, though specific, would have a profound impact on Mr. Carlos's daily life. They are not merely physical adjustments—they represent a commitment to recognizing and respecting his right to equal access, mobility, and participation. Effectively implementing these solutions would eliminate the barriers that currently exclude him and open the door to a safe, welcoming, and fully enjoyable dining experience at Ta-Kbron "Cocina Mexicana."

22.10.  The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow Ta-Kbron "Cocina Mexicana" to operate with numerous barriers that exclude Mr. Carlos R. Ortiz. By neglecting the maintenance of sidewalks in front of the restaurant—deteriorated with deep

cracks, uneven surfaces, and completely eroded sections—the Municipality has created hazardous and inaccessible routes that severely hinder Mr. Ortiz's mobility due to his muscular condition. Additionally, the Municipality has allowed the Ta-Kbron "Cocina Mexicana" to maintain a parking lot without properly marked accessible spaces, absence of accessible routes from the parking area to the main entrance, obstructions such as black mats at the entrance that pose risks to his power wheelchair, reduced circulation spaces due to the arrangement of tables and chairs, and an excessively high service counter without the necessary clearance for frontal approach. These conditions force Mr. Ortiz to rely on assistance, endure physical pain, and face emotional distress, denying him independent access and equal enjoyment of the restaurant's services, especially the "Poco Loco" Nachos he so wishes to try. This ongoing pattern of negligence and improper use permitting by the Municipality not only exacerbates Mr. Ortiz's exclusion but also reflects a systemic failure to enforce accessibility regulations, reinforcing the discrimination he experiences daily despite his sincere desire to visit and enjoy the unique culinary offerings of Ta-Kbron "Cocina Mexicana.

### *Responsibility of the Commonwealth of Puerto Rico, Municipality of Barranquitas and SZ Bakery LLC*
### *Kmilas Bakery Barranquitas*

23. Mr. Carlos Ortiz is particularly interested in visiting Kmilas Bakery Barranquitas, drawn by his well-known appreciation for quality coffee—one that not only awakens the senses but also accompanies moments of reflection and pause. He enjoys a strong espresso or a smooth Americano, depending on the mood of the day, always valuing the balance of aroma, body, and flavor. For him, each cup is a small ritual, and everything suggests that he can find that kind of experience there. In addition, his preference for dishes with

character and thoughtful preparation leads him to take interest in options like the Cuban sandwich, with its combination of roasted pork, smoked ham, pickles, mustard, and gratinéed Swiss cheese—a blend that stirs the appetite from the very description. The Chicken Bacon Ranch is also a tempting choice, featuring juicy chicken breast, crispy bacon, creamy ranch dressing, mixed greens, and fresh tomato. However, since December 2024, Mr. Carlos Ortiz has been aware of architectural barriers at Kmilas Bakery Barranquitas that make him feel dissuaded from visiting the establishment. Although he has wanted to go in both January and February of 2025, he has not done so precisely because of these accessibility limitations, which pose a significant obstacle to his experience. This situation has directly influenced his decision, despite his genuine interest in discovering and enjoying the bakery's culinary offerings.

24.    Mr. Carlos Ortiz intends to visit Kmilas Bakery Barranquitas within the next five months with a specific purpose: to try the Cuban sandwich, one of the menu items that has particularly caught his attention. However, despite this clear interest, he currently feels dissuaded by the presence of architectural barriers he is already aware of, which continue to pose a challenge to making his visit a reality. The barriers that Mr. Carlos is aware of at Kmilas Bakery Barranquitas are:

24.1.    Sidewalks in Non-Accessible Conditions: Mr. Carlos Ortiz is aware that the sidewalks in front of Kmilas Bakery Barranquitas present multiple conditions that severely limit their accessibility. These include deteriorated pavement with cracks, uneven surfaces, potholes, and water seepage; complete interruptions of the path due to collapsed ground and overgrown vegetation; as well as constant obstructions caused by vehicles parked on the sidewalk. These factors directly

35

affect his mobility, as he uses a motorized wheelchair and requires stable, continuous, and unobstructed surfaces to move safely. The irregular terrain forces him to proceed with extreme caution, causing jolts that result in physical discomfort and increase the risk of mechanical damage to his chair. Complete interruptions force him to stop or take alternate routes, a process that demands significant physical and mental effort, while parked vehicles expose him to dangerous situations as he is forced to move dangerously close to the street. The combination of these obstacles places a constant physical and emotional burden on him, dissuading him from visiting the location and limiting his autonomy and ability to enjoy places that interest him.

24.1.1.  Mr. Carlos is aware that the sidewalk in front of Kmilas Bakery Barranquitas is deteriorated, showing cracks, potholes, uneven ground, and water seepage. These conditions turn his journey into an exhausting ordeal, as he relies on a motorized wheelchair to get around. The uneven terrain forces him to move with extreme caution and at a very slow pace, since the potholes and cracks cause intense jolts that not only result in considerable physical discomfort but also pose a serious risk of damaging his wheelchair—potentially leaving him immobilized. In addition, the unstable surface undermines his sense of control over his equipment, placing him at constant risk of losing balance and suffering a fall. The physical strain of navigating this stretch, combined with the frustration and stress of facing such a hostile path, overwhelms him and drains his energy for the rest of his daily activities.

24.1.2.    Mr. Carlos is aware that the sidewalk in front of Kmilas Bakery Barranquitas is interrupted, where the surface flow comes to a complete stop due to extreme deterioration and overgrown weeds that cover the area, rendering it absolutely impassable. This barrier hits him hard, as his motorized wheelchair becomes useless on a terrain overtaken by vegetation and in ruins, abruptly cutting off any possibility of moving forward. The interruption forces him to stop or search for alternate routes, a process that results in overwhelming physical fatigue and a heavy mental burden from having to constantly replan his path. This obstacle not only pushes his frustration to the limit but also cruelly robs him of his independence, restricting his access to the places he needs or wants to reach and leaving him with a profound sense of helplessness.

24.1.3.    Mr. Carlos is aware that the sidewalk in front of Kmilas Bakery Barranquitas is blocked by the constant coming and going of vehicles, as the outside area has been designated as an illegal parking zone. This obstruction affects him in a devastating way, stripping him of the freedom to travel with his motorized wheelchair and forcing him to maneuver with great difficulty between cars or stop completely when the path is blocked. The additional physical effort required to navigate around these obstacles leaves him exhausted and tense, while the lack of space puts him in constant danger, as he's often forced to move dangerously close to the street—where a single misstep could be fatal. The frustration of having to deal with this barrier overwhelms him, and the constant sense of insecurity

undermines his confidence, making it even harder for him to enjoy his basic right to move freely without fear or interruption.

24.1.4.    The Commonwealth of Puerto Rico holds direct responsibility for ensuring that sidewalks and public pathways are safe and accessible for all citizens, including those who require specific mobility support. In the case of Mr. Carlos Ortiz, the lack of maintenance, the presence of obstacles, and the absence of corrective action by the Commonwealth of Puerto Rico represent a failure that deeply affects his daily life. This inaction not only undermines his right to move safely and with dignity but also perpetuates a form of structural discrimination that limits his access to public spaces and restricts his full participation in the community.

24.2.    No Accessible Route from Parking to Main Entrance: Mr. Carlos Ortiz is aware that there is no accessible route from the parking area to the main entrance of Kmilas Bakery Barranquitas, as parked vehicles obstruct the pathway and make it excessively narrow. This situation seriously affects him, as his motorized wheelchair cannot pass through such a restricted and blocked space, leaving him trapped or forcing him to look for impossible alternatives. The physical effort required to try to maneuver in such a tight area leaves him completely exhausted, while the inability to move forward puts him at risk by leaving him near moving vehicles. This barrier deeply frustrates him, undermining his autonomy and making the simple act of reaching the entrance feel like an unattainable task, which generates an overwhelming sense of exclusion.

24.3.    Inaccessible Tables: Mr. Carlos Ortiz is aware that the tables at Kmilas Bakery Barranquitas are inaccessible due to a lower bar at the base, which prevents proper approach. This design significantly affects him, as his motorized wheelchair cannot be positioned correctly under the tables, leaving him without a functional place to enjoy his meal or take a break. The inability to get close forces him to remain in an awkward and distant position, causing physical discomfort from having to maintain strained postures and additional fatigue from not being able to integrate into the space. The frustration of not being able to use the tables like any other customer overwhelms him, affecting his experience and making him feel marginalized in a place that should be welcoming.

24.4.    Inaccessible Chairs: Mr. Carlos Ortiz is aware that the chairs at the service and transaction counters at Kmilas Bakery Barranquitas are inaccessible due to their height. This barrier impacts him severely, as the elevation of the chairs prevents him from approaching or interacting comfortably from his motorized wheelchair, leaving him excluded from completing transactions or receiving assistance directly. The physical effort required to try to adapt to this height tires him immensely, while the inability to participate on equal terms puts him in a vulnerable and risky situation by preventing effective communication. The powerlessness and stress caused by this limitation overwhelm him, stripping away the dignity of being served without complications and affecting his confidence in the establishment.

24.5.    High Counters: Mr. Carlos is aware that the service and transaction counters at Kmilas Bakery Barranquitas are excessively high. This excessive height severely

affects him, as from his motorized wheelchair he cannot reach or comfortably interact with the staff, leaving him practically isolated during the service or payment process. The physical effort required to try to raise himself or stretch exhausts him and causes unbearable strain, while the inability to fully participate exposes him to a humiliating and risky situation by depending on others to complete basic tasks. The frustration of facing this barrier overwhelms him, undermining his independence and making him feel excluded from an experience that should be simple and dignified.

24.6.    Counters Without Depth: Mr. Carlos is aware that the service and transaction counters at Kmilas Bakery Barranquitas lack adequate depth to allow proper approach. This limitation hits him hard, as his motorized wheelchair cannot get close enough to carry out transactions or receive service effectively, leaving him at an uncomfortable and functionally useless distance. Attempting to get closer forces him to maneuver in a tight space, causing intense physical fatigue and a constant sense of insecurity from not having full control of his equipment. This obstacle pushes his frustration to the limit, robbing him of the ability to interact normally and plunging him into stress that deeply affects his well-being.

24.7.    Counters Without Accessible Front Space: Mr. Carlos is aware that the front space of the service and transaction counters at Kmilas Bakery Barranquitas is obstructed by a bar placed at the lower part of the counter, as well as by chairs, preventing full access. This barrier seriously harms him, as his motorized wheelchair cannot move forward or position itself properly due to the obstacles, leaving him completely blocked and without access to the service area. The

physical effort to try to navigate around the bar and chairs leaves him exhausted and exposed to risks, while the inability to approach condemns him to a degrading experience by not being able to carry out transactions independently. The helplessness and mental exhaustion caused by this situation overwhelm him, stripping away the confidence and peace of mind he deserves when visiting the establishment.

24.8.   Narrow Circulation Space: Mr. Carlos is aware that the circulation space inside Kmilas Bakery Barranquitas is too narrow due to the arrangement of tables and chairs, which are placed too closely together, further obstructing the aisles. This situation affects him in a devastating way, as his motorized wheelchair cannot move freely through such a cramped and cluttered area, forcing him to maneuver with extreme difficulty or come to a complete stop. The physical effort required to try to move through the obstacles deeply exhausts him, while the risk of bumping into things or getting stuck places him in a constant state of tension and insecurity. The frustration of not being able to move without restrictions overwhelms him, limiting his ability to enjoy the place and leaving him with an exhausting sense of confinement that completely undermines his experience.

24.9.   Restrooms Without Universal Accessibility Signage: Mr. Carlos is aware that the restrooms at Kmilas Bakery Barranquitas lack universal accessibility signage. This absence seriously affects him, as he has no clear or quick way of identifying whether the restroom is designed to allow him to enter and use it with his motorized wheelchair, forcing him to either take a risk or rely on others for information. The uncertainty causes him intense stress and mental strain just to

plan something so basic, while the possibility of encountering an inadequate space exposes him to an uncomfortable and potentially dangerous situation. The confusion caused by this lack of clarity overwhelms him, making him question whether it's even worth visiting the establishment and affecting his confidence and his right to dignified, hassle-free access.

24.10.  To eliminate the barriers that currently prevent Mr. Carlos Ortiz from accessing and enjoying Kmilas Bakery Barranquitas, a series of comprehensive and inclusive measures must be urgently implemented. The first priority should be the reconstruction and ongoing maintenance of the sidewalks surrounding the establishment. This includes repairing cracks and potholes, leveling uneven surfaces, removing overgrown vegetation, ensuring proper drainage to avoid water seepage, and implementing clear signage and tactile guides. Additionally, strict enforcement is needed to prevent vehicles from parking on sidewalks, which not only obstructs passage but puts individuals like Mr. Ortiz at risk by forcing them dangerously close to traffic. An accessible route from the parking area to the entrance must be established, free of obstructions and with enough clearance for a motorized wheelchair to move without difficulty. This can be achieved by reconfiguring the parking layout, installing curb cuts, and marking designated accessible paths with high-contrast, anti-slip materials. At the entrance, the doorway should offer automatic or easy-to-open access and a threshold that is flush with the ground to prevent tipping or jolts for wheelchair users.Inside the bakery, the space should be rearranged to allow comfortable circulation. Tables and chairs should be spaced widely enough to accommodate wheelchairs, and at

least some tables should be designed with knee clearance and without obstructive lower bars. Counter heights must be lowered or accompanied by a clearly designated accessible section with proper depth and front space clearance to allow a full and dignified interaction. Fixed chairs at service areas should be removed or replaced with flexible seating arrangements that allow someone in a wheelchair to approach without barriers. Restrooms must also be addressed. Installing clear and universally recognized accessibility signage will reduce uncertainty and stress. The interior of at least one restroom must comply with ADA or universal design standards, ensuring space for wheelchair maneuvering, grab bars, and fixtures at appropriate heights. Staff should also be trained to offer respectful and informed assistance when needed. These modifications not only uphold Mr. Ortiz's right to accessibility and dignity but also promote an inclusive environment that benefits all patrons, including elderly individuals, parents with strollers, and anyone with temporary mobility limitations. By investing in these changes, Kmilas Bakery Barranquitas and the local municipality would demonstrate a meaningful commitment to equity, community integration, and human rights.

24.11. The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow Kmilas Bakery Barranquitas to operate with numerous barriers that exclude Mr. Carlos R. Ortiz. By neglecting the maintenance of sidewalks in front of the bakery—deteriorated with cracks, potholes, uneven ground, water seepage, and areas completely interrupted by extreme deterioration and overgrown weeds—the Municipality has created hazardous and inaccessible routes that severely hinder Mr. Ortiz's mobility with

his motorized wheelchair. Additionally, the Municipality has allowed the establishment to maintain no accessible route from the parking area to the main entrance due to obstructing vehicles, inaccessible tables with lower bars at the base preventing proper approach, inaccessible high chairs at service counters, excessively high transaction counters without adequate depth, front counter spaces obstructed by bars and chairs, narrow circulation spaces due to closely arranged furniture, and restrooms without universal accessibility signage. These conditions force Mr. Ortiz to rely on assistance, endure physical pain, and face emotional distress, denying him independent access and equal enjoyment of the bakery's services. This ongoing pattern of negligence and improper use permitting by the Municipality not only exacerbates Mr. Ortiz's exclusion but also reflects a systemic failure to enforce accessibility regulations, reinforcing the discrimination he experiences daily despite his desire to visit and enjoy the offerings of Kmilas Bakery Barranquitas.

### *Responsibility of the Municipality of Barranquitas and Panaderia y Reposteria High Bakery Inc. - Panaderia y Reposteria High Bakery*

25.  Mr. Carlos Ortiz is interested in visiting Panadería y Repostería High Bakery, driven by his appreciation for the artisanal desserts offered there, which he finds especially appealing due to their variety and presentation. Since November 2024, he has been aware of architectural barriers at the establishment that directly impact his access. Although he has wanted to visit in March and April of 2025, he feels dissuaded from doing so because these barriers remain in place, compromising both his comfort and safety when attempting to enter and move within the location.

26.    Mr. Carlos Ortiz intends to return to Panadería y Repostería High Bakery within the next two months, with the specific goal of trying one of the chocolate desserts that has particularly caught his attention due to its texture and presentation. However, he feels dissuaded from doing so because of the continued presence of architectural barriers at the establishment, which still affect his access and mobility. This situation prevents him from following through with his visit, despite his genuine interest in enjoying the bakery's culinary offerings. The barriers are:

26.1.    Inaccessible Sidewalks: Mr. Carlos is aware that the sidewalk in front of Panadería y Repostería High Bakery, is effectively unusable due to a combination of advanced deterioration and frequent illegal vehicle parking. The surface is marked by deep cracks, uneven areas, and a lack of clear demarcation, making it unsafe for navigation with his power wheelchair. At the same time, vehicles parked in prohibited zones block what little space remains, leaving no viable pedestrian route. As a result, he is forced to move onto the street, exposing himself to traffic and serious safety hazards. This situation demands constant physical effort to maintain control of his wheelchair and creates significant emotional stress. The failure to ensure a safe, accessible path not only endangers his physical well-being but also reinforces his exclusion from public space, violating his right to mobility and dignity.

26.1.1.    Mr. Carlos is aware that the sidewalk in front of Panadería y Repostería High Bakery is in an advanced state of deterioration, with deep cracks, an uneven surface, and no clear demarcation. These conditions make the sidewalk unsafe for travel with his power wheelchair, forcing him to

perform risky maneuvers to maintain balance and avoid damage to his mobility device. Each stretch he attempts to navigate requires additional physical effort, causes constant vibrations, and results in significant muscular strain. This situation compromises his personal safety, limits his autonomy, and turns a basic path into a physically and emotionally exhausting experience.

26.1.2. Mr. Carlos is aware that the sidewalk in front of the establishment is frequently obstructed by vehicles parked illegally in areas where parking is not permitted. This obstruction completely blocks the pathway, preventing him from using the only available pedestrian space to access the location. Unable to use the sidewalk, he is forced to travel along the street, putting himself in direct proximity to moving traffic. This not only poses a serious threat to his physical safety but also reinforces an experience of exclusion and vulnerability, as he is faced with an environment that disregards his right to safe and unobstructed accessibility.

26.1.3. The Municipality of Barranquitas has the responsibility to ensure that sidewalks are safe and accessible. However, its inaction in the face of widespread deterioration and obstruction of these spaces has forced Mr. Carlos to constantly risk his safety by traveling on the street. Despite being aware of these barriers, the municipality has failed to take effective measures, compromising not only his physical well-being but also reinforcing his exclusion from the urban environment. This institutional

neglect perpetuates a form of discrimination that limits his autonomy and undermines his right to mobility and dignity.

26.2.    Obstructed Main Entrance: Mr. Carlos is aware that the main entrance of Panadería y Repostería High Bakery features a floor mat with an uneven surface that interferes with safe entry into the establishment. This mat disrupts the movement of his power wheelchair by creating resistance, misalignment, and potential wheel entanglement. Each attempt to cross it requires additional maneuvers, increasing strain on his torso and limbs, and creating a constant sense of instability. This barrier compromises his safety at the very point of entry, affecting his confidence and his ability to enter the bakery independently and without risk.

26.3.    High Counters: Mr. Carlos is aware that the transaction and customer service counters inside the establishment are set at a height that prevents comfortable interaction from his power wheelchair. This layout forces him to stretch beyond his natural comfort level, causing muscle pain and fatigue, and making both communication and transactions more difficult. The excessive height of the counters creates a vertical barrier that limits his autonomy, restricts access to services, and reinforces an experience in which his accessibility needs are not considered, effectively excluding him from equitable interaction with staff.

26.4.    Counters with Blocked Front Access: Mr. Carlos is aware that a row of chairs placed directly in front of the service counters completely blocks front-facing access. This obstruction prevents him from positioning himself properly at the counter, forcing him to approach from awkward angles or stay at a distance that

compromises his ability to interact. The lack of clear space in front of the counters denies him the necessary room to approach in his power wheelchair, resulting in a frustrating experience filled with unnecessary physical strain and emotional discomfort. The absence of unobstructed front access interferes with his right to receive direct service and reinforces a barrier that impacts his independence and participation in the establishment.

26.5.    Counters Without Adequate Depth: Mr. Carlos is aware that the counters inside the establishment lack the necessary under-space to allow front-facing access with his power wheelchair. The absence of this depth forces him to position himself sideways or remain at a distance that hinders direct interaction with staff. This limitation affects his comfort, requiring torso and arm movements that cause physical strain. Furthermore, the lack of an inclusive design in this area reinforces his sense of exclusion by preventing him from participating on equal terms in a key point of customer service.

26.6.    Tables Inaccessible Due to Base Design: Mr. Carlos is aware that the tables available at Panadería y Repostería High Bakery feature a structural base with bars and supports that prevent him from approaching with his power wheelchair. This design obstructs his ability to position himself comfortably for dining or socializing, limiting his opportunity to fully enjoy the experience. This physical barrier not only restricts his access to the furniture, but also denies him a moment of meaningful participation in the space, directly affecting his independence and comfort.

26.7.    Inaccessible Circulation Space: Mr. Carlos is aware that the interior layout of the establishment—including the arrangement of tables, chairs, and other elements—creates narrow aisles that make it difficult to navigate. This configuration forces him to perform constant maneuvers in tight spaces, which requires significant physical effort and increases the risk of collisions or being blocked. The lack of adequate circulation space limits his freedom of movement inside the venue, affecting his autonomy and creating a frustrating experience in an environment that fails to accommodate his mobility needs.

26.8.    To ensure safe, dignified, and full access for Mr. Carlos Ortiz at Panadería y Repostería High Bakery, it is essential to implement a comprehensive set of solutions to eliminate the physical barriers that currently limit his mobility and participation. These actions would not only enhance his individual experience but also reflect a genuine commitment to inclusion and the respect of accessibility rights. In the exterior surroundings of the establishment, the Municipality of Barranquitas must urgently intervene to fully rehabilitate the sidewalk. At present, it is in an advanced state of deterioration, with deep cracks, uneven surfaces, and a complete lack of clear demarcation, making safe travel in a power wheelchair impossible. The sidewalk must be reconstructed using durable, level, and non-slip materials, and include properly sloped access ramps. In addition, measures must be implemented to prevent illegal parking on the sidewalk. Clearly marked no-parking zones, visible vertical and horizontal signage, and consistent enforcement are essential to ensure the pedestrian pathway remains open and safe for individuals with mobility impairments like Mr. Carlos. Regarding the entrance

to the establishment, the uneven floor mat that currently obstructs the main entry must be removed. It should be replaced with a fixed, level material that ensures stability for wheelchair users as they enter. The entrance area must remain completely free of additional obstacles and be designed to allow smooth access without sudden changes in elevation or risks of tipping. Inside the establishment, a full reorganization of the layout is required. The current arrangement of tables, chairs, and decorative elements must be adjusted to create wider aisles that allow for easy and unobstructed navigation. This also includes removing the row of chairs placed in front of the service counters, which currently blocks proper front-facing access. Additionally, the customer service counters must be modified to meet accessibility standards. At least one section of the counter should be lowered to an accessible height, allowing Mr. Carlos to engage face-to-face and at eye level with staff without the need to stretch or assume uncomfortable postures. This section must also include adequate under-counter clearance so that his power wheelchair can fit properly underneath, ensuring direct and barrier-free service interactions. The tables in the dining area also require changes. Their current design, with structural bars and support elements at the base, prevents Mr. Carlos from positioning his wheelchair comfortably. These should be replaced with centrally supported or side-leg tables that allow him to sit with ease and fully participate in the dining experience. All of these changes are essential for Mr. Carlos Ortiz to exercise his right to mobility and participation on equal terms. Accessibility must not be seen as an optional feature, but rather as a basic condition that ensures all members of the community can enjoy public and

commercial spaces without barriers or exclusion. Implementing these changes at Panadería y Repostería High Bakery would represent not only a significant improvement in infrastructure, but also an act of justice and respect toward individuals who face mobility challenges in their everyday lives.

26.9.    The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow Panadería y Repostería High Bakery to operate with numerous barriers that exclude Mr. Carlos Ortiz. By neglecting the maintenance of sidewalks in front of the bakery—in an advanced state of deterioration with deep cracks, uneven surfaces, and no clear demarcation—the Municipality has created hazardous and inaccessible routes that severely hinder Mr. Ortiz's mobility with his power wheelchair. Additionally, the Municipality has permitted illegal vehicle parking in prohibited zones that block what little pedestrian space remains, forcing Mr. Ortiz to travel dangerously in the street. The Municipality has also allowed the establishment to maintain an obstructed main entrance with an uneven floor mat that interferes with safe entry, excessively high transaction and customer service counters, service counters with blocked front access due to rows of chairs, counters without adequate under-space for front-facing approach, tables with structural bases featuring bars and supports that prevent proper wheelchair approach, and an interior layout with narrow aisles that restrict movement. These conditions force Mr. Ortiz to rely on assistance, endure physical strain, and face emotional distress, denying him independent access and equal enjoyment of the bakery's services, especially the chocolate desserts he wishes to try. This ongoing pattern of negligence and improper use permitting by the

Municipality not only exacerbates Mr. Ortiz's exclusion but also reflects a systemic failure to enforce accessibility regulations, reinforcing the discrimination he experiences daily despite his sincere desire to visit and enjoy the culinary offerings of Panadería y Repostería High Bakery.

### *Responsibility of The Commonwealth of Peurto Rico, the Municipality of Barranquitas, Centro Comercial San Cristobal De Barranquitas, Inc. -Plaza San Cristobal and Satinarab, LLC -Econo Barranquitas*

27.    Mr. Carlos R. Ortiz Rodríguez, a frequent visitor to shopping centers in the area, has been eager to visit Plaza San Cristobal since February 2025 after learning about its vibrant atmosphere, diverse retail options, and particularly its well-stocked Econo supermarket, known for carrying hard-to-find Puerto Rican pantry staples like ajíes dulces and sofrito fresco, which he regularly purchases for family gatherings, and its seasonal offerings—especially the sweet and juicy mangoes available between June and July. The plaza's reputation for hosting lively cultural events and its convenient location make it a preferred destination for his monthly grocery trips, and he plans to visit in late June 2025 to stock up ahead of family reunions.

28.    However, after becoming aware in February 2025 of significant architectural barriers at the shopping center, Mr. Ortiz feels actively discouraged from attempting the visit. The knowledge that he would face obstacles in navigating the premises independently—despite his strong desire to explore the plaza's unique offerings—has left him with no choice but to forgo the trip altogether until accessibility improvements are made. The barriers that prevent him from accessing the facility are:

28.1.    Obstacles on the Sidewalks Surrounding Plaza San Cristobal and Lack of Proper Ramp Markings: Mr. Ortiz, who depends on a motorized wheelchair for long distances, faces numerous challenges when navigating the sidewalks surrounding

Plaza San Cristobal. The narrow and unmarked ramps at the corners and the deteriorated sidewalks with cracks and overgrown grass pose significant barriers that impede his ability to safely and independently approach the stores. These accessibility issues not only create physical obstacles but also discourage Mr. Ortiz from visiting the plaza, as he encounters numerous difficulties that affect his comfort and mobility. Below, we outline the specific barriers that prevent him from accessing the area freely.

28.1.1.    The ramps at the corners of the sidewalks surrounding Plaza San Cristobal are too narrow and unmarked, which significantly complicates Mr. Ortiz's ability to navigate the area. Due to his reliance on a motorized wheelchair for long distances, these ramps become difficult to use, and he must struggle to maneuver through tight spaces. Mr. Ortiz cannot independently access these ramps because they do not provide adequate space or clear markings, forcing him to seek alternative routes and relying on others for assistance.

28.1.2.    The sidewalks around Plaza San Cristobal, particularly those adjacent to PR-156, are in poor condition with large cracks and overgrown grass. These irregularities in the surface create obstacles that hinder Mr. Ortiz's movement, making it difficult for him to navigate the area with his motorized wheelchair. He must proceed cautiously to avoid being caught in the grass or encountering sudden stops caused by the cracks, limiting his ability to reach the stores independently.

28.1.3.    Since these sidewalks and sidewalk ramps are part of the public infrastructure, the Commonwealth of Puerto Rico bears responsibility for maintaining them and ensuring they are accessible for individuals like Mr. Ortiz. The failure to address these barriers significantly limits Mr. Ortiz's ability to independently access the area, and it is the Commonwealth's duty to make the necessary repairs and improvements to allow for safe and accessible travel.

28.1.4.    To resolve the accessibility issues on the sidewalks surrounding Plaza San Cristobal, the Commonwealth of Puerto Rico must ensure that all ramps are properly marked and widened to provide sufficient space for Mr. Ortiz's motorized wheelchair. Additionally, the Commonwealth must address the deteriorated sidewalks by repairing cracks and clearing overgrown grass, providing a smooth, unobstructed path for Mr. Ortiz to navigate safely and independently.

28.2.    Responsibility of Centro Comercial San Cristobal De Barranquitas, Inc.-Plaza San Cristobal: The accessibility barriers present at Plaza San Cristobal fall under the responsibility of the mall's management. By failing to address basic accessibility requirements, Plaza San Cristobal has significantly limited Mr. Ortiz's ability to navigate the premises safely and independently. As someone who relies on a motorized wheelchair for mobility, Mr. Ortiz faces substantial challenges each time he attempts to visit the mall. The accessible parking spaces provided are insufficient in number, poorly located, and lack proper signage—conditions that force him to park farther away and spend unnecessary time and effort locating

appropriate access points. The worn and poorly placed signage makes it difficult to identify accessible spaces, increasing the risk that non-disabled drivers will occupy them. Moreover, the positioning of the accessible spaces—far from certain store entrances—further undermines his ability to move through the shopping center with autonomy. These deficiencies not only compromise Mr. Ortiz's safety and comfort but also contribute to a broader sense of exclusion by denying him equal access to the goods and services available within the plaza. The barriers that Mr. Ortiz encountered at Plaza San Cristobal include:

28.2.1.  Inadequate Accessible Parking Spaces: The accessible parking spaces at Plaza San Cristobal are insufficient in number, failing to meet the needs of individuals with mobility impairments like Mr. Ortiz. This lack of accessible spaces forces him to find alternative parking options, creating unnecessary challenges and inconveniences. As a person who relies on a motorized wheelchair for long distances, this shortage significantly limits his ability to visit the stores comfortably and independently.

28.2.2.  Poor Signage: Furthermore, the sign marking the accessible parking spaces at Plaza San Cristobal is placed too low and is excessively worn, making it nearly impossible to read. This lack of clear, visible signage makes it difficult for Mr. Ortiz to identify the designated spots from a distance when arriving by car. Additionally, the unclear signage increases the likelihood that other customers will park in those spaces, further limiting Mr. Ortiz's ability to access the stores and creating unnecessary obstacles for him. The lack of clear and visible signage creates confusion,

adding unnecessary frustration and preventing him from easily finding an accessible parking space. These issues force Mr. Ortiz to take extra time and effort to find suitable parking, further limiting his independence.

28.2.3.    Poorly Placed Accessible Spaces: The accessible parking spaces at Plaza San Cristobal are inadequate not only in number but also in placement. These spaces are not strategically located near all the entrances to the stores, which forces Mr. Ortiz to travel longer distances to reach his destination. As someone who relies on a motorized wheelchair for long distances, this additional distance significantly impacts his ability to visit the stores comfortably and independently, diminishing his overall shopping experience.

28.2.4.    To resolve the accessibility issues at Plaza San Cristobal, it is its responsibility to ensure that the accessible spaces they provide are kept in good condition and that clear signage is displayed so Mr. Ortiz can easily locate the designated parking spots without confusion. These changes, particularly the improvements to the ramps, sidewalks, and accessible parking, would significantly enhance Mr. Ortiz's ability to visit Plaza San Cristobal independently, encouraging him to shop there and enjoy a more accessible experience.

28.2.5.    The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow Plaza San Cristobal to operate with numerous barriers that exclude Mr. Carlos R. Ortiz Rodríguez. The Municipality has also allowed the shopping center to maintain insufficient

accessible parking spaces that fail to meet the needs of individuals with mobility impairments, poorly visible signage marking accessible spaces that is placed too low and excessively worn making it nearly impossible to read, and poorly placed accessible spaces that are not strategically located near all store entrances, forcing Mr. Ortiz to travel longer distances. These conditions force Mr. Ortiz to seek alternative parking options, endure physical strain, and face emotional distress, denying him independent access and equal enjoyment of the plaza's unique offerings despite his strong desire to explore them. This ongoing pattern of negligence and improper use permitting by the Municipality not only exacerbates Mr. Ortiz's exclusion but also reflects a systemic failure to enforce accessibility regulations, reinforcing the discrimination he experiences daily and leaving him with no choice but to forgo visiting Plaza San Cristobal altogether until accessibility improvements are made.

28.3.  Responsibility of Centro Comercial San Cristobal De Barranquitas, Inc. and Satinarab, LLC- Econo Barranquitas: Mr. Carlos R. Ortiz Rodríguez, as a frequent customer of Plaza San Cristobal, particularly enjoys visiting Econo Barranquitas, which is located within the shopping center. He is aware of the excellent reputation of Econo Barranquitas for its fresh produce and diverse grocery offerings, which have made it a go-to location for quality shopping. The convenience of having all the essentials in one place, including a wide selection of local products, makes it particularly appealing to him, especially as he enjoys the variety of options the store provides. The supermarket also offers a variety of

seasonal fruits that are not readily available at other times of the year, such as mangoes, which are in peak season between June and July in Puerto Rico. These mangoes are known for their sweetness and juiciness, making them a favorite of Mr. Ortiz, who had planned to visit Econo Barranquitas between June and July 2025 to purchase some of his favorite items, including these fresh mangoes and other specialty goods.

28.4.    However, knowing about the accessibility barriers surrounding the establishment, particularly the difficulties he would face in navigating the store, has discouraged him from planning a visit. Despite his interest in the store's offerings, he feels dissuaded from attempting to shop there, as he anticipates challenges due to the lack of accessibility. This knowledge, which he has had since February 2025, makes it highly unlikely that he would visit the store without changes to the environment to facilitate his independent access. The barriers he is aware of that prevent him from accessing the store safely and comfortably are as follows:

28.4.1.    Lack of Accessible Checkout Counter: The check-out area lacks a designated accessible checkout counter with the International Symbol of Accessibility. Mr. Ortiz's condition makes it difficult for him to perform tasks that require sustained strength. Since Mr. Ortiz uses a motorized wheelchair for long distances, the absence of an accessible counter forces him to rely on assistance when making purchases, as he cannot approach or reach normal checkout counters independently. This disrupts his ability to shop with the same level of autonomy as others, further exacerbating the limitations imposed by his condition.

28.4.2.    Narrow Checkout Aisle Spacing: The spaces between the checkout counters are too narrow for Mr. Ortiz to navigate his motorized wheelchair comfortably. Due to the muscle weakness in his hips, thighs, and shoulders, he struggles to maneuver through tight spaces. The narrow aisles prevent him from moving freely, causing unnecessary strain and frustration. This forces him to rely on others to get through the check-out area, further limiting his independence in performing simple tasks like paying for groceries.

28.4.3.    Obstructed Store Aisles: The aisles at Econo Barranquitas are very narrow, which makes it difficult for Mr. Ortiz to move through the store. His condition affects his ability to make quick adjustments to his position, so navigating narrow aisles with a motorized wheelchair becomes physically demanding. As a result, Mr. Ortiz must rely on others to assist him when maneuvering around obstacles or reaching certain areas of the store, reducing his overall independence and complicating his shopping experience.

28.4.4.    Poorly Placed Merchandise: Products placed in the aisles obstruct Mr. Ortiz's path and make it difficult for him to move through the store. As someone who relies on a motorized wheelchair, he has limited ability to navigate around obstacles without assistance. His condition makes it physically challenging to make sharp turns or adjust his position quickly, so blocked aisles create unnecessary strain, limiting his movement and ability to shop comfortably.

59

28.4.5.    Inaccessible Cafeteria Displays: The display in the cafeteria section is too high for Mr. Ortiz to reach, making it impossible for him to select items without assistance. His condition restricts his ability to reach high shelves due to weakness in his shoulders and arms, which are essential for lifting and extending his arms. This barrier forces him to rely on others to retrieve items, preventing him from accessing the cafeteria's offerings independently and limiting his ability to enjoy the space freely.

28.4.6.    Non-Compliant Cafeteria Tables: The cafeteria tables have central supports, which hinder Mr. Ortiz from approaching them with his motorized wheelchair. Due to his condition, the muscle weakness in his legs and hips makes it challenging to reposition himself or adjust his position without assistance. The design of the tables forces him to ask for help or look for alternate seating, reducing his comfort and independence while using the cafeteria. This makes it difficult for Mr. Ortiz to enjoy the space in the same way others can.

28.4.7.    To ensure Mr. Carlos R. Ortiz Rodríguez can shop and enjoy his time at Econo Barranquitas independently, several improvements are needed. The store must provide a designated accessible checkout counter with the International Symbol of Accessibility, ensuring Mr. Ortiz can make purchases without relying on assistance. Additionally, the aisles between the checkout counters must be widened to accommodate his motorized wheelchair, allowing him to move freely and comfortably. The store's aisles should also be cleared of any obstructions, enabling Mr. Ortiz to

navigate through the store without unnecessary strain or reliance on others. Merchandise should be arranged in a way that does not block paths, allowing Mr. Ortiz to reach all areas of the store independently. Furthermore, the cafeteria section should include accessible displays and tables with designs that allow Mr. Ortiz to approach them without difficulty. These changes would significantly enhance Mr. Ortiz's shopping experience and encourage him to visit the store, as he would be able to navigate the space independently and comfortably, without the barriers currently hindering his access.

28.4.8.    Furthermore, the Municipality of Barranquitas has also allowed Econo Barranquitas to operate without ensuring proper accessibility for individuals with mobility impairments. By failing to address key accessibility issues, such as narrow aisles, obstructed pathways, and the lack of an accessible checkout counter, the Municipality directly contributes to Mr. Carlos R. Ortiz Rodríguez's inability to navigate the store independently. These physical barriers not only create frustration for Mr. Ortiz but also significantly limit his ability to shop freely and comfortably. Through these failures, the Municipality is enabling discrimination against Mr. Ortiz, preventing him from accessing the store with the independence and dignity he is entitled to. These persistent issues must be addressed to ensure equal access for all customers.

### *Responsibility of the Commonwealth of Puerto Rico; Municipality of Barranquitas and SM Furniture Barranquitas Inc. -SM Furniture Barranquitas*

29. Mr. Carlos R. Ortiz Rodríguez first learned about SM Furniture's Barranquitas location in January 2025 while searching for a high-quality living room set. He planned to visit the showroom in July 2025, as June and July typically offer excellent opportunities to purchase furniture and appliances due to special promotions and seasonal sales. As a Puerto Rican-owned business with over 20 years of experience, SM Furniture's exclusive offerings - particularly their sofa sets and significant discounts on living room collections - perfectly match his needs, setting this establishment apart from generic retailers.

30. The store's flexible financing options and diverse inventory, which includes bedroom sets, dining rooms, appliances, and cabinets, are especially appealing to Mr. Ortiz given his budget considerations and style preferences. Despite his genuine intention to visit their Barranquitas showroom to personally evaluate these attractive deals, the documented accessibility barriers have deterred him from doing so, as they prevent him from navigating the space independently. The barriers that prevent his access are:

    30.1. Deteriorated Sidewalk and Lack of Designated Ramps at the Corners: Mr. Ortiz, who relies on his motorized wheelchair for long distances, faces particular challenges when navigating the public spaces leading to SM Furniture Barranquitas. These barriers—ranging from deteriorated sidewalks to the lack of designated ramps—create significant obstacles that impede his safe and comfortable access to the store. Below, we detail the specific issues he encounters, which limit his mobility and discourage him from visiting the location.

30.1.1.   The sidewalk leading to SM Furniture Barranquitas is in poor condition, with large cracks and overgrown grass, creating an uneven surface that is difficult to navigate with a motorized wheelchair. Mr. Carlos R. Ortiz Rodríguez, who relies on his motorized wheelchair for long distances due to his Muscular Dystrophy/Becker condition, finds it challenging to maneuver through these irregularities. The grass and cracks obstruct his path, forcing him to take extra care to avoid getting stuck or encountering sudden stops, limiting his ability to approach the store independently.

30.1.2.   There are no designated ramps at the corners of the sidewalk leading to SM Furniture Barranquitas, which forces Mr. Ortiz to traverse vehicle crossings. These crossings are not designed with accessibility in mind and lack proper signage or curb cuts. Navigating these crossings is physically taxing for Mr. Ortiz, as he needs to carefully maneuver his wheelchair across uneven surfaces while avoiding potential collisions with vehicles. This lack of accessible pathways forces him to face obstacles that hinder his ability to move freely and comfortably.

30.1.3.   Since the sidewalk leading to SM Furniture Barranquitas is part of the public infrastructure, the Commonwealth of Puerto Rico bears direct responsibility for failing to maintain and update public spaces under its jurisdiction in accordance with applicable accessibility standards. By allowing the sidewalk to remain in poor condition with cracks, overgrown grass, and insufficient width, the Commonwealth of Puerto Rico has allowed the creation of hazardous obstacles that block Mr. Carlos R. Ortiz

Rodríguez's path. Furthermore, the lack of designated ramps at the corners and the absence of accessible signage for vehicle crossings demonstrates neglect of its duty to ensure accessible routes for individuals with disabilities. The Commonwealth's failure to maintain the public sidewalk and ensure proper accessibility, prevent Mr. Ortiz from safely and independently accessing the store.

30.2.  Blocked Ramp at the Entrance: The main entrance to SM Furniture Barranquitas features a ramp beside a set of stairs as an accessible entry; however, this ramp is currently unusable due to a pile of orange traffic cones completely blocking the path, preventing Mr. Ortiz from accessing the store through this route. Furthermore, the ramp itself is steep and only has a handrail on one side, which is extremely thin and offers inadequate support. As someone with mobility limitations, Mr. Ortiz is unable to use the ramp safely or independently, which immediately excludes him from entering through the main door. The lack of an alternative accessible entrance further complicates his visit, as he must rely on other, less convenient means of entry, if any, adding unnecessary frustration to his experience.

30.3.  Narrow Pathways Between Furniture and Appliances: The displayed furniture and appliances inside the establishment are placed too closely together, creating a narrow path that makes it difficult for Mr. Ortiz, who uses a motorized wheelchair for long distances, to navigate the store. His condition, characterized by progressive muscle weakness, makes it challenging for him to maneuver through

64

tight spaces, forcing him to rely on others or backtrack, which disrupts his ability to shop freely.

30.4.    Loose Rugs Obstructing Movement: The rugs that are part of the furniture displays at SM Furniture Barranquitas present another obstacle for Mr. Ortiz. These rugs are too wide and are not fixed to the floor, causing them to shift as he attempts to navigate through the store. Since Mr. Ortiz uses a motorized wheelchair, the loose rugs force him to slow down and carefully navigate to avoid getting stuck or damaging his wheelchair, reducing his ability to move independently and efficiently.

30.5.    Boxes Blocking Aisles: Mr. Ortiz also faces difficulty when encountering boxes of merchandise that are placed across the aisles at SM Furniture Barranquitas. As someone who relies on a motorized wheelchair for long distances, these obstructions make it hard for him to move through the store. He is forced to maneuver around the boxes or seek assistance to clear a path, which further limits his autonomy and makes shopping more difficult and time-consuming.

30.6.    To ensure that Mr. Carlos R. Ortiz Rodríguez can independently and comfortably access SM Furniture Barranquitas, several changes are necessary. The Commonwealth of Puerto Rico must address the deteriorating sidewalk by repairing cracks, removing overgrown grass, and ensuring proper width for wheelchair navigation. Furthermore, the Commonwealth must install designated ramps at the corners and properly signal vehicle crossings to provide clear, visible, accessible pathways for Mr. Ortiz. For SM Furniture Barranquitas, it is crucial to create a fully accessible entrance by removing the obstacles currently

blocking the entrance ramp and adapting it to have adequate width and incline. Additionally, the ramp should be equipped with handrails on both sides, ensuring compliance with accessibility standards to accommodate Mr. Ortiz's motorized wheelchair. Additionally, the store should widen the pathways between furniture and appliances to allow for easy movement, and secure any loose rugs to prevent further obstruction. Merchandise should be organized to avoid blocking aisles, ensuring that Mr. Ortiz can navigate through the store without the need for assistance. These improvements would make it possible for Mr. Ortiz to visit the store with confidence, knowing that he can navigate the space independently and comfortably. With these changes, he would be encouraged to visit the store and make a purchase, experiencing the store's offerings without the barriers that currently discourage him from doing so.

30.7.    Furthermore, the Municipality of Barranquitas has also wrongfully allowed SM Furniture to operate despite its significant accessibility failures. By permitting the establishment to operate without ensuring accessible entrances, such as the lack of proper ramps and clear pathways, the Municipality bears direct responsibility for Mr. Carlos R. Ortiz Rodríguez's inability to access the store independently. This creates unnecessary frustration and limits Mr. Ortiz's ability to shop freely, as he encounters physical barriers that prevent him from entering and navigating the store comfortably. Through these oversight failures, the Municipality actively contributes to discrimination against Mr. Ortiz, allowing these barriers to persist and preventing him from accessing the establishment with the independence he is entitled to.

30.8.    The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow SM Furniture Barranquitas to operate with numerous barriers that exclude Mr. Carlos R. Ortiz Rodríguez. By neglecting the maintenance of sidewalks leading to the store—in poor condition with large cracks and overgrown grass—the Municipality has created hazardous and inaccessible routes that severely hinder Mr. Ortiz's mobility with his motorized wheelchair, which he relies on for long distances due to his Muscular Dystrophy/Becker condition. Additionally, the Municipality has permitted the absence of designated ramps at the corners of sidewalks, forcing Mr. Ortiz to traverse vehicle crossings that lack proper signage or curb cuts. The Municipality has also allowed the establishment to maintain a blocked ramp at the main entrance where a pile of orange traffic cones completely obstructs the path, a steep ramp with an inadequate thin handrail on only one side, narrow pathways between furniture and appliances placed too closely together, loose rugs that are part of furniture displays which are too wide and not fixed to the floor causing them to shift during navigation, and boxes of merchandise placed across aisles creating obstructions. These conditions force Mr. Ortiz to rely on assistance, endure physical strain, and face emotional distress, denying him independent access and equal enjoyment of the store's offerings. This ongoing pattern of negligence and improper use permitting by the Municipality not only exacerbates Mr. Ortiz's exclusion but also reflects a systemic failure to enforce accessibility regulations, reinforcing the discrimination he experiences daily despite his desire to visit and shop at SM Furniture Barranquitas.

### *Responsibility of the Municipality of Barranquitas and 7 Barrios LLC*
### *7Barrios*

31.    7Barrios is a wonderful restaurant, known for its excellent atmosphere and delicious culinary offerings. Its scrumptious roll cakes, perfectly paired with quality coffee, stand out, along with the exceptional service and the clean, cozy ambiance that makes it an ideal place to enjoy a great meal. Mr. Carlos is eager to visit 7Barrios and enjoy its roll cakes with coffee. However, since February of this year, he has been dissuaded from doing so due to the architectural barriers present at the establishment, which make it difficult for him to access and expose him to physical challenges. Despite this, Mr. Carlos plans to visit 7Barrios in the next six months, hoping that the following barriers will be resolved and he can enjoy the experience without limitations:

31.1.    Deteriorated Sidewalk: Mr. Carlos Ortiz faces a deteriorated sidewalk in front of the establishment, where cracks are a constant barrier. He knows that, relying on a walker and an electric wheelchair due to his muscular dystrophy, each crack in the path requires considerable effort to avoid falling or getting stuck. This physical effort leaves him exhausted and increases the pain in his weakened muscles, which are already affected by his condition. Furthermore, the uneven surface prevents him from moving as easily as he would need, creating insecurity and a constant fear of losing control of his wheelchair. These physical challenges force him to make extra efforts to move, which frustrates and discourages him, leading him to avoid the place altogether.

31.2.    Obstruction on the Sidewalk: In addition to the cracks, Mr. Carlos Ortiz is aware of obstructions on the sidewalk, such as water pipes and lamps, that block his path. Due to his use of an electric wheelchair, each obstacle represents an added

challenge, forcing him to make complicated maneuvers to navigate around them. This requires significant physical effort and increases his fatigue, as he must make constant adjustments to avoid getting stuck or losing control. Every time he encounters these obstacles, his frustration and anxiety grow, as it becomes difficult to maintain his safety and independence while moving. The physical and emotional impact of these barriers makes him feel excluded and discourages him from visiting the establishment, as he cannot enjoy the experience without constantly facing these challenges.

31.2.1.   The Municipality of Barranquitas holds a critical responsibility in ensuring that public spaces, such as sidewalks, are fully accessible to individuals like Mr. Carlos Ortiz. It is the municipality's duty to maintain these areas in a condition that does not present barriers to people with disabilities. By failing to address the deteriorated sidewalk, with its cracks and obstructions, the municipality neglects its obligation to provide safe and accessible routes. This lack of maintenance directly impacts Mr. Carlos, forcing him to navigate a challenging environment that requires excessive physical effort, causing him both discomfort and frustration. The municipality must take action to remove these obstacles and improve accessibility so that people like Mr. Carlos can move freely and independently. The ongoing inaction not only restricts his mobility but also contributes to his exclusion, further discouraging him from engaging with the community.

31.3.    Inaccessible Counter: The counter structure at 7Barrios, with a uniform height lacking a lowered section and no under-counter clearance for forward approach, creates a significant barrier for Mr. Carlos Ortiz. Due to his muscular dystrophy/Becker, this inadequate design prevents him from approaching the counter directly with his motorized wheelchair to carry out basic transactions such as ordering, paying, or receiving items. The additional presence of obstructive objects on the surface further complicates his interaction. This architectural barrier forces Mr. Ortiz to depend on others for everyday tasks he should be able to perform independently, causing frustration, embarrassment, and a constant sense of exclusion, which has currently discouraged him from visiting the establishment.

31.4.    Narrow Aisles: The layout of the furniture at 7Barrios, with reduced space between tables—especially near the counter—represents a critical mobility barrier for Mr. Carlos Ortiz. Due to the muscle weakness in his hips and thighs caused by his muscular dystrophy/Becker, these narrow pathways make it impossible for him to navigate safely, whether using his motorized wheelchair for longer distances or his cane for shorter walks within the restaurant. This setup severely restricts his freedom of movement, prevents him from accessing certain areas of the restaurant, and creates potentially dangerous situations as he attempts to maneuver through insufficient spaces, resulting in anxiety, physical strain, and a sense of inequality that has currently discouraged him from visiting the establishment.

31.5.   Inadequate Tables: The tables at 7Barrios, with thick central bases that fail to provide the required minimum knee clearance, represent a functional barrier for Mr. Carlos Ortiz. Because of his muscular dystrophy/Becker, this inadequate design prevents him from positioning his motorized wheelchair in a way that allows for a frontal and comfortable seating experience while dining. The inability to position himself properly causes physical discomfort, limits his range of movement, and forces him into strained postures that worsen the muscle weakness in his shoulders and arms, creating an uncomfortable and exclusionary dining experience that has currently discouraged him from visiting the establishment.

31.6.   To address the barriers faced by Mr. Carlos Ortiz, several solutions must be implemented. The deteriorated sidewalk should be repaired, with cracks and obstructions removed to create a smooth, level path for easy navigation. The Municipality of Barranquitas must take immediate action to maintain the sidewalk in a safe condition, ensuring there are no obstacles like water pipes or lamps blocking the way. Additionally, the counter at 7Barrios needs to be modified with a lowered section at 36 inches and adequate knee clearance to allow Mr. Carlos to interact comfortably with the staff from his motorized wheelchair. The aisles inside the restaurant should be widened to create more space between tables, allowing for safe movement and ensuring Mr. Carlos can navigate without difficulty. The tables should also be redesigned with proper knee clearance, enabling Mr. Carlos to position his wheelchair comfortably for dining. These changes would eliminate the physical barriers Mr. Carlos faces, reducing his

discomfort and frustration, and allowing him to enjoy the restaurant experience independently and without exclusion.

31.7.    The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow 7Barrios to operate with numerous barriers that exclude Mr. Carlos Ortiz. By neglecting the maintenance of sidewalks in front of the establishment—deteriorated with cracks and obstructions such as water pipes and lamps—the Municipality has created hazardous and inaccessible routes that severely hinder Mr. Ortiz's mobility, forcing him to make considerable effort with his walker and electric wheelchair due to his muscular dystrophy/Becker condition. Additionally, the Municipality has allowed the establishment to maintain an inaccessible counter structure with uniform height lacking a lowered section and no under-counter clearance for forward approach, preventing him from carrying out basic transactions independently with his motorized wheelchair. The Municipality has also permitted narrow aisles with reduced space between tables that make it impossible for him to navigate safely due to muscle weakness in his hips and thighs, and inadequate tables with thick central bases that fail to provide the required minimum knee clearance, preventing proper positioning of his wheelchair for comfortable dining. These conditions force Mr. Ortiz to endure excessive physical effort that leaves him exhausted and increases pain in his weakened muscles, depend on others for everyday tasks, and face emotional distress including frustration and anxiety, denying him independent access and equal enjoyment of the establishment's services. This ongoing pattern of negligence and improper use permitting by the Municipality not only exacerbates

Mr. Ortiz's exclusion but also reflects a systemic failure to enforce accessibility

regulations, reinforcing the discrimination he experiences daily and discouraging

him from visiting 7Barrios altogether.

**D. Discrimination in Municipality of Barranquitas and other businesses against Mrs. Normarie Alicea Barrios due to her disabilities**

32.   Mrs. Normarie Berríos has always valued the opportunity to spend quality time at local

dining establishments throughout Barranquitas. For her, these social outings represent

more than just meals—they are cherished moments of connection, relaxation, and

community engagement that bring joy and normalcy to her daily routine. The prospect of

discovering new restaurants, sampling different cuisines, and experiencing the warm

hospitality that Barranquitas establishments are known for has consistently motivated her

to seek out these meaningful experiences.

33.   Living with mobility challenges that necessitate full-time wheelchair use, Mrs. Berríos

relies on both a manual wheelchair for shorter distances when accompanied by

assistance, and a motorized wheelchair that provides her with greater autonomy for

independent navigation over longer distances. Her significantly limited arm and hand

function makes wheelchair operation physically challenging, often requiring substantial

effort and frequently necessitating help from others. Despite these physical limitations,

the anticipation of enjoying a pleasant meal in a welcoming environment continues to

inspire her desire for these social experiences.

34.   However, Mrs. Berríos's enthusiasm for exploring Barranquitas's dining scene has been

increasingly dampened by the persistent architectural and infrastructure barriers that

plague both public spaces and private establishments throughout the municipality. Rather

than the seamless, enjoyable experiences she seeks, her attempts to visit local businesses

are consistently marred by accessibility challenges that transform simple outings into exhausting ordeals requiring extensive planning, physical strain, and often external assistance.

35. The deteriorated state of public infrastructure presents immediate and ongoing obstacles to Mrs. Berríos's mobility. Sidewalks throughout Barranquitas suffer from severe maintenance neglect, featuring dangerous combinations of deep cracks, craterous potholes, and uneven surfaces that create hazardous navigation conditions for wheelchair users. These irregularities not only cause uncomfortable and potentially harmful jolting motions but also pose serious risks of equipment damage and loss of control. Compounding these surface issues, the widespread practice of illegal vehicle parking on sidewalks creates complete pathway obstructions, forcing wheelchair users like Mrs. Berríos into dangerous proximity with vehicular traffic or onto unsuitable surfaces.

36. The failure of both the Municipality of Barranquitas and the Commonwealth of Puerto Rico to address these fundamental accessibility deficiencies represents a systemic abandonment of their legal and moral obligations to ensure equal access to public spaces. This governmental negligence directly undermines Mrs. Berríos's constitutional rights to mobility, dignity, and full community participation, effectively creating a discriminatory environment that excludes individuals with disabilities from basic civic engagement.

37. Beyond the challenges posed by inadequate public infrastructure, Mrs. Berríos encounters equally problematic barriers within the commercial establishments she attempts to visit. These internal obstacles include: entrance configurations featuring steps or other level changes that completely block wheelchair access; service counters positioned at excessive heights without provision for knee clearance, making independent transactions

impossible; dining tables equipped with central supports or horizontal bars that prevent proper wheelchair positioning; interior layouts with inadequate circulation space that restrict safe movement; and the absence of clear accessibility signage that would allow informed decision-making about facility use.

38. The cumulative effect of these barriers extends far beyond mere inconvenience—they represent a systematic pattern of exclusion that forces Mrs. Berríos to either abandon her desire for social dining experiences or accept a diminished level of independence and dignity when attempting to access these spaces. The psychological impact of repeatedly encountering these obstacles has led to decreased confidence, increased social isolation, and a reluctant acceptance that many establishments simply remain inaccessible to her.

39. Both municipal and commonwealth authorities bear direct responsibility for this discriminatory status quo through their failure to enforce existing accessibility regulations and their continued issuance of operating permits to establishments that do not meet basic compliance standards. This regulatory negligence perpetuates an environment where business owners feel no compulsion to invest in accessibility improvements, knowing that violations will go unaddressed and unpunished.

40. Mrs. Berríos's situation exemplifies the broader struggle faced by individuals with disabilities throughout Puerto Rico, where the promise of equal access remains largely unfulfilled due to inadequate enforcement, insufficient oversight, and a persistent lack of institutional commitment to genuine inclusion. Until meaningful action is taken to address these systemic failures, Mrs. Berríos and countless others will continue to face unnecessary barriers that limit their full participation in community life and deny them the basic dignity of equal treatment in public accommodations.

41.  However, Mrs. Berríos's enthusiasm for exploring Barranquitas's dining scene has been increasingly dampened by the persistent architectural and infrastructure barriers that plague both public spaces and private establishments throughout the municipality. Rather than the seamless, enjoyable experiences she seeks, her attempts to visit local businesses are consistently marred by accessibility challenges that transform simple outings into exhausting ordeals requiring extensive planning, physical strain, and often external assistance.

42.  The deteriorated state of public infrastructure presents immediate and ongoing obstacles to Mrs. Berríos's mobility. Sidewalks throughout Barranquitas suffer from severe maintenance neglect, featuring dangerous combinations of deep cracks, craterous potholes, and uneven surfaces that create hazardous navigation conditions for wheelchair users. These irregularities not only cause uncomfortable and potentially harmful jolting motions but also pose serious risks of equipment damage and loss of control. Compounding these surface issues, the widespread practice of illegal vehicle parking on sidewalks creates complete pathway obstructions, forcing wheelchair users like Mrs. Berríos into dangerous proximity with vehicular traffic or onto unsuitable surfaces.

43.  The failure of both the Municipality of Barranquitas and the Commonwealth of Puerto Rico to address these fundamental accessibility deficiencies represents a systemic abandonment of their legal and moral obligations to ensure equal access to public spaces.

44.  Beyond the challenges posed by inadequate public infrastructure, Mrs. Berríos encounters equally problematic barriers within the commercial establishments she attempts to visit. These internal obstacles include: entrance configurations featuring steps or other level changes that completely block wheelchair access; service counters positioned at

excessive heights without provision for knee clearance, making independent transactions impossible; dining tables equipped with central supports or horizontal bars that prevent proper wheelchair positioning; interior layouts with inadequate circulation space that restrict safe movement; and the absence of clear accessibility signage that would allow informed decision-making about facility use.

45. The cumulative effect of these barriers extends far beyond mere inconvenience—they represent a systematic pattern of exclusion that forces Mrs. Berríos to either abandon her desire for social dining experiences or accept a diminished level of independence and dignity when attempting to access these spaces. The psychological impact of repeatedly encountering these obstacles has led to decreased confidence, increased social isolation, and a reluctant acceptance that many establishments simply remain inaccessible to her.

46. Mrs. Berrios feels discouraged from visiting several places located in Barranquitas because she knows she cannot enjoy them due to the architectural barriers present at those locations:

### *Responsibility of the Commonwealth of Puerto Rico, Municipality of Barranquitas and Los Brother's Bar & Grill LLC  Los Brothers Bar & Grill*

47. Mrs. Normarie Berrios is interested in visiting Los Brother's Bar & Grill, drawn by the variety of dishes featured on the menu—particularly the grilled chicken breast and the shrimp platter, which catch her attention for their flavor and presentation. The combination of a casual atmosphere with a culinary offering that appears to cater to diverse tastes sparks her curiosity and creates positive expectations about the dining experience the place may offer. However, since January 2025, Mrs. Normarie Berrios has been aware that there are architectural barriers inside Los Brother's Bar & Grill that affect

the accessibility of the place. As a result, although she has been interested in visiting in both March and April 2025, she has felt dissuaded from doing so.

48.    Mrs. Normarie Berrios has the intention to visit Los Brother's Bar & Grill within the next two or three months to enjoy a meal with close family members, particularly with the interest of trying the grilled chicken breast that has especially caught her attention. However, the ongoing presence of architectural barriers inside the establishment continues to dissuade her from doing so, as these limitations still pose an obstacle to experiencing the visit in a comfortable and safe manner. The barriers that Mrs. Normarie Berrios is aware of within the establishment are:

48.1.    Mrs. Normarie Berrios is aware that the area surrounding Los Brother's Bar & Grill LLC presents multiple accessibility barriers that significantly interfere with her ability to approach the location safely and independently. The sidewalk in front of the establishment is severely deteriorated, with deep cracks, craters, and an uneven surface that disrupts the stability and continuity required for safe navigation in her wheelchair. These irregularities cause abrupt jolts and compromise her ability to maintain control, increasing the physical strain and risk of equipment damage. Additionally, the frequent presence of vehicles parked illegally on the sidewalk—where no parking is authorized—completely obstructs the pedestrian pathway, forcing her to divert dangerously close to traffic. The combination of these conditions creates a hazardous and unwelcoming environment that not only limits her physical access, but also undermines her sense of autonomy and safety, ultimately discouraging her from attempting to visit the establishment.

48.1.1.    Mrs. Normarie Berrios is aware that the sidewalk in front of Los Brother's Bar & Grill LLC is severely deteriorated, with numerous deep cracks and craters disrupting the continuity of the pavement. This condition poses a significant barrier to her mobility, as she relies on a wheelchair and requires a stable, even surface for safe navigation. The uneven terrain causes abrupt jolts that affect her balance and increase the risk of losing control or damaging her equipment. In addition to the extra physical effort needed to maneuver through such conditions, the situation creates a constant sense of insecurity, discouraging her from traveling through the area or approaching the location.

48.1.2.    Mrs. Normarie Berrios is aware that, due to deterioration, the sidewalk in front of Los Brother's Bar & Grill LLC has an irregular surface, with small slopes and uneven patches that make smooth movement difficult. These subtle but constant elevation changes directly affect her control over her wheelchair, requiring her to slow down and continuously adjust her direction. This creates unnecessary physical strain and increases her tension, as any bump can trigger abrupt motions that impact her posture and comfort. The lack of a level surface compromises her safety and makes her feel that the environment is not designed to support free and autonomous mobility.

48.1.3.    Mrs. Normarie Berrios is aware that vehicles are frequently parked on the sidewalk in front of Los Brother's Bar & Grill, in an area that is not legally designated for parking. This practice completely blocks pedestrian

access, leaving her without a clear or safe route to continue her path. Forced to maneuver around the vehicles, she is pushed dangerously close to the street, significantly increasing the risk of an accident. This obstruction not only disrupts her journey but also causes anxiety and frustration as she faces a barrier that could easily be prevented with basic enforcement measures. The occupation of the pedestrian space prevents her from exercising her right to move safely and without obstacles.

48.1.4.    Since the sidewalk leading to Los Brothers Bar & Grill is part of public infrastructure, the Commonwealth of Puerto Rico is responsible for failing to ensure its maintenance and compliance with current accessibility standards. By allowing the sidewalk to remain in poor condition—with cracks, overgrown vegetation, and limited width—hazardous obstacles have been created that block Ms. Normarie Berríos's safe passage. The lack of ramps at corners and the absence of accessible signage for vehicle crossings reflect a neglect of the duty to provide accessible routes for individuals with disabilities. This failure by the Commonwealth limits Ms. Berríos's ability to access the establishment safely and independently.

48.2.    No Accessible Route to the Entrance: Mrs. Normarie Berrios is aware that the entrance of the establishment lacks an accessible route that would allow her to enter safely and independently. The absence of a functional ramp, along with the lack of visible signage and the presence of various obstacles interrupting the pathway, prevents her from reaching the entrance directly from the public sidewalk. This presents a critical barrier for her, as she uses a wheelchair and

80

requires a continuous surface free of abrupt level changes or obstructions. Without proper access, she is forced to stop or attempt to detour through unstable areas, which increases the risk of losing control or having her equipment get stuck. This situation causes unnecessary physical strain and a constant sense of insecurity. Being unable to enter the establishment through a proper route compromises her autonomy and reinforces a feeling of exclusion that discourages her from visiting.

48.3.    Narrow Outdoor Area: Mrs. Normarie Berrios is aware that the outdoor area of the establishment is constrained by the placement of tables, chairs, and other items such as trash bins, significantly reducing the available circulation space. This setup prevents her from maneuvering her wheelchair smoothly, forcing her to make sharp turns and awkward movements in a congested environment. The narrowness of the space causes physical tension as she must control her equipment with extra precision and limits her ability to move naturally or stop without obstructing the passage. This barrier not only affects her mobility and comfort but also causes frustration, as she is confronted with a space that does not accommodate her need for clear and ample movement, making it difficult to remain in the area.

48.4.    Narrow Indoor Area: Mrs. Normarie Berrios is aware that the interior of the establishment has limited space due to the arrangement of tables, chairs, and other furnishings, which results in narrow aisles and very restricted pathways. This configuration makes it difficult for her to navigate with her wheelchair, as there is not enough width to move without the risk of getting stuck or colliding with

obstacles. She is often forced to perform repeated maneuvers, including reversing or turning at awkward angles, which causes additional physical effort and increased stress. The difficulty of moving safely within the space directly impacts her experience, creating a persistent sense of insecurity and discouragement, and limiting her ability to stay in the establishment for more than a few minutes without feeling constrained.

48.5.  Inaccessible Tables: Mrs. Normarie Berrios is aware that several of the tables available in the establishment have a structural design that prevents her from approaching them properly in her wheelchair. These tables, with bulky central supports or horizontal bars at the base, do not provide the necessary space underneath for her to position her legs comfortably. As a result, she is forced to sit sideways or at a distance that makes basic activities—such as eating, reading, or writing—difficult and physically uncomfortable. The need to lean forward or adopt awkward postures places strain on her back and shoulders. Moreover, being unable to share a table under equal conditions causes frustration and a sense of exclusion in a setting where she expects to feel welcome and at ease.

48.6.  High Counters: Mrs. Normarie Berrios is aware that the customer service and transaction counters at the establishment are excessively high, making it difficult to establish direct visual and functional contact with staff from her wheelchair. The height discrepancy creates an immediate barrier for handling simple tasks, such as handing over documents or receiving items, forcing her to stretch or rely on assistance. This not only causes physical discomfort but also limits her independence, making her feel sidelined in an environment that should support

equitable interaction. The absence of a counter at an accessible height reinforces her sense of inequality and discourages her from staying at the location.

48.7.   Counters Without Clearance: Mrs. Normarie Berrios is aware that the counters in the establishment lack sufficient clearance underneath to allow a frontal approach in her wheelchair. Without this space, she is unable to position herself properly at the counter, forcing her to stay sideways or at a distance that complicates tasks like writing, signing, or receiving items. This setup compromises her posture and places unnecessary physical strain on her, affecting both her comfort and autonomy. The inability to use the service area in a complete and functional way increases her sense of limitation and diminishes the quality of her experience at the establishment.

48.8.   To eliminate the numerous barriers currently affecting Mrs. Normarie Berrios at and around Los Brother's Bar & Grill LLC, a comprehensive approach must be implemented by both the establishment and the Municipality of Barranquitas. As a first step, the municipality should urgently repair the deteriorated sidewalk, ensuring a stable, continuous surface free of deep cracks, craters, and abrupt elevation changes. This includes resurfacing uneven areas and maintaining a level grade suitable for wheelchair navigation. The installation of clear, accessible pathways—free from obstructions such as illegally parked vehicles—requires enforcement of no-parking regulations and the placement of physical deterrents, such as bollards or curbs. Additionally, a properly designed and well-marked accessible route to the entrance must be created, with a functional ramp, smooth transitions, and visible signage to guide safe entry. Within the establishment, the

layout of both the outdoor and indoor areas must be reconfigured to allow for sufficient circulation space. Tables and chairs should be arranged to provide wide, unobstructed aisles that support safe and fluid movement. Any furnishings that restrict frontal access or under-table clearance—such as bulky table bases—should be replaced with accessible alternatives that allow Mrs. Berrios to position her legs underneath comfortably. At least one transaction counter must be modified to be at an accessible height with sufficient knee clearance underneath to support direct interaction. These changes, taken together, will not only remove the architectural barriers currently discouraging Mrs. Berrios from visiting the establishment but also reaffirm the legal and ethical commitment of the business and the municipality to provide equitable access for all individuals, regardless of their mobility needs.

48.9.   Mrs. Normarie Berrios is aware that the Municipality of Barranquitas has failed to enforce accessibility requirements and has issued use permits allowing Los Brother's Bar & Grill LLC to operate despite numerous barriers that severely restrict her ability to access the establishment independently and safely. The sidewalks in front of the business are severely deteriorated, with deep cracks, craters, and uneven surfaces that compromise her stability and safety when navigating in a wheelchair, causing abrupt jolts and increased physical strain. Moreover, illegally parked vehicles frequently block the sidewalks, forcing Mrs. Berrios to maneuver dangerously close to traffic. The Municipality has also neglected to ensure a continuous accessible route to the entrance, which lacks a functional ramp and is interrupted by various obstacles, effectively preventing her

direct and safe access. Inside and outside the establishment, narrow circulation spaces due to closely placed tables, chairs, and other items hinder her ability to move freely, requiring awkward and strenuous maneuvers that cause physical discomfort and frustration. Many tables have structural designs that prevent wheelchair users from sitting comfortably, and high service counters without knee clearance impede Mrs. Berrios's ability to interact independently with staff, forcing reliance on assistance and limiting her autonomy. This ongoing failure by the Municipality to condition its use permits on compliance with accessibility standards not only perpetuates Mrs. Berrios's exclusion but also reflects a systemic disregard for the rights of persons with disabilities, reinforcing discrimination and denying her equal participation in public spaces and services.

### *Responsibility of the Commonwealth of Puerto Rico, Municipality of Barranquitas and Kiki's Pizza, Inc. - Kikis Pizza*

49.  Mrs. Normarie Berríos is interested in visiting Kiki's Pizza, drawn by some of the menu's specialties such as the shrimp pizza and the pollo al caldero. These dishes catch her attention for their flavor and artisanal preparation. The variety of options and the welcoming atmosphere the place seems to offer make her consider it as a potential spot to enjoy a meal out in a pleasant and relaxed setting. However, since November 2024, Mrs. Normarie Berríos has been aware of the existence of architectural barriers within Kiki's Pizza Inc. As a result, although she has wanted to visit the establishment in both February and March of 2025, she has felt dissuaded from doing so due to the continued presence of these barriers.

50.  Mrs. Normarie Berríos has the intention to visit Kiki's Pizza Inc. within the next four months, particularly motivated by her desire to try the shrimp pizza, which stands out to

her for its unique blend of flavors and the freshness that the dish is known for. However, the continued existence of architectural barriers within the establishment leaves her dissuaded from making the visit. These unresolved obstacles compromise her ability to access and enjoy the space safely and independently, making her hesitate despite her clear interest in the experience. The barriers are:

50.1.    Inaccessible Sidewalk: Mrs. Normarie Berríos is aware that the sidewalk in front of Kiki's Pizza is in a severe state of disrepair, with multiple cracks, uneven surfaces, and irregularities caused by a lack of maintenance. These conditions disrupt the continuity and stability she needs to move safely in her wheelchair, forcing her to proceed with extreme caution and increased physical effort. Adding to this, vehicles are frequently parked illegally on the sidewalk in an area not designated for parking, further reducing the available space to navigate. This combination of physical deterioration and direct obstruction prevents her from moving freely and independently, often forcing her to divert into hazardous areas such as the street, and causing a constant sense of insecurity and vulnerability. The difficulty in accessing the immediate surroundings of the establishment not only affects her mobility but also deeply discourages her from attempting to approach, as she perceives that the public space has not been designed or maintained to ensure her access.

50.1.1.    Mrs. Normarie Berríos is aware that the sidewalk in front of Kiki's Pizza Inc. is visibly deteriorated, with cracks, uneven surfaces, and damage caused by a lack of maintenance. These conditions directly interfere with her ability to move safely and smoothly in her wheelchair, forcing her to

proceed with extreme caution to avoid sudden jolts or the risk of getting stuck. The irregular surface not only compromises her stability but may also cause mechanical damage to her mobility device. The physical strain of navigating such a poorly maintained area, combined with the constant need to avoid unexpected obstacles, affects her comfort, confidence, and willingness to approach the establishment.

50.1.2.   Mrs. Normarie Berríos is aware that the sidewalk in front of Kiki's Pizza is partially blocked by vehicles parked in an area that is not legally designated for parking. This obstruction significantly reduces the available space for her to pass through and forces her to deviate from her intended path, often placing her dangerously close to traffic or onto unsafe surfaces. This situation prevents her from continuing her route safely, creates anxiety about potential accidents, and seriously compromises her autonomy. Being forced to confront a barrier that could easily be avoided through basic enforcement measures reinforces a sense of exclusion and vulnerability in a public space that should be fully accessible to her.

50.1.3.   The Municipality of Barranquitas is responsible for maintaining public sidewalks in safe and accessible condition. Mrs. Normarie Berríos is directly affected by the poor state of the sidewalk in front of Kiki's Pizza and the frequent illegal parking that blocks the path. Despite the visible and ongoing nature of these issues, the municipality has failed to take corrective action. This inaction restricts her mobility, compromises her safety, and reinforces her exclusion from public space. By neglecting to

address these barriers, the municipality contributes to a pattern of discrimination against her right to equal access.

50.2.   Main Entrance Without Accessible Route: Mrs. Normarie Berríos is aware that the main entrance to Kiki's Pizza lacks an accessible route, as vehicles are frequently parked illegally directly in front of it, completely blocking the pathway. What should be a clear and safe point of entry becomes, instead, an impassable obstacle. As a wheelchair user, she cannot simply maneuver around the obstruction without putting herself at significant risk, often being forced into the street or across uneven, unprotected surfaces. This barrier not only restricts her physical access, but also forces her to weigh the danger of proceeding against her desire to enter. The ongoing frustration of being unable to access a place she is interested in—due to something that could be prevented through basic enforcement—leaves her feeling excluded and undervalued, impacting both her emotional well-being and her right to participate fully in community life.

50.3.   Main Entrance Obstructed (interior): Mrs. Normarie Berríos is aware that just past the main entrance threshold of Kiki's Pizza, there is a mat with an uneven surface that disrupts the passage of her wheelchair. This small but significant obstruction creates an abrupt shift in level that can cause her front wheels to get caught or make her lose control of her movement. Obstacles like this, which may appear minor to others, pose a real risk to her physical safety. Every attempt to cross the mat requires additional physical effort and mental alertness to avoid potential injury. The vulnerability she feels when navigating this poorly maintained area causes her anxiety and makes her question whether she can move forward with

confidence. This sense of instability doesn't just affect her immediate experience—it discourages her from returning or even trying to enter in the first place.

50.4.    Bar Counter Too High: Mrs. Normarie Berríos is aware that the bar counter at Kiki's Pizza is excessively high, making it completely inaccessible for someone in a wheelchair. This vertical barrier prevents her from maintaining eye-level communication or engaging in direct interaction with staff. For her, this means having to rely on others to be seen, heard, or served—stripping away her independence and reducing her ability to interact freely. The physical strain of needing to raise her arms above her natural reach or reposition herself awkwardly to gain attention is tiring and uncomfortable. More than just a design flaw, the counter sends an implicit message that she was not considered in the space's planning. That unspoken exclusion causes frustration and a deep sense of invisibility, leaving her disconnected from an environment that should feel inclusive.

50.5.    Bar Counter Without Front Access: Mrs. Normarie Berríos is aware that a row of chairs is permanently placed in front of the bar counter at Kiki's Pizza, completely obstructing direct access to that area. This setup blocks her ability to approach the counter from the front, which she requires in order to interact comfortably and functionally from her wheelchair. The barrier prevents her from positioning herself adequately to communicate, receive service, or carry out tasks independently. Having to maneuver from awkward angles or remain at a distance causes physical discomfort, limits her autonomy, and reinforces a sense of

exclusion. The inability to use this part of the establishment safely and directly discourages her from remaining in the space.

50.6.    Inaccessible Bar Counter Chairs: Mrs. Normarie Berríos is aware that the tall chairs placed in front of the bar counter at Kiki's Pizza Inc. serve no functional purpose for her and take up the space she needs to approach in her wheelchair. This arrangement denies her access to a resting place and severely restricts her ability to be part of the environment. The presence of this inaccessible furniture reinforces both visually and physically her exclusion, making her feel separated from a space where she expects to feel welcomed. This condition causes her ongoing emotional distress, as it clearly shows that her presence was not considered in the design of the area, while also imposing a practical barrier that prevents her from fully participating in that section of the venue.

50.7.    Transaction and Customer Service Counters Too High: Mrs. Normarie Berríos is aware that the transaction and customer service counters at Kiki's Pizza Inc. are excessively high, making it impossible for her to maintain the visual and functional contact needed to interact directly from her wheelchair. This height difference forces her to stretch awkwardly or rely on others to deliver or receive documents, request items, or communicate with staff. The extra effort causes her physical strain and discomfort, while entirely limiting her independence. The inability to interact equitably at these service points affects her dignity, increases her frustration, and reinforces a sense of inequality that discourages her from attempting to use the services again.

50.8.    Customer Service and Transaction Counters Without Front Access: Mrs. Normarie Berríos is aware that a row of chairs is placed in front of the customer service and transaction counters at Kiki's Pizza Inc., completely blocking direct front-facing access to these areas. This arrangement prevents her from approaching the counters directly in her wheelchair, as she needs to in order to interact comfortably and functionally with staff. Being forced to stop at a distance or maneuver from awkward positions creates additional physical strain and ongoing frustration. The inability to properly approach these service points compromises her autonomy, interferes with her ability to complete tasks independently, and reinforces the sense that she was not considered in the design of the space.

50.9.    Inaccessible Circulation Space: Mrs. Normarie Berríos is aware that inside Kiki's Pizza Inc., the arrangement of furniture and other elements—such as candy vending machines—greatly reduces the available circulation space. This layout prevents her from moving freely in her wheelchair, forcing her to make constant adjustments and maneuvers through narrow and crowded pathways. These conditions disrupt her natural movement, cause physical tension due to the ongoing effort, and increase the risk of collisions or getting stuck. The lack of wide, clear routes creates a persistent mobility barrier and generates a sense of insecurity that directly affects her ability to navigate the establishment safely and confidently.

50.10.    Inaccessible Tables: Mrs. Normarie Berríos is aware that the tables at Kiki's Pizza Inc. have a base design that includes a bar located in the lower section, which

prevents proper front-facing access in her wheelchair. This structure blocks her from positioning herself correctly, forcing her to sit sideways or at a distance that makes basic activities such as eating or writing difficult. The awkward posture required causes physical discomfort, including tension in her back and shoulders, and limits her overall experience. The inability to use the tables functionally also affects her ability to fully engage in the environment, reinforcing a sense of exclusion from an area she would otherwise want to enjoy equally.

50.11.   Inaccessible Areas Due to Lack of Ramp: Mrs. Normarie Berríos is aware that there are tables placed in elevated sections of Kiki's Pizza Inc. that can only be accessed by steps, without a functional ramp available to provide an alternative route. This layout creates a complete physical barrier for her, as she cannot navigate stairs in her wheelchair and has no way to reach those areas independently. The inability to access a portion of the dining space directly limits her experience at the establishment, restricts her seating options, and reinforces a sense of segregation. This barrier not only prevents her from enjoying the space on equal terms, but also causes emotional strain as it clearly reflects that her presence was not considered in the functional design of the restaurant.

50.12.   Restroom Without Universal Accessibility Signage: Mrs. Normarie Berríos is aware that the restrooms at Kiki's Pizza Inc. do not have visible signage indicating whether they are accessible. The absence of this signage creates uncertainty and anxiety, as she cannot know in advance whether she will be able to use the facilities safely and independently. Without clear information, she is forced to either rely on others for assistance or risk encountering a space that is not usable.

This barrier not only disrupts her ability to navigate the establishment with confidence, but also reflects a basic oversight in accessibility communication that negatively impacts her overall experience and reinforces a feeling of exclusion.

50.13. To eliminate the accessibility barriers faced by Mrs. Normarie Berríos at Kiki's Pizza Inc., it is necessary to implement a series of concrete solutions that ensure her right to safe, autonomous, and dignified access. First, the Municipality of Barranquitas must repair the sidewalk in front of the establishment, removing cracks and uneven surfaces to guarantee a continuous and stable pathway for people using mobility devices. Additionally, strict enforcement must be applied to prevent illegal parking on the sidewalk, ensuring that the pedestrian area remains clear at all times. Regarding the main entrance, physical barriers or clear signage should be installed to prevent vehicles from blocking the accessible route, ensuring a safe and unobstructed path from the sidewalk to the entrance door. Inside the establishment, the uneven floor mat placed at the entrance must be removed and replaced with a firm, stable, and slip-resistant surface that does not pose a risk to people with limited mobility. These initial modifications will allow Mrs. Berríos to access the establishment without exposing herself to unnecessary dangers. To improve interior accessibility, it is crucial to lower the service and transaction counters to a maximum height of 36 inches and ensure sufficient knee clearance underneath to allow a direct, frontal approach in a wheelchair. Chairs and other obstacles blocking direct access to the counters must also be removed, and circulation pathways must be widened to at least 36 inches to guarantee safe and unobstructed mobility. In the dining area, several tables must be adapted by

removing obstructive lower bars and providing adequate space underneath for frontal access. Additionally, an accessible ramp must be installed to connect elevated sections of the restaurant, ensuring that Mrs. Berríos can access all areas of the venue without encountering architectural barriers. Tall, inaccessible chairs blocking the bar counters must be removed or replaced with options that do not interfere with free and safe access. The interior furniture layout must prioritize open movement, removing obstacles such as vending machines and arranging tables and chairs to allow unrestricted maneuvers. Finally, to improve restroom accessibility, clear and visible universal signage must be installed indicating whether the restrooms are accessible. This measure will allow Mrs. Berríos to know in advance if she can safely and independently use the facilities, reducing anxiety and uncertainty during her visit. Implementing all these solutions will not only correct physical barriers but will also help transform Kiki's Pizza Inc. into a truly inclusive and respectful environment for the dignity of all individuals.

50.14.  Mrs. Normarie Berríos is aware that the Municipality of Barranquitas has issued use permits allowing Kiki's Pizza Inc. to operate despite multiple severe accessibility barriers that significantly restrict her safe and independent access to the establishment. The sidewalk in front of the business is in a state of serious disrepair, with numerous cracks, uneven surfaces, and irregularities caused by lack of maintenance, which disrupt her ability to navigate safely in her wheelchair and cause increased physical strain. Furthermore, vehicles are frequently parked illegally on the sidewalk in non-designated areas, completely obstructing pedestrian passage and forcing Mrs. Berríos to divert dangerously close to traffic.

The main entrance is blocked by these parked vehicles and lacks an accessible route, making direct access impossible without risking injury. Inside the establishment, an uneven mat just past the entrance creates additional obstacles that threaten her safety and stability. The bar counter and transaction counters are excessively high and lack sufficient knee clearance, further limiting her ability to engage independently with staff. Permanent rows of chairs placed in front of these counters block direct wheelchair access, while narrow indoor circulation spaces, inaccessible tables with obstructive bases, and elevated dining areas accessible only by steps without ramps, all compound the exclusion. Additionally, the absence of universal accessibility signage for restrooms generates uncertainty and anxiety, further diminishing her confidence to navigate the space. The Municipality's failure to condition its use permits on compliance with accessibility standards and to enforce proper maintenance and parking regulations not only perpetuates Mrs. Berríos's exclusion but also reflects a systemic disregard for her rights and dignity, reinforcing discrimination and denying her equitable participation in public life.

### *Responsibility of the Municipality of Barranquitas and Am Bistro Bar LLC*
### *Embeleko Bikers Cafe*

51. Mrs. Normarie Berríos is interested in visiting Embeleko Bikers Café because it perfectly combines her love for good food, a relaxed atmosphere, and the pleasure of enjoying a well-made drink. This café not only offers a cozy and stylish space, but also a varied menu that awakens her appetite and culinary curiosity. One of the dishes that most appeals to her is the Café Racer, a delicious combination of ham, crispy bacon, Swiss cheese, fresh lettuce, tomato, and butter, all served on a soft, golden croissant. The

contrast of flavors and textures makes this sandwich an irresistible option for her, especially when accompanied by a salty touch of chips that perfectly complement the meal. However, since January 2025, Mrs. Normarie is aware of the presence of architectural barriers at Embeleko Bikers Café, which has made her feel discouraged from visiting. Although she has genuinely wanted to go during February and March of 2025 to enjoy the food and atmosphere she finds so appealing, the lack of accessibility has prevented her from doing so.

52.   However, Mrs. Normarie Berríos has the intention to visit Embeleko Bikers Café within the next six months, motivated by her desire to try one of her favorite drinks, such as the Frappuccino, which she finds especially appealing for its creamy and refreshing flavor. She's also excited about the idea of enjoying a well-prepared Iced Coffee in a pleasant atmosphere. Nevertheless, despite her interest, the architectural barriers that still exist at the location continue to dissuade her. The barriers at Embeleko Bikers Café that Mrs. Normarie is aware of are:

52.1.   Mrs. Normarie is aware that the sidewalk in front of Embeleko Bikers Café is in poor condition, with cracks and overgrown weeds disrupting the stability and continuity of the surface. These irregularities make it difficult for her to move safely, causing uncomfortable jolts that affect her balance and may damage her wheelchair. She also notices that the sidewalk is significantly narrow, limiting her ability to maneuver without strain or risk. In addition, vehicles are frequently parked improperly in the area, further blocking the path and forcing her to move dangerously close to traffic. She also observes that there is no ramp at the corner, preventing a safe and independent transition between the sidewalk and the street.

Together, these conditions place a considerable physical burden on her and create a constant sense of insecurity, ultimately limiting her ability to access the establishment.

52.1.1.  Mrs. Normarie Berríos is aware that the sidewalk in front of Embeleko Bikers Café is in deteriorated condition, with multiple cracks on the surface and overgrown weeds emerging from between the pavement gaps. This irregularity represents a significant obstacle for her, as she needs to move across a stable, continuous, and unobstructed surface. The cracks and uneven areas force her to proceed with extreme caution, causing uncomfortable jolts that affect her stability and increase the risk of mechanical damage to her wheelchair. The overgrowth, meanwhile, invades the walkable space, further reducing the available area for safe movement. This combination of factors subjects her to considerable physical strain and a constant sense of insecurity, ultimately discouraging her from approaching the location.

52.1.2.  Mrs. Normarie Berríos is aware that the structure of the sidewalk in front of Embeleko Bikers Café is significantly narrow and that the circulation space on it does not allow for adequate movement. This limitation prevents her from moving freely, as her wheelchair requires sufficient width to advance without risk of getting stuck or having to perform forced maneuvers. The reduced space not only makes it difficult to control her equipment, but also exposes her to instability and physical discomfort. Having to face a route that does not provide the necessary space or safety

to move creates both a physical and emotional burden, ultimately discouraging her from attempting to reach the entrance of the establishment.

52.1.3.   Mrs. Normarie Berríos is aware that in the area surrounding Embeleko Bikers Café, it is common for vehicles to park improperly, even encroaching on the sidewalk. This situation significantly worsens the already narrow pedestrian space, to the point of making it virtually impassable for her. Her wheelchair cannot get through the obstructed area without placing her at risk, forcing her to stop or search for alternate routes that are impossible to navigate safely. This obstruction increases her tension and forces her to dangerously move close to the street, where traffic poses a direct threat. The added physical effort and the constant concern for her safety overwhelm her, making her feel excluded from a place she would otherwise like to enjoy peacefully.

52.1.4.   Mrs. Normarie Berríos is aware that the corner in front of Embeleko Bikers Café does not have any accessible ramp that would allow her to safely go up or down from the sidewalk. This absence represents a critical barrier for her, as she requires a smooth transition between the street and the sidewalk to move independently in her wheelchair. The complete lack of a ramp forces her to stop entirely or attempt to find alternate routes that, in many cases, are equally inaccessible or simply nonexistent. This interruption in her path causes significant frustration and unnecessary physical strain, while also exposing her to dangerous situations if she tries

to navigate over high curbs. The feeling of facing an impassable limit deeply discourages her, affecting her confidence and reducing her real possibilities of accessing the location.

52.1.5. The municipality of Barranquitas has the responsibility to ensure that public sidewalks are properly maintained, guaranteeing the free and safe mobility of all its citizens. However, its inaction despite being aware of obstacles that limit accessibility constitutes a serious breach of this duty. By failing to address these barriers, the municipality perpetuates exclusion and discrimination against individuals like Normarie Berríos, undermining their fundamental right to move with dignity and independence in public spaces.

52.2. Excessively High Counters: Mrs. Normarie is aware that the yellow service and transaction counters at the establishment are excessively high, making interaction from her seated position uncomfortable and impractical. This height creates a direct barrier for her, as it prevents proper eye-level communication with staff and complicates the exchange of documents or items. This not only causes physical discomfort due to the need to reach up unnecessarily but also leads to a sense of exclusion and dependence, as she cannot complete simple tasks independently.

52.3. Counters with Blocked Front Access: Mrs. Normarie is aware that a row of chairs placed directly in front of the service counters completely blocks direct access. This arrangement prevents her from approaching the counters head-on in her wheelchair, forcing her to maneuver awkwardly or stop at a distance where effective communication and transactions become difficult. This obstruction

imposes unnecessary physical strain and creates a persistent feeling of limitation, as the area lacks a clear and accessible path to the service point.

52.4.    Counters Without Adequate Depth: Mrs. Normarie is aware that the counters in the establishment lack the necessary under-counter clearance to allow for proper frontal approach. Without this space, she is unable to position herself directly in front of the counter in her wheelchair, forcing her to remain sideways or at a distance that affects her posture and complicates interaction. This condition causes physical discomfort and limits her independence, as it prevents her from engaging in tasks from a functional and safe position.

52.5.    Counters Without Adequate Depth: Mrs. Normarie is aware that the counters in the establishment lack the necessary under-counter clearance to allow a proper frontal approach from her wheelchair. This absence of space prevents her from positioning herself directly in front of the counter, forcing her to remain sideways or at a distance that makes it difficult to hold items, write, or engage in direct conversation with staff. This situation not only strains her posture, causing tension in her arms and torso as she tries to compensate for the distance, but also limits her independence, as she cannot complete basic tasks without assistance. The inability to interact comfortably and functionally with the space reinforces a sense of dependence and exclusion, directly impacting her dignity and emotional well-being.

52.6.    Inaccessible Counter Chairs: Mrs. Normarie is aware that the chairs placed in the customer service area are excessively tall and not adapted for someone who uses a wheelchair. This setup prevents her from integrating equally into the space,

forcing her to remain isolated and without the option to rest or participate at the same level as others. The absence of an accessible alternative increases her discomfort, as she is unable to relieve the tension that accumulates in her back and shoulders. This barrier also has an emotional impact, as it highlights that her presence was not considered in the design of the area, reinforcing feelings of invisibility and marginalization.

52.7. Tables Inaccessible Due to Base Design: Mrs. Normarie is aware that the tables available at the establishment have a structural base with a horizontal bar and wide supports that prevent her from approaching them frontally in her wheelchair. This design does not allow her to place her legs underneath the table, forcing her to sit sideways or at a distance that complicates any activity, such as eating, reading, or writing. This forced posture causes muscular tension in her neck, shoulders, and back, along with constant physical discomfort from having to lean forward to reach the surface. Additionally, being unable to sit and share a table equally with others negatively affects her social experience, making her feel excluded and displaced within the space.

52.8. Inaccessible Circulation Space: Mrs. Normarie is aware that the layout of the furniture—particularly the arrangement of tables, chairs, and other elements—creates extremely narrow aisles that prevent safe and fluid movement. This setup does not allow her to maneuver her wheelchair properly, forcing her to make sharp turns, frequent reversals, and precise movements in very tight spaces. This situation places significant physical strain on her, as every attempt to move forward requires extra effort and carries the constant risk of getting stuck or

hitting obstacles. Beyond the physical impact, this barrier generates an ongoing sense of insecurity, as she cannot anticipate whether she will be able to continue her path or if she will need assistance to exit. The lack of a space with wide, clear routes directly limits her independence and leads to frustration as she navigates an environment not designed with her mobility in mind.

52.9.  To ensure that Mrs. Normarie can access Embeleko Bikers Café safely, independently, and with dignity, it is essential to implement a series of reasonable accommodations and corrective measures to eliminate the existing barriers both outside and inside the establishment. First, the sidewalk in front of the establishment must be repaired by removing cracks, leveling the surface, and clearing out the overgrown weeds that currently disrupt the stability and continuity of the path. This will provide a firm, continuous, and unobstructed walking surface, suitable for safe wheelchair navigation. Additionally, the width of the sidewalk must be expanded to allow for smooth and strain-free movement, ensuring enough space for turning and passing without forcing Mrs. Normarie to move dangerously close to vehicular traffic. To address the issue of vehicles improperly parked and obstructing the pedestrian path, clear signage and physical barriers—such as bollards or fencing—should be installed to prevent encroachment and guarantee a free, accessible route. Furthermore, an accessible curb ramp must be constructed at the corner, allowing for a safe and independent transition between the street and the sidewalk, with proper slope and non-slip surface. Inside the establishment, modifications to the service counters are necessary. At least one counter must be lowered to a height that is accessible from

a seated position, enabling comfortable, direct visual interaction with staff without requiring unnecessary reaching or physical strain. It is also crucial to ensure that no furniture—such as rows of chairs—blocks direct frontal access to these counters. These areas must remain clear and open to allow for safe and straightforward approach. Additionally, the counters must include the necessary under-counter clearance to permit frontal positioning of a wheelchair, allowing Mrs. Normarie to interact with the space comfortably and functionally without needing to sit sideways or at a distance. In terms of seating, the tall chairs currently placed in the customer service area should be replaced with accessible options or complemented by designated spaces for wheelchair users. These spaces should be fully integrated into the environment, not isolated or placed to the side, ensuring that Mrs. Normarie can participate equally in the experience. The tables must also be redesigned: those with structural bases featuring horizontal bars or wide supports that block frontal access should be replaced with models that allow full wheelchair positioning beneath the surface, enabling a natural and comfortable posture for dining, writing, or reading. Finally, the overall layout of the interior must be reorganized. The arrangement of tables, chairs, and other furnishings must be adjusted to provide wide, clear circulation routes that support safe and fluid wheelchair movement. This layout must accommodate natural turning radii and navigation needs, avoiding narrow, obstacle-filled paths that cause physical strain and increase the risk of collisions. Implementing these solutions would not only remove the identified barriers, but also foster a

genuinely accessible environment—one where Mrs. Normarie can exercise her right to mobility and participation without limitations, discomfort, or risk.

52.10.    The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow Embeleko Bikers Café to operate with numerous barriers that exclude Mrs. Normarie Berríos. By neglecting the maintenance of sidewalks in front of the café—deteriorated with multiple cracks, overgrown weeds, and significantly narrow circulation spaces—the Municipality has created hazardous and inaccessible routes that severely hinder Mrs. Berríos' mobility with her wheelchair. Additionally, the Municipality has permitted improper vehicle parking that encroaches on the sidewalk, making it virtually impassable, and has failed to install accessible ramps at the corner to allow safe transitions between the sidewalk and street. The Municipality has also allowed the establishment to maintain excessively high yellow service and transaction counters, customer service areas with blocked front access due to rows of chairs, counters without adequate under-counter clearance for proper frontal approach, inaccessible tall counter chairs not adapted for wheelchair users, tables with structural bases featuring horizontal bars and wide supports that prevent frontal approach, and furniture arrangements that create extremely narrow aisles preventing safe and fluid movement. These conditions force Mrs. Berríos to rely on assistance, endure physical strain, and face emotional distress, denying her independent access and equal enjoyment of the café's services. This ongoing pattern of negligence and improper use permitting by the Municipality not only exacerbates Mrs. Berríos' exclusion but also reflects a systemic failure to enforce accessibility regulations,

reinforcing the discrimination she experiences daily despite her desire to visit and enjoy the offerings of Embeleko Bikers Café.

### *Responsibility of the Commonwealth of Puerto Rico; Municipality of Barranquitas and Smart Food Life Inc. - Pink Bunny Frozen Yogurt*

53. Since January 2025, Mrs. Normaire Alicea has known about Pink Bunny Frozen Yogurt in Barranquitas, a dessert shop renowned for its innovative frozen yogurt flavors and a toppings bar featuring local fruits and artisanal syrups not commonly found in other establishments in the area. Customer reviews frequently highlight the shop's unique offerings, such as the passionfruit swirl and guava cheesecake blend, which particularly appeal to Mrs. Normarie due to his preference for tropical flavors and limited-sugar options that align with her preferences.

54. Attracted by the shop's creative offerings and welcoming ambiance, she plans to visit between June and July 2025 to enjoy a dessert outing with friends, an activity she finds both comforting and enjoyable. However, despite her interest in visiting, she feels discouraged and excluded from experiencing the shop due to the architectural barriers she is aware of. The barriers that prevent her from accessing the establishment are:

54.1. Inaccessible Sidewalk, Narrow Pathways, and Lack of Proper Signage: Mrs. Normarie is aware of several significant accessibility barriers in the public space surrounding Pink Bunny Frozen Yogurt in Barranquitas. The sidewalk leading to the establishment is in poor condition, making it challenging for individuals with mobility impairments. Additionally, the narrow width of the sidewalk, the absence of designated ramps at the corners, and the lack of clear signage further restrict Mrs. Normarie's ability to navigate the area independently and safely. These barriers not only create physical obstacles but also have a psychological impact,

as the thought of dealing with these accessibility issues discourages her from visiting the establishment.

54.1.1.   The sidewalk leading to Pink Bunny Frozen Yogurt is in poor condition, with overgrown grass and cracks throughout. These irregularities create an uneven surface that is difficult to navigate with a wheelchair. Mrs. Normarie alternates between a manual wheelchair, which she uses for short distances when assisted by another person, and a motorized wheelchair that allows her greater independence for longer distances or when navigating on her own. In either case, the sidewalk's poor condition presents a serious obstacle. When using her motorized wheelchair, the uneven terrain causes sudden jolts, which are physically painful and dangerous due to her chronic neuropathic pain. When using her manual wheelchair, she is entirely dependent on someone else to push and control it safely over the uneven surface. This situation significantly limits his ability to approach the establishment independently and comfortably.

54.1.2.   The width of the sidewalk is insufficient to accommodate a motorized wheelchair, especially when encountering obstacles or other pedestrians. Mrs. Normarie finds it challenging to navigate through these narrow spaces, as the limited width restricts her ability to maneuver safely. Because she has very limited function in her arms and hands, maneuvering in either type of wheelchair is physically demanding and often requires assistance. This constraint forces her to make difficult decisions about

whether to proceed or seek alternative routes, impacting her confidence and willingness to visit the establishment.

54.1.3. There are no designated ramps at the corners of the sidewalk leading to the establishment, compelling Mrs. Normarie to traverse vehicle crossings. These crossings lack proper signage or curb cuts. Navigating these areas poses a risk of sudden jolts or misalignment, which can be physically taxing and uncomfortable for Mrs. Normarie, especially when using her motorized wheelchair alone. When in her manual wheelchair, she must rely entirely on another person to safely negotiate these barriers.

54.1.4. The absence of clear signage indicating vehicle crossings adds to the unpredictability of the path. Mrs. Normarie must remain constantly vigilant to avoid potential conflicts with moving vehicles, which can be both mentally and physically exhausting. The lack of visual cues or warnings diminishes her sense of security and autonomy when approaching the establishment, regardless of which mobility device she is using.

54.1.5. Since these areas are part of the public infrastructure, the Commonwealth of Puerto Rico bears direct responsibility for failing to enforce accessibility standards in public spaces under its jurisdiction. The Commonwealth has allowed the creation of significant obstacles for Mrs. Normarie, including uneven surfaces, narrow sidewalks, and the absence of designated ramps at the corners. Furthermore, the lack of proper signage and vehicle crossings without appropriate curb cuts demonstrates

neglect of the responsibility to maintain accessible routes. These failures, along with the Commonwealth's failure to repair the deteriorating sidewalk, directly prevent Mrs. Normarie from safely and independently accessing the establishment.

54.2. Inaccessible Entrance Due to Step: The entrance has a step that directly blocks Mrs. Normarie's access. Given that she uses a motorized wheelchair for long distances and a manual wheelchair for shorter distances when assisted by someone, the step makes it impossible for her to enter the store independently. She must rely on assistance to overcome this barrier, significantly impacting her ability to access the establishment freely and without difficulty.

54.3. Inaccessible Service Counter: The service counter exhibiting ice cream toppings used for ordering and paying measures over 36 inches, making it excessively high to reach from a seated position. As Mrs. Normarie uses a wheelchair full-time and has limited body mobility in all four of her limbs, the counter's height prevents her from approaching it directly. This height makes it impossible for her to interact with the staff or make transactions independently, forcing her to seek assistance whenever she needs to complete a purchase.

54.4. Lack of Knee Clearance Beneath the Counter: Additionally, the counter lacks knee clearance beneath, further obstructing Mrs. Normarie's ability to access the counter comfortably. This absence of accessible space beneath the counter prevents her from moving either of her wheelchairs closer, making it difficult for her to complete tasks like paying for her order without relying on help from others.

54.5.    Tables with Central Support Blocking Access: The tables inside are equipped with a central support and legs that extend outward, making it difficult for Mrs. Normarie to approach them properly with either her motorized or manual wheelchair. This design forces her to maneuver around the obstacles, which not only limits her comfort but also requires her to seek help in order to sit down at a table, reducing her ability to independently enjoy her time in the establishment.

54.6.    To ensure Mrs. Normarie can visit Pink Bunny Frozen Yogurt independently and comfortably, several changes need to be made. The Commonwealth of Puerto Rico is responsible for addressing the deteriorated sidewalk, which should be repaired, cleared of overgrown grass, and made wide enough to accommodate her motorized wheelchair. Additionally, the lack of designated ramps at the corners and improper signage for vehicle crossings should be corrected to provide clear and accessible pathways. On the part of Pink Bunny Frozen Yogurt, the store must eliminate the step at the entrance and install an accessible entry to allow Mrs. Normarie to enter freely. The service counter should be lowered to an accessible height, and knee clearance should be added to accommodate her motorized wheelchair, allowing her to complete transactions independently despite her limited hand and arm function. Finally, the tables should be rearranged or modified to eliminate the central support and outward legs, allowing Mrs. Normarie to approach them easily with either her motorized or manual wheelchair. These adjustments will eliminate the barriers Mrs. Normarie faces and would encourage her to visit the establishment, as they would significantly improve her experience and independence.

54.7.    Furthermore, the Municipality of Barranquitas has failed in its responsibility by allowing Pink Bunny Frozen Yogurt to operate without ensuring accessible entrances or proper pathways for individuals with mobility impairments. The lack of adequate ramps and an accessible entrance to the store directly affects Mrs. Normarie's ability to independently access the establishment. These barriers prevent her from entering the store comfortably and limit her ability to shop freely, forcing her to rely on assistance to navigate the premises. By neglecting to address these issues, the Municipality of Barranquitas is contributing to Mrs. Normarie's exclusion and discrimination, allowing the establishment to operate with these barriers unresolved, thereby preventing her from accessing the store with the independence and dignity she deserves.

55.    The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow Pink Bunny Frozen Yogurt to operate with numerous barriers that exclude Mrs. Normarie. By neglecting the maintenance of sidewalks leading to the establishment—in poor condition with overgrown grass and cracks throughout—the Municipality has created hazardous and inaccessible routes that severely hinder Mrs. Normarie's mobility with both her motorized and manual wheelchairs. Additionally, the Municipality has permitted insufficient sidewalk width to accommodate a wheelchair, absence of designated ramps at corners forcing her to traverse vehicle crossings without proper signage or curb cuts, and lack of clear signage indicating vehicle crossings. The Municipality has also allowed the establishment to maintain an inaccessible entrance with a step that directly blocks wheelchair access, a service counter exhibiting ice cream toppings that measures over 36 inches in height making it impossible to reach from a

seated position, lack of knee clearance beneath the counter preventing her from moving her wheelchair closer, and tables equipped with central supports and outward-extending legs that obstruct proper approach. These conditions force Mrs. Normarie to rely on assistance, endure physical pain from sudden jolts over uneven terrain (particularly harmful due to her chronic neuropathic pain), and face emotional distress, denying her independent access and equal enjoyment of the yogurt shop's services. This ongoing pattern of negligence and improper use permitting by the Municipality not only exacerbates Mrs. Normarie's exclusion but also reflects a systemic failure to enforce accessibility regulations, reinforcing the discrimination she experiences daily despite her desire to visit and enjoy the offerings of Pink Bunny Frozen Yogurt.

### *Responsibility of the Municipality of Barranquitas and Castillo de los Pollos BBQ Corp. - El Castillo de los Pollos  BBQ #2*

56.    The restaurant El Castillo de los Pollos BBQ #2 has earned an excellent reputation for offering truly delicious food, especially known for its perfectly seasoned and cooked ribs and chicken. In addition, its fried sweet potatoes and beans are considered some of the best side dishes, with a unique flavor that perfectly complements the main courses. The combination of these fresh and flavorful ingredients makes the place very popular among diners. For these reasons, Mrs. Normarie Alicea Berríos is particularly interested in visiting this restaurant to enjoy its excellent culinary offerings. However, since February 2025, she has been aware of the presence of architectural barriers at the establishment, which has discouraged her from doing so. These barriers hinder her access and expose her to physical and emotional difficulties. Despite this, Mrs. Normarie plans to visit El Castillo de los Pollos BBQ #2 within the next six months, hoping that the accessibility

issues will be resolved so that she can enjoy the dining experience without obstacles. The barriers that discourage her are as follows:

56.1.    Deteriorated Sidewalk: Ms. Normarie is aware that the sidewalk in front of the restaurant is deteriorated, with cracks and potholes. Due to her C6-C7 quadriplegia, which limits her strength and muscle control, she must carefully maneuver her wheelchair to avoid getting stuck or tipping over. The uneven surface requires considerable physical effort, increasing her fatigue and discomfort, as her weakened muscles must compensate to overcome the obstacles. This situation causes additional pain, raises the risk of injury, and worsens her overall discomfort. The constant difficulty in navigating these barriers discourages her and makes her feel excluded, leading her to avoid the location.

56.2.    Lack of Ramp: Ms. Normarie is aware that there is no ramp to transition from the street to the sidewalk, forcing her to overcome curbs and other obstacles without proper support. Her quadriplegia limits her strength in her arms and hands, making this effort extremely difficult and painful. She must exert considerable physical effort to get onto the sidewalk, straining her weakened muscles, causing intense pain and excessive fatigue. Additionally, the risk of losing control of her wheelchair or falling is high, generating feelings of insecurity and frustration. This barrier forces her to make uncomfortable and forced movements, negatively affecting her physical and emotional well-being, and discouraging her from visiting the restaurant.

56.2.1.    The Municipality of Barranquitas has a clear obligation to ensure the accessibility of public spaces for all individuals, including Ms. Normarie

Alicea Berríos. As part of its responsibility, the municipality must address any barriers that hinder the mobility and independence of people with disabilities. The deteriorated sidewalk and lack of a proper ramp in front of the restaurant are clear examples of the municipality's failure to meet these obligations. By allowing these barriers to persist, the municipality is not only neglecting its duty to provide accessible pathways, but it is also directly affecting Ms. Normarie, who relies on a wheelchair for mobility due to her C6-C7 quadriplegia. This inaction forces Ms. Normarie to navigate dangerous and uncomfortable conditions, increasing her physical strain and discomfort. The municipality's responsibility is to correct these issues to ensure that all individuals, regardless of their mobility limitations, can access public spaces safely and without barriers. By failing to do so, the municipality is perpetuating a situation of exclusion that negatively impacts Ms. Normarie's well-being and her ability to participate in community activities.

56.3.    Lack of Continuous Accessible Route From the Parking Lot: Ms. Normarie Alicea Berríos is aware that there is no continuous accessible route from the parking area to El Castillo de los Pollos. Although there is a sidewalk in front of the establishment, the absence of a properly marked, continuous, and level path prevents her from safely traveling from her vehicle to the entrance. Due to her C6-C7 quadriplegia, which severely limits her muscle strength and control, especially in her arms and hands, maneuvering her wheelchair over uneven surfaces and obstacles is extremely difficult. This barrier causes unnecessary

physical effort, increases her fatigue and pain, and limits her independence, currently discouraging her from visiting the location.

56.4.   Absence of Vertical Signage or Accessible Parking Space: She is also aware that El Castillo de los Pollos lacks vertical signage and designated accessible parking spaces for individuals with disabilities. This absence makes it difficult for her to locate a reserved spot for her needs, forcing her to park in regular spaces often farther from the entrance. Given her limited upper body strength caused by quadriplegia, traveling this longer distance requires additional effort to maneuver her wheelchair or rely on assistance, increasing her exhaustion and discomfort. This situation discourages her from visiting the establishment.

56.5.   Service Counter Too High and Lacking Knee Clearance: Ms. Normarie also knows that the service counter is excessively high and lacks adequate knee clearance, preventing her from comfortably using it from her wheelchair. This architectural barrier hinders her ability to reach the surface to make payments or communicate with staff. The inadequate height forces her to stretch or adjust her position in painful and risky ways due to her limited muscle control in her shoulders and arms caused by quadriplegia. This creates dependence on others and feelings of frustration, discouraging her from visiting the restaurant.

56.6.   Insufficient Space Between Tables: Finally, she knows that the space between tables is insufficient, severely restricting her mobility inside the establishment. The narrow aisles are impossible to navigate safely using her wheelchair, and the tight space makes precise maneuvers difficult due to her limited muscle control. This causes anxiety about bumping into tables, chairs, or other people. The lack of

freedom to move compromises her autonomy, affects her dignity by forcing her to constantly ask for assistance, and creates a stressful experience that discourages her from visiting the restaurant.

56.7.  To address the accessibility barriers affecting Ms. Normarie Alicea Berríos, both the Municipality of Barranquitas and El Castillo de los Pollos BBQ #2 must work together to implement the necessary changes. The deteriorated sidewalk should be repaired by fixing cracks and potholes to create a smooth, even surface. A properly marked, continuous accessible route with a ramp of adequate width and contrasting color must be installed to ensure her safe navigation from the parking area to the entrance. The parking lot should include designated accessible spaces closer to the entrance, accompanied by clear vertical signage for proper identification. Additionally, the service counter at El Castillo de los Pollos needs to be lowered to provide sufficient knee clearance so Ms. Normarie can interact comfortably without relying on others. Inside the restaurant, the seating layout should be redesigned to allow more space between tables, enabling her to move freely without the risk of collisions. These modifications, carried out jointly by the municipality and the restaurant, would reduce her physical strain, discomfort, and frustration, allowing her to enjoy her visit independently and with dignity.

56.8.  The Municipality of Barranquitas has failed to uphold accessibility standards by issuing use permits that allow El Castillo de los Pollos BBQ #2 to operate with numerous barriers that exclude Mrs. Normarie Alicea Berríos. By neglecting the maintenance of sidewalks in front of the restaurant—deteriorated with cracks and potholes—the Municipality has created hazardous and inaccessible routes that

severely hinder Mrs. Berríos' mobility due to her C6-C7 quadriplegia, which limits her strength and muscle control. Additionally, the Municipality has permitted the absence of ramps to transition from the street to the sidewalk, forcing her to overcome curbs without proper support despite her limited arm and hand strength. The Municipality has also allowed the establishment to maintain lack of a continuous accessible route from the parking area to the entrance, absence of vertical signage and designated accessible parking spaces for individuals with disabilities, a service counter that is excessively high and lacks adequate knee clearance preventing comfortable wheelchair access, and insufficient space between tables with narrow aisles that severely restrict mobility inside the establishment. These conditions force Mrs. Berríos to endure considerable physical effort that increases her fatigue and pain, risk losing control of her wheelchair, and face emotional distress, denying her independent access and equal enjoyment of the restaurant's excellent culinary offerings including their renowned seasoned ribs, chicken, fried sweet potatoes, and beans. This ongoing pattern of negligence and improper use permitting by the Municipality not only exacerbates Mrs. Berríos' exclusion but also reflects a systemic failure to enforce accessibility regulations, reinforcing the discrimination she experiences daily despite her strong interest in visiting El Castillo de los Pollos BBQ #2 within the next six months.

### E. The Failure of the Municipality of Barranquitas and the Commonwealth of Puerto Rico to Ensure Accessibility in Public Spaces

57. The Municipality of Barranquitas and the Commonwealth of Puerto Rico have continuously failed to address the accessibility barriers that prevent Mr. Carlos R. Ortiz

116

Rodríguez and Ms. Normarie Alicea Berríos from moving safely and independently within this community. The sidewalks and curb ramps throughout the municipality, including those adjacent to the co-defendant establishments in this Complaint, are in severe disrepair. These essential pathways, which should be accessible to individuals with disabilities, instead have cracks, uneven surfaces, obstructions caused by illegally parked vehicles, and overgrown vegetation, making it nearly impossible for Mr. Ortiz to navigate them using his motorized wheelchair and cane, and for Ms. Alicea Berríos to move safely using her manual and motorized wheelchairs.

58. Mr. Ortiz and Ms. Alicea Berríos have encountered numerous difficulties when attempting to move around the Municipality of Barranquitas, which have hindered their ability to engage in daily activities. Despite Mr. Ortiz's reliance on a motorized wheelchair and cane for mobility, and Ms. Alicea Berríos's dependence on manual and motorized wheelchairs, the lack of proper infrastructure has left them feeling unsafe and excluded. The poor condition of the sidewalks, ramps, and other public spaces in the municipality exacerbates their physical limitations, causing unnecessary pain and fatigue as they attempt to move through these areas. For Mr. Ortiz, his muscular dystrophy/Becker condition makes navigating deteriorated surfaces particularly challenging, while Ms. Alicea Berríos's C6-C7 quadriplegia and chronic neuropathic pain are worsened by the jolting movements required to traverse uneven terrain. These persistent barriers have caused significant emotional and physical distress, further limiting their ability to access businesses, essential services, and public spaces on equal terms with others.

117

59.    Additionally, the lack of proper landing areas and the unsafe transitions between curb ramps and the roadway further obstruct Mr. Ortiz's and Ms. Alicea Berríos's movement, often forcing them to resort to dangerous alternatives just to reach their destinations. As individuals with significant mobility impairments—Mr. Ortiz with muscular dystrophy/Becker that affects his hip, thigh, and shoulder muscles, and Ms. Alicea Berríos with C6-C7 quadriplegia resulting in limited motor function in all four limbs and chronic neuropathic pain—both plaintiffs rely on stable and accessible infrastructure to navigate public spaces. However, the Municipality of Barranquitas and the Commonwealth of Puerto Rico have failed to maintain their sidewalks and curb ramps, creating significant barriers that prevent them from accessing businesses, services, and public spaces in the same manner as individuals without disabilities.

60.    Despite its responsibility to ensure accessibility, the Municipality of Barranquitas and the Commonwealth of Puerto Rico have failed to enforce proper maintenance and compliance with the Americans with Disabilities Act (ADA) and other applicable accessibility standards. Their inaction has not only rendered public sidewalks inaccessible but has also significantly obstructed Mr. Carlos R. Ortiz Rodríguez's and Ms. Normarie Alicea Berríos's ability to navigate the municipality safely and independently, forcing them to avoid entire areas due to their hazardous conditions. As individuals with significant mobility impairments—Mr. Ortiz with muscular dystrophy/Becker that causes progressive muscle weakness in his hips, thighs, and shoulders, requiring the use of a motorized wheelchair for long distances and a cane for shorter walks, and Ms. Alicea Berríos with C6-C7 quadriplegia resulting in complete dependence on wheelchairs and experiencing chronic neuropathic pain—both plaintiffs face daily challenges caused by

118

the Municipality of Barranquitas and the Commonwealth of Puerto Rico's failure to provide safe, accessible pedestrian routes, effectively restricting their freedom of movement and full participation in public life.

61.    The Municipality of Barranquitas has also failed to regulate parking violations, allowing vehicles to obstruct curb ramps and pedestrian pathways, further limiting Mr. Carlos R. Ortiz Rodríguez's and Ms. Normarie Alicea Berríos's ability to move freely and safely. Despite the clear need to implement and enforce parking restrictions, local authorities have neglected to install proper signage, impose penalties, or take corrective measures to prevent illegal parking in these critical areas. As a result, Mr. Ortiz and Ms. Alicea Berríos often find themselves unable to access businesses, sidewalks, and public spaces, forcing them to alter their plans, take unsafe routes, or abandon visits altogether. For Mr. Ortiz, whose motorized wheelchair requires stable surfaces and adequate space for maneuvering, and for Ms. Alicea Berríos, whose wheelchair navigation is complicated by her limited arm and hand function, illegally parked vehicles create insurmountable obstacles that force dangerous detours into traffic areas. This failure to address illegal parking exacerbates the already significant accessibility barriers they face, further restricting their independence and full participation in the community.

62.    arked on pedestrian pathways, and gravel or rocky surfaces in parking areas that make mobility extremely difficult for wheelchairs. Additionally, the lack of proper landing areas and abrupt changes in elevation between sidewalks and roadways further hinder safe mobility for individuals who rely on assistive devices such as motorized wheelchairs, manual wheelchairs, and canes. Other barriers Mr. Ortiz and Ms. Alicea Berríos have encountered include excessively high counters that prevent independent

119

transactions, cramped and obstructed restrooms with improperly placed grab bars, entrances with steps or heavy doors that limit access, tables with restrictive support bars that prevent wheelchair approach, narrow aisles that hinder movement, and inaccessible seating areas with high stools or inadequate space for wheelchairs. The deterioration of access ramps, inadequate vertical signage in accessible parking spaces, and the lack of designated accessible routes from parking areas further exacerbate these accessibility issues.

63.    By issuing and renewing use permits without requiring compliance with accessibility standards, the Municipality of Barranquitas has enabled this widespread failure to provide safe and accessible infrastructure, significantly restricting Mr. Ortiz's and Ms. Alicea Berríos's ability to navigate these spaces independently, forcing them to alter their plans, take unsafe routes, or avoid these establishments altogether.

64.    The Municipality of Barranquitas has long been aware of these conditions but has neglected to require businesses to comply with accessibility laws. This lack of enforcement has allowed these businesses to continue operating without ensuring safe and accessible entry for individuals like Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos. As a result, they are often forced to take unsafe alternative routes, exert excessive physical effort to navigate these hazardous conditions, or abandon their visits altogether. The continued failure to address these accessibility barriers denies Mr. Ortiz and Ms. Alicea Berríos the same freedom of movement and community participation available to individuals without disabilities, reinforcing a discriminatory and exclusionary environment within the municipality. By knowingly allowing these barriers to persist, the

Municipality of Barranquitas has systematically denied Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos equal access to public spaces.

65. Their failure to maintain sidewalks, regulate parking, and enforce accessibility standards at the co-defendant establishments demonstrates a blatant disregard for the rights and safety of individuals with disabilities.

66. The presence of cracked and uneven sidewalks, missing or improperly designed curb ramps, obstructions from illegally parked vehicles, overgrown vegetation, gravel or unstable surfaces in parking areas, and deteriorated access ramps significantly hinders Mr. Ortiz's ability to navigate with his motorized wheelchair and cane, and Ms. Alicea Berríos's ability to move safely with her manual and motorized wheelchairs. Additionally, businesses continue to operate without providing accessible entry routes, further exacerbating the exclusion they experience.

67. The combination of these systemic failures effectively prevents them from accessing businesses, services, and public spaces under the same conditions as individuals without disabilities, perpetuating a discriminatory and exclusionary environment.

F. **Violations of Title III of the Americans with Disabilities Act (ADA) by Places of Public Accommodation**

68. The defendants Cafetalito LLC; Restaurante Li Kent Inc.; WTRR Restaurant LLC; SZ Bakery LLC; Panaderia y Reposteria High Bakery Inc.; Smart Food Life Inc.; Centro Comercial San Cristobal de Barranquitas, Inc.; Satinarab, LLC; SM Furniture Barranquitas Inc.; Castillo de los Pollos BBQ Corp.; 7 Barrios LLC; Los Brother's Bar & Grill LLC; Kiki's Pizza, Inc.; and AM Bistro Bar LLC (hereinafter, "Co-Defendants"), identified in this Complaint as operators of places of public accommodation, are subject to the requirements of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C.

§ 12181 et seq., which mandates ensuring accessibility and equitable participation for individuals with disabilities in their facilities.

69. Despite this legal obligation, these defendants, with the tacit approval of the Municipality of Barranquitas, continue to operate in violation of the ADA by failing to provide safe and accessible entry to their establishments. All co-defendants identified in this Complaint are included because they operate with significant architectural barriers while holding use permits that were issued irregularly by the Municipality of Barranquitas without due care and proper oversight. Had adequate processes been followed and accessibility compliance been properly verified before permit issuance, these establishments would not be operating while remaining inaccessible and violating the ADA.

70. The Co-Defendants have failed to comply with the ADA by maintaining architectural barriers that prevent Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos from freely accessing their facilities. These violations include, but are not limited to:

70.1.   Lack of properly designated accessible parking spaces, including van-accessible spaces, failing to meet ADA parking standards.

70.2.   Absence of clear signage for accessible parking, allowing unauthorized vehicles to occupy these spaces, further restricting access.

70.3.   Damaged or improperly designed parking lots, with excessive slopes, cracks, potholes, and moisture accumulation, making it unsafe or impossible for individuals using mobility aids to navigate.

70.4.    Entrances with steps and no ramps, completely barring independent access to establishments for individuals who rely on mobility devices such as motorized wheelchairs, manual wheelchairs, and canes.

70.5.    Unmarked or poorly designed ramps, failing to provide a safe and functional alternative to stairs.

70.6.    Narrow entrance doors requiring significant effort to open, creating barriers for individuals with limited muscle strength due to conditions such as muscular dystrophy.

70.7.    Obstructed main entrances with uneven floor mats, black mats, or other obstacles that interfere with wheelchair movement and create safety hazards.

70.8.    Unstable flooring with loose stones, rugs, or uneven surfaces, creating hazardous conditions that make it difficult for individuals using mobility devices to move safely.

70.9.    Illegally placed structures, such as posts, columns, planters, and decorative elements, obstructing interior and exterior spaces and preventing individuals from maneuvering freely.

70.10.    Excessively high service counters, restricting plaintiffs' ability to interact with staff or complete transactions independently due to their reliance on wheelchairs and mobility aids.

70.11.    Counters lacking adequate depth and knee clearance, preventing a frontal approach for individuals with mobility disabilities, forcing them to remain at an uncomfortable distance or awkward angles.

70.12.   Excessively high bar and transaction counters, further limiting the ability of individuals with mobility impairments to receive service independently.

70.13.   Counters with blocked front access due to permanently placed chairs or other obstacles, preventing wheelchair users from approaching service areas directly.

70.14.   Obstructed pathways inside and outside the establishments, including narrow aisles, improperly placed furniture, vending machines, cleaning equipment, plants, decorative items, and obstacles such as trash bins, further limiting accessibility.

70.15.   Reduced circulation space due to closely arranged tables, chairs, and other furnishings, making wheelchair navigation difficult or impossible.

70.16.   Inaccessible dining areas, where tables lack adequate knee clearance, have central supports with horizontal bars, or are positioned in ways that prevent individuals using mobility devices from seating comfortably.

70.17.   Tables with thick central bases, lower bars, or structural designs that prevent proper frontal wheelchair approach.

70.18.   Inaccessible seating with excessively tall chairs or fixed seating arrangements that do not accommodate wheelchair users.

70.19.   Inaccessible terraces and outdoor seating areas, where the arrangement of tables and flooring design prevents individuals using wheelchairs from accessing these spaces.

70.20.   Elevated dining areas accessible only by steps without functional ramps, creating complete physical barriers for wheelchair users.

70.21.    Restrooms that are completely inaccessible, either due to narrow doors, lack of maneuvering space, missing grab bars, or improper height of restroom fixtures.

70.22.    Lack of clear signage for accessible restrooms and universal accessibility signage, forcing individuals with mobility impairments to search for suitable facilities, leading to excessive fatigue and uncertainty.

70.23.    Limited interior space, with furniture and other obstacles preventing individuals with mobility disabilities from comfortably moving around and accessing services.

70.24.    Inaccessible cafeteria displays that are too high for wheelchair users to reach independently.

70.25.    Lack of accessible checkout counters with the International Symbol of Accessibility and adequate design for wheelchair approach.

70.26.    Narrow checkout aisle spacing that prevents safe wheelchair passage.

70.27.    Merchandise poorly placed in aisles, obstructing pathways and making navigation difficult for mobility aid users.

71.    These barriers, among others, prevent Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos from enjoying equal access to these establishments, effectively excluding them from fully participating in their community. The Co-Defendants' failure to remove these obstacles demonstrates a clear violation of their obligations under the ADA.

72.    The lack of enforcement by the Municipality of Barranquitas has resulted in the creation of widespread architectural barriers that severely impact individuals with mobility impairments, including Mr. Ortiz and Ms. Alicea Berríos, who are often forced to navigate unsafe conditions, alter their plans, or avoid these businesses altogether. As a

result, they are deprived of the ability to access essential goods and services available to the general public, reinforcing their exclusion from spaces that should be accessible to all individuals, regardless of their mobility limitations. The continued inaction of the Municipality of Barranquitas and the Co-Defendants not only violates federal accessibility laws but also perpetuates systemic discrimination against individuals with disabilities, denying them equal opportunities to participate fully in their community.

### G. Violations of Title II of the Americans with Disabilities Act (ADA) by the Municipality of Barranquitas and the Commonwealth of Puerto Rico

73.    The Municipality of Barranquitas and the Commonwealth of Puerto Rico have an affirmative legal duty to ensure that public sidewalks, curb ramps, and pedestrian pathways within their jurisdiction comply with accessibility requirements and remain free from barriers that obstruct individuals with mobility impairments. However, these governmental entities have systematically failed to fulfill this obligation, thereby creating an environment that is unsafe, exclusionary, and discriminatory for individuals with disabilities, such as Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos. This ongoing failure to address and remediate accessibility barriers denies individuals with disabilities equal access to public spaces and services, reinforcing systemic discrimination and restricting their full participation in the community.

74.    The Municipality of Barranquitas and the Commonwealth of Puerto Rico bear direct responsibility for the ongoing maintenance, repair, and regulation of sidewalks and curb ramps throughout their jurisdiction, including those surrounding the Co-Defendant establishments identified in this Complaint, which Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos have considered visiting. This responsibility extends to ensuring that pedestrian pathways are maintained in an accessible condition, free from hazardous

126

defects, and that they meet the standards outlined in the 2023 Public Right-of-Way Accessibility Guidelines (PROWAG). However, these governmental entities have failed to uphold this duty, allowing accessibility barriers to persist and preventing individuals with mobility impairments from navigating public spaces safely and independently.

75. Despite this legal obligation, the Municipality of Barranquitas and the Commonwealth of Puerto Rico have allowed public sidewalks and curb ramps to remain in severe disrepair, with broken pavement, cracks, potholes, overgrown vegetation, and abrupt transitions that make them impassable for individuals using motorized wheelchairs, manual wheelchairs, canes, or other mobility aids. Additionally, they have failed to regulate illegal parking practices, resulting in vehicles obstructing curb ramps and pedestrian pathways, further restricting Mr. Ortiz's and Ms. Alicea Berríos's ability to navigate these areas independently and safely. This persistent failure to address accessibility barriers not only violates federal accessibility laws but also forces individuals with mobility impairments to endure hazardous conditions, limiting their freedom of movement and full participation in public life.

76. The lack of enforcement and corrective action by the Municipality of Barranquitas and the Commonwealth of Puerto Rico has subjected Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos to serious risks to their personal safety, dignity, and mobility. Due to the pervasive inaccessibility of sidewalks, they are frequently forced to take dangerous, unregulated detours, including moving onto the street, where they are directly exposed to vehicular traffic. This places them in immediate danger of being struck by moving vehicles and causes significant physical and emotional distress. For Mr. Ortiz, whose muscular dystrophy limits his ability to make sudden movements or quickly react

to unexpected situations, and for Ms. Alicea Berríos, whose quadriplegia restricts her motor function and reaction capabilities, these dangerous conditions are particularly threatening. Furthermore, the inconsistent and unsafe pedestrian routes prevent them from fully participating in daily activities, such as attending medical appointments, shopping, or engaging in recreational outings. The continued failure of these governmental entities to ensure accessible pedestrian pathways has effectively excluded Mr. Ortiz and Ms. Alicea Berríos from accessing essential services and public spaces, reinforcing systemic discrimination against individuals with mobility impairments.

77. The sidewalk system surrounding the Co-Defendant establishments serves as an essential pedestrian route for Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos and other individuals with disabilities. However, due to the combined negligence of the Municipality of Barranquitas, the Commonwealth of Puerto Rico, and the Co-Defendants, this route is entirely unreliable and unsafe. The governmental entities' inaction has severely compromised connectivity and pedestrian flow, creating insurmountable obstacles for individuals who rely on mobility aids such as motorized wheelchairs, manual wheelchairs, and canes. As a result, Mr. Ortiz and Ms. Alicea Berríos are frequently unable to access businesses, services, and public spaces safely and independently, further reinforcing their exclusion from areas that should be fully accessible under the law.

78. By allowing these barriers to persist, the Municipality of Barranquitas and the Commonwealth of Puerto Rico are in systematic violation of Title II of the ADA, 42 U.S.C. § 12131 et seq., which mandates that public entities ensure accessibility and prohibit discrimination against individuals with disabilities in the provision of services,

programs, and activities. The design, maintenance, and enforcement of accessibility standards for public sidewalks and curb ramps constitute a core governmental responsibility under Title II. Therefore, the failure of these governmental entities to implement and enforce accessibility regulations constitutes discrimination in a pattern and practice of exclusion, depriving Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos and others with mobility disabilities of their right to full and equal access to public spaces. This ongoing failure denies them the ability to navigate public areas safely and independently, reinforcing systemic barriers that prevent their full participation in community life.

**H. Violation of Section 504 of the Rehabilitation Act by the Municipality of Barranquitas and the Commonwealth of Puerto Rico**

79. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, prohibits discrimination on the basis of disability in programs and activities that receive federal financial assistance. As recipients of federal funds, the Municipality of Barranquitas and the Commonwealth of Puerto Rico are legally obligated to ensure accessibility and prevent discrimination against individuals with disabilities in all services, programs, and activities under their jurisdiction, including the maintenance and regulation of public sidewalks, curb ramps, and pedestrian pathways. Despite this clear legal obligation, the Municipality of Barranquitas and the Commonwealth of Puerto Rico have engaged in systemic discrimination by failing to take affirmative actions to remove architectural barriers from their pedestrian infrastructure and by allowing sidewalks to be blocked by illegally parked vehicles. The continued inaction and failure to enforce accessibility regulations have directly resulted in the exclusion of Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos from a fundamental public service—safe and accessible

pedestrian pathways. This failure constitutes a clear violation of Section 504 and reflects intentional discrimination against Mr. Ortiz and Ms. Alicea Berríos based on their disabilities.

80.    The Municipality of Barranquitas and the Commonwealth of Puerto Rico have been fully aware of the hazardous conditions of their sidewalks and curb ramps, including broken pavement, missing landing areas, potholes, cracks, and abrupt level changes, yet have chosen not to take corrective measures. Additionally, they have failed to implement parking enforcement policies, allowing vehicles to illegally obstruct designated pedestrian access points, curb ramps, and sidewalks, further restricting Mr. Ortiz's ability to navigate with his motorized wheelchair and cane, and Ms. Alicea Berríos's ability to move safely with her manual and motorized wheelchairs.

81.    By allowing these barriers to persist, the Municipality of Barranquitas and the Commonwealth of Puerto Rico have effectively denied Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos the use and enjoyment of public spaces, in direct violation of Section 504. Their failure to ensure compliance with federal accessibility standards has forced Mr. Ortiz and Ms. Alicea Berríos to either risk injury by navigating hazardous pedestrian routes or remain confined to their homes, thereby depriving them of their right to participate in everyday community life on equal terms with others.

82.    The discriminatory conduct by the Municipality of Barranquitas and the Commonwealth of Puerto Rico extends beyond mere negligence and constitutes a deliberate pattern of exclusion that violates the fundamental principles of Section 504. By consistently issuing and renewing use permits to commercial establishments without requiring compliance with accessibility standards, these governmental entities have created a systematic barrier

that prevents Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos from accessing essential services, goods, and community activities that are readily available to individuals without disabilities.

83. The failure to maintain accessible pedestrian infrastructure represents a direct denial of program access under Section 504. Mr. Ortiz, whose muscular dystrophy/Becker condition requires stable surfaces and adequate space for maneuvering his motorized wheelchair, and Ms. Alicea Berríos, whose C6-C7 quadriplegia necessitates smooth, unobstructed pathways to prevent exacerbation of her chronic neuropathic pain, are systematically excluded from participating in federally funded programs and services due to the inaccessible conditions maintained by the defendants. This exclusion affects their ability to access public transportation, municipal services, emergency services, and other federally funded programs that require safe pedestrian access.

84. The Municipality of Barranquitas and the Commonwealth of Puerto Rico's failure to take reasonable steps to ensure program accessibility constitutes intentional discrimination under Section 504. Despite having actual knowledge of the barriers faced by individuals with disabilities in their jurisdiction, and despite having the authority and resources to address these barriers, these entities have chosen to prioritize other municipal activities over compliance with federal disability rights laws. This deliberate indifference to the accessibility needs of Mr. Ortiz and Ms. Alicea Berríos demonstrates a clear violation of their civil rights under Section 504.

85. The ongoing violations of Section 504 have resulted in Mr. Ortiz and Ms. Alicea Berríos being constructively excluded from programs and activities that receive federal financial assistance. Their inability to safely navigate public sidewalks and access commercial

establishments effectively bars them from participating in community events, accessing social services, utilizing public facilities, and engaging in the civic life of their municipality. This exclusion is not incidental but is the direct and foreseeable result of the defendants' failure to fulfill their obligations under federal law.

86.    Furthermore, the Municipality of Barranquitas and the Commonwealth of Puerto Rico have failed to provide effective communication and grievance procedures that would allow Mr. Ortiz and Ms. Alicea Berríos to report accessibility barriers and seek remediation. This failure to establish adequate procedures for addressing disability-related complaints further violates Section 504's requirements and demonstrates the defendants' systematic disregard for the rights of individuals with disabilities in their jurisdiction.

**I.    Use Permits Granted in Violation of Accessibility Laws**

87.    The Municipality of Barranquitas has systematically granted and maintained use permits for the Co-Defendants identified in this Complaint, despite their failure to comply with accessibility laws. As a result, these establishments have been allowed to operate despite the existence of significant architectural barriers that prevent individuals with disabilities, such as Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos, from accessing their facilities safely and independently. This institutionalized practice of non-compliance has resulted in the issuance of permits based on false or incomplete information, leading to the continued operation of establishments that do not meet the legal standards for accessibility. The Municipality of Barranquitas has implemented and maintained a systematic practice of granting permits to non-compliant businesses while knowingly

disregarding accessibility violations, creating a coordinated system of discrimination that serves as the central hub connecting all defendants in this pattern of exclusion.

88.    Specifically, the Co-Defendants identified in this Complaint failed to meet accessibility requirements at the time of their permit applications and continue to operate in violation of the law through a coordinated arrangement with the Municipality that benefits both parties financially, as follows:

88.1.    The Co-Defendants fraudulently certified that their establishments had accessible entrances and routes, yet they maintain permanent obstacles including narrow entrance doors, steps without ramps, uneven floor mats, and decorative elements that prevent individuals with disabilities from safely accessing them.

88.2.    In their permit applications, the Co-Defendants misrepresented that they provided the legally required maneuvering space for individuals using mobility aids, when the actual space is significantly smaller than the minimum legal requirement due to closely arranged furniture, narrow aisles, and obstructed pathways, making it impossible for Mr. Ortiz and Ms. Alicea Berríos to move freely with their wheelchairs and mobility devices.

88.3.    The Co-Defendants concealed the fact that their service counters exceed the legally permitted height for accessibility and lack adequate knee clearance, making them inadequate and unusable for individuals with mobility impairments who use wheelchairs, such as Mr. Ortiz and Ms. Alicea Berríos.

88.4.    The permit applications falsely certified that the restroom facilities met accessibility requirements, yet in reality, these establishments either lack

accessible restrooms entirely or have insufficient maneuvering space, missing grab bars, and inadequate universal accessibility signage.

88.5.    The Co-Defendants failed to disclose that they arrange tables with central supports, horizontal bars, and thick bases that prevent wheelchair approach, eliminating accessible seating options and forcing individuals with disabilities to remain excluded from dining areas.

88.6.    The Co-Defendants misrepresented compliance with accessible parking requirements, failing to provide the correct number of accessible spaces, failing to designate van-accessible spaces, neglecting to install proper signage and markings at appropriate heights, and allowing poor placement of spaces far from entrances, creating additional barriers that prevent safe and independent access.

89.    Additionally, through their coordinated participation in the Municipality's permitting scheme, the Co-Defendants continue to maintain significant accessibility barriers in violation of the ADA, benefiting financially from avoiding costly compliance modifications while the Municipality collects substantial permit fees, licensing fees, and ongoing business tax revenue in exchange for non-enforcement of accessibility requirements, including but not limited to:

89.1.    Lack of properly designated accessible parking spaces, including van-accessible spaces, failing to meet ADA parking standards.

89.2.    Absence of clear signage for accessible parking at proper heights and visibility, allowing unauthorized vehicles to occupy these spaces, further restricting access.

89.3.    Damaged or improperly designed parking lots, with excessive slopes, cracks, potholes, and moisture accumulation, making it unsafe or impossible for individuals using wheelchairs and mobility aids to navigate.

89.4.    Entrances with steps and no ramps, narrow doors requiring significant effort to open, and obstructed thresholds with uneven mats, completely barring independent access to establishments for individuals who rely on mobility devices such as motorized wheelchairs, manual wheelchairs, and canes.

89.5.    Unmarked or poorly designed ramps that are blocked by traffic cones or other obstacles, failing to provide a safe and functional alternative to stairs.

89.6.    Unstable flooring with loose rugs, uneven surfaces, and shifting materials, creating hazardous conditions that make it difficult for individuals using mobility devices to move safely.

89.7.    Illegally placed structures, such as planters, decorative elements, posts and columns, obstructing interior and exterior spaces and preventing individuals from maneuvering freely.

89.8.    Excessively high service counters without accessible sections, restricting Mr. Ortiz's and Ms. Alicea Berríos's ability to interact with staff or complete transactions independently due to their reliance on wheelchairs.

89.9.    Counters lacking adequate depth and knee clearance, preventing a frontal approach for individuals with mobility disabilities, forcing them to remain at uncomfortable distances or awkward angles.

89.10.   Excessively high bar and transaction counters with blocked front access due to permanently placed chairs, further limiting the ability of individuals with mobility impairments to receive service.

89.11.   Obstructed pathways inside and outside the establishments, including narrow aisles, improperly placed furniture, vending machines, cleaning equipment, plants, decorative items, and obstacles such as trash bins, merchandise boxes, and loose rugs, further limiting accessibility.

89.12.   Inaccessible dining areas, where tables lack adequate knee clearance, have central supports with horizontal bars, thick bases, or are positioned in ways that prevent individuals using mobility devices from seating comfortably.

89.13.   Inaccessible elevated dining areas accessible only by steps without functional ramps, and outdoor seating areas where the arrangement of tables and flooring design prevents individuals using wheelchairs from accessing these spaces.

89.14.   Restrooms that are completely inaccessible, either due to narrow doors, lack of maneuvering space, missing grab bars, improper height of restroom fixtures, or complete absence of accessible facilities.

89.15.   Lack of clear universal accessibility signage for restrooms and other facilities, forcing individuals with mobility impairments to search for suitable facilities, leading to excessive fatigue, uncertainty, and discomfort.

89.16.   Limited interior space, with furniture arrangements creating narrow circulation paths and other obstacles preventing individuals with mobility disabilities from comfortably moving around and accessing services.

90.    By knowingly benefiting from municipal non-enforcement, making substantively identical misrepresentations in permit applications regarding ADA compliance, and continuing to operate with barriers under the Municipality's protective umbrella, the Co-Defendants participate in a coordinated system where each business understands that the Municipality grants permits despite non-compliance and systematically fails to enforce accessibility requirements. This arrangement creates the connecting rim that justifies joinder of all defendants in addressing the systematic failure that has allowed accessibility barriers to persist despite decades of enforcement efforts.

91.    The coordinated conduct between the Municipality and business defendants constitutes a deliberate scheme to circumvent federal accessibility requirements while maintaining the financial benefits of non-compliance. Evidence demonstrates that municipal officials conducted pre-approval site inspections where non-compliance would have been readily apparent to any reasonable inspector, yet knowingly approved these applications and issued operating permits. This pattern of willful blindness, combined with the Municipality's receipt of substantial revenue from these businesses, establishes the existence of a common goal among all participants to maintain the status quo of inaccessibility.

92.    The Municipality has issued zero citations for accessibility violations to any defendant business despite clear and ongoing non-compliance that continues to the present day. After permit issuance, the Municipality failed to conduct any follow-up inspections despite receiving formal complaints about inaccessibility at several defendant establishments. This deliberate pattern of non-enforcement creates a system where businesses operate with impunity despite clear ADA violations.

93.    The Municipality's permitting system has become a mechanism for institutionalizing discrimination against individuals with disabilities. Rather than serving as a safeguard to ensure compliance with federal accessibility laws, the permitting process has been weaponized to create a protective umbrella under which businesses can operate with architectural barriers while avoiding the consequences of non-compliance.

94.    The systematic nature of these violations is evidenced by the fact that all defendant establishments share remarkably similar patterns of non-compliance: identical permit application language, comparable architectural barriers, and uniform reliance on municipal non-enforcement. This uniformity demonstrates that the violations are not isolated incidents but rather the predictable result of a coordinated system designed to evade accessibility requirements.

95.    Municipal officials approved construction plans for several defendant businesses that explicitly depicted non-compliant features, including improper ramp designs and inadequate clearances. This demonstrates actual knowledge of accessibility violations at the planning stage, yet permits were issued nonetheless, creating a documented trail of deliberate indifference to federal disability rights laws.

### III.    PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs, respectfully requests that this Honorable Court grant the following legal remedies:

#### A. Relief Requested From The Municipality of Barranquitas

As the local government responsible for ensuring accessibility within its municipal jurisdiction and regulating commercial establishments, we request the Court to order the Municipality of Barranquitas to:

1. Repair and maintain all municipal sidewalks, curb ramps, and pedestrian pathways under municipal jurisdiction throughout Barranquitas, eliminating all barriers that prevent Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos from safely navigating their community, including but not limited to: repairing cracked and deteriorated surfaces, removing overgrown vegetation, installing properly designed ramps at corners with appropriate slopes and non-slip surfaces, ensuring adequate width for wheelchair navigation, and creating continuous accessible routes free from abrupt level changes.

2. Enforce parking regulations to prevent vehicles from illegally parking on sidewalks or blocking curb ramps under municipal jurisdiction, implementing physical deterrents such as bollards or barriers, installing clear no-parking signage, conducting regular enforcement patrols, and imposing penalties sufficient to deter such violations that force wheelchair users into dangerous proximity with vehicular traffic.

3. Immediately revoke all use permits previously issued to the co-defendant businesses identified in this Complaint, including but not limited to permits issued to Cafetalito LLC; Restaurante Li Kent Inc.; WTRR Restaurant LLC; SZ Bakery LLC; Panaderia y Reposteria High Bakery Inc.; Smart Food Life Inc.; Centro Comercial San Cristobal de Barranquitas, Inc.; Satinarab, LLC; SM Furniture Barranquitas Inc.; Castillo de los Pollos BBQ Corp.; 7 Barrios LLC; Los Brother's Bar & Grill LLC; Kiki's Pizza, Inc.; and AM Bistro Bar LLC, as these permits were obtained through misrepresentation of accessibility compliance and have allowed these establishments to operate in systematic violation of federal accessibility laws.

4. Prohibit the reissuance of use permits to any of the co-defendant establishments until they have completed comprehensive accessibility modifications and passed independent

inspections by qualified accessibility specialists demonstrating full compliance with ADA Standards for Accessible Design and all applicable federal accessibility requirements.

5. Implement a mandatory certification program requiring that all new construction, alterations, or repairs to commercial establishments be inspected and certified by independent licensed accessibility specialists with expertise in ADA compliance before any permits are issued or renewed, ensuring that no future permits are granted based on false or incomplete accessibility information.

6. Establish a systematic inspection and monitoring program for all existing commercial establishments to identify and remediate accessibility barriers, with mandatory compliance deadlines and enforcement mechanisms for non-compliant businesses, including permit suspension or revocation for continued violations.

7. Establish an accessible barrier reporting system with multiple reporting methods including online portals, telephone hotlines, and in-person reporting options, with mandatory response timelines not exceeding 30 days for assessment and 90 days for remediation of reported barriers.

8. Allocate a specific percentage of the annual municipal budget to accessibility improvements, with priority given to areas surrounding the co-defendant establishments and high-traffic pedestrian routes, ensuring sustainable funding for ongoing maintenance and barrier removal.

9. Develop and maintain a public-facing website documenting identified barriers, detailed remediation plans, implementation timelines, and measurable progress indicators,

providing transparency and accountability for accessibility improvements throughout the Municipality.

10. Implement comprehensive staff training programs for all municipal employees involved in permitting, inspection, and enforcement processes, ensuring proper understanding of ADA requirements and establishing protocols for accessibility compliance verification to prevent the systematic approval of non-compliant establishments that has characterized the Municipality's past practices.

11. Establish penalties and enforcement mechanisms for businesses that submit false information regarding accessibility compliance in permit applications, including criminal referrals where appropriate and civil fines sufficient to deter future misrepresentations.

12. For the violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos seek nominal damages of $1.00 each from the Municipality of Barranquitas. These nominal damages, while modest in amount, serve the crucial legal purpose of acknowledging the violation of Plaintiffs' federally protected civil rights and the systematic discrimination they have endured due to the Municipality's coordinated failure to maintain accessible public infrastructure and regulate commercial accessibility compliance.

13. Additionally, Plaintiffs seek compensatory damages for the increased transportation costs, physical strain, and loss of independence they have incurred each time they have been forced to alter their planned activities, seek alternative routes, or abandon visits entirely due to the Municipality's failure to enforce accessibility standards. For Mr. Ortiz, whose muscular dystrophy/Becker condition requires stable surfaces and adequate maneuvering

141

space for his motorized wheelchair and cane, and for Ms. Alicea Berríos, whose C6-C7 quadriplegia and chronic neuropathic pain are exacerbated by navigation over uneven terrain, these damages recognize the tangible burden imposed by the Municipality's systematic failure to provide accessible infrastructure and regulate commercial compliance.

**B. Relief Requested From the Commonwealth of Puerto Rico**

As the governmental entity responsible for ensuring accessibility of public infrastructure under its jurisdiction, we request the Court to order the Commonwealth of Puerto Rico to:

1. Repair and maintain all sidewalks, curb ramps, and pedestrian pathways under its jurisdiction throughout Barranquitas, eliminating all barriers that prevent Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos from safely navigating their community, including but not limited to: repairing cracked and deteriorated surfaces, removing overgrown vegetation, installing properly designed ramps at corners with appropriate slopes and non-slip surfaces, ensuring adequate width for wheelchair navigation, and creating continuous accessible routes free from abrupt level changes.

2. Enforce parking regulations to prevent vehicles from illegally parking on sidewalks or blocking curb ramps under Commonwealth jurisdiction, implementing physical deterrents such as bollards or barriers, installing clear no-parking signage, conducting regular enforcement patrols, and imposing penalties sufficient to deter such violations that force wheelchair users into dangerous proximity with vehicular traffic.

3. Establish an accessible barrier reporting system with multiple reporting methods including online portals, telephone hotlines, and in-person reporting options, with

mandatory response timelines not exceeding 30 days for assessment and 90 days for remediation of reported barriers on Commonwealth-controlled infrastructure.

4. Allocate a specific percentage of the annual Commonwealth budget to accessibility improvements for public infrastructure under its jurisdiction, with priority given to areas surrounding commercial establishments and high-traffic pedestrian routes, ensuring sustainable funding for ongoing maintenance and barrier removal.

5. Develop and maintain a public-facing website documenting identified barriers on Commonwealth infrastructure, detailed remediation plans, implementation timelines, and measurable progress indicators, providing transparency and accountability for accessibility improvements.

6. For the violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, Mr. Carlos R. Ortiz Rodríguez and Ms. Normarie Alicea Berríos seek nominal damages of $1.00 each from the Commonwealth of Puerto Rico. These nominal damages, while modest in amount, serve the crucial legal purpose of acknowledging the violation of Plaintiffs' federally protected civil rights and the systematic discrimination they have endured due to the Commonwealth's failure to maintain accessible public infrastructure under its jurisdiction.

7. Additionally, Plaintiffs seek compensatory damages for the increased transportation costs, physical strain, and loss of independence they have incurred each time they have been forced to alter their planned activities, seek alternative routes, or abandon visits entirely due to inaccessible conditions on Commonwealth-controlled infrastructure.

1. **Remedies Requested From the Corporations with Public Accommodation Locations Located in the Municipality of Barranquitas**

A. **Cafetalito LLC (Cafetalito)**

We request that Cafetalito LLC (Cafetalito) be ordered to:

1. Remove all decorative elements, tables, benches, or objects that block or narrow the accessible route, ensuring a clear path at least 36 inches wide.

2. Rearrange decorations to maintain unobstructed access for individuals using mobility devices.

3. Install or modify the entrance door to provide a minimum clear width of 32 inches for safe, independent access.

4. Reconfigure the interior layout to create circulation paths at least 36 inches wide for wheelchair users.

5. Maintain all circulation areas free of obstructions at all times.

6. Lower a section of the customer service counter to a maximum height of 36 inches and provide at least 27 inches of knee clearance.

7. Ensure at least one service counter offers clear floor space and unobstructed access for independent transactions.

8. Replace or modify tables so that at least 5%, but no fewer than one, are fully accessible with sufficient knee and toe clearance.

9. Remove or modify tables with obstructive central supports or horizontal bars.

10. Remove all barriers identified for this establishment in Section C of the Complaint.

11. Pay compensatory and nominal damages to Mr. Carlos Ortiz for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and cooperated with public entities to cause the described outcomes.

**B. Restaurante Li Kent Inc. (Restaurante Li Kent, Inc)**

We request that Restaurante Li Kent Inc. be ordered to:

1. Modify or replace the entrance door to provide a minimum clear width of 32 inches and ensure it requires minimal force to open, allowing independent access for individuals with reduced muscle strength.

2. Reconfigure the interior layout by rearranging furniture to provide aisles and pathways with a minimum width of 36 inches for safe and independent wheelchair navigation.

3. Replace existing small and rigid green chairs with accessible seating options that offer comfort, support, and stability for individuals with reduced mobility.

4. Replace or modify metal tables with barriers in the middle to provide accessible seating spaces, ensuring sufficient knee and toe clearance for individuals using wheelchairs.

5. Lower a section of the service and transaction counters to a maximum height of 36 inches and provide at least 27 inches of knee clearance underneath.

6. Ensure that at least one service counter offers clear floor space and unobstructed reach to allow independent transactions by individuals using mobility devices.

7. Remove all barriers identified for this establishment in Section C of the Complaint.

8. Pay compensatory and nominal damages to Mr. Carlos Ortiz for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and cooperated with public entities to cause the described outcomes.

**C.  Los Brother's Bar & Grill LLC (Los Brothers Bar & Grill LLC)**

We request that Los Brothers Bar & Grill LLC be ordered to:

1. Install a properly designed and constructed accessible route, including a compliant ramp, from the public sidewalk to the entrance of the establishment.

2. Provide clear and visible signage directing individuals to the accessible route at all relevant points, including at the entrance and sidewalk intersections.

3. Remove all obstacles currently interrupting the accessible pathway.

4. Rearrange outdoor tables, chairs, trash bins, and other movable items to provide an accessible path of travel with a minimum clearance of at least 36 inches.

5. Maintain the outdoor circulation space clear at all times to facilitate safe and comfortable maneuverability for individuals using mobility devices.

6. Reconfigure the interior layout by rearranging tables, chairs, and furnishings to provide aisles and pathways with a minimum width of at least 36 inches.

7. Regularly monitor and maintain indoor circulation paths to prevent congestion and maintain accessible conditions.

8. Replace or modify existing tables to ensure that at least 5% of tables, but not fewer than one, are accessible, providing sufficient knee and toe clearance underneath for individuals using mobility devices.

9. Remove or modify tables with bulky central supports or obstructive horizontal bars to facilitate proper and comfortable approach and use.

10. Lower a section of the customer service and transaction counters to an accessible height of no more than 36 inches above the finished floor.

11. Ensure that at least one service counter has sufficient clear floor space and unobstructed reach to allow independent transactions by individuals using mobility devices.

12. Modify existing counters to provide a minimum of 27 inches of clearance underneath.

13. The removal of all the barriers indicated for this establishment in Section D of this Complaint is requested.

14. Pay compensatory and nominal damages to Ms. Normarie, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the failure to ensure program access and equal enjoyment of services.

## D. Kiki's Pizza, Inc. (Kikis Pizza Inc)

We request that Kikis Pizza Inc be ordered to:

1. Implement measures to prevent vehicles from illegally blocking the accessible route to the main entrance, including but not limited to installing appropriate signage, physical barriers, and active enforcement practices.

2. Ensure that a clear, unobstructed, and safe accessible route is maintained at all times from the public sidewalk to the main entrance.

3. Remove or replace the uneven mat at the entrance threshold with a firm, stable, and slip-resistant surface that does not disrupt the passage of mobility devices.

4. Lower a section of the bar counter to an accessible height of no more than 36 inches above the finished floor.

5. Remove permanently placed chairs blocking the bar counter and ensure a clear, unobstructed approach for individuals using mobility devices.

6. Remove tall, inaccessible chairs placed at the bar counter and replace them with seating that does not obstruct access for individuals using mobility devices.

7. Lower a section of the transaction and customer service counters to an accessible height of no more than 36 inches above the finished floor to ensure equitable access and interaction.

8. Remove any chairs or obstructions in front of the customer service and transaction counters.

9. Rearrange furniture, vending machines, and other elements inside the establishment to provide circulation paths with a minimum width of 36 inches.

10. Modify or replace existing tables to ensure that at least 5% of tables, but no fewer than one, are accessible, providing adequate knee and toe clearance.
Install a compliant ramp to provide accessible routes to all elevated sections of the dining area.

11. Install clear and visible universal accessibility signage at the restrooms.

12. The removal of all the barriers indicated for this establishment in Section D of this Complaint is requested.

13. Pay compensatory and nominal damages to Mrs. Normarie Berríos, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the denial of program access and services on an equal basis.

**E. WTRR Restaurant LLC (Ta-Kbron "Cocina Mexicana")**

We request that Ta-Kbron "Cocina Mexicana" be ordered to:

1. Create and properly mark a sufficient number of accessible parking spaces, including access aisles, in accordance with ADA Standards, ensuring that they are clearly designated with appropriate signage and ground markings.

2. Maintain the accessible parking spaces at all times to ensure safe, unobstructed use by individuals using mobility devices.

3. Construct and maintain an accessible route connecting the parking area to the main entrance, providing a stable, firm, slip-resistant, and continuous surface without abrupt changes in level.

4. Remove the black mat at the main entrance and replace it with a firm, stable, and slip-resistant surface that does not interfere with the movement of mobility devices.

5. Rearrange interior furnishings, including tables, chairs, cleaning equipment, plants, and decorative items, to provide a minimum clear path of at least 36 inches wide for unobstructed circulation throughout the establishment.

6. Lower a section of the customer service counter to an accessible height of no more than 36 inches above the finished floor to enable equitable communication and service for individuals using mobility devices.

7. Remove or properly secure the black mat obstructing the front area of the customer service counter.

8. Modify the customer service counter to provide a minimum knee clearance of at least 27 inches high, 30 inches wide, and 19 inches deep underneath.

9. The removal of all the barriers indicated for this establishment in Section C of this Complaint is requested.

10. Pay compensatory and nominal damages to Mr. Carlos Ortiz, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the failure to ensure accessible and equitable public accommodations.

## F. Sz Bakery LLC (Kmilas Bakery Barranquitas)

We request that Sz Bakery LLC be ordered to:

1. Create and maintain an accessible route from the parking area to the main entrance, free from obstructions, with a continuous, stable, firm, and slip-resistant surface in compliance with ADA Standards.

2. Rearrange or redesign parking to ensure vehicles do not obstruct the accessible pathway at any time, including the addition of appropriate signage and physical barriers if necessary.

3. Modify or replace existing tables to ensure that at least 5% of tables, but not fewer than one, are accessible, with sufficient knee and toe clearance for front-facing approach by individuals using mobility devices.

4. Remove inaccessible chairs placed at service and transaction counters, ensuring unobstructed approach and providing alternative seating that does not block access for individuals using mobility devices.

5. Lower a section of the service and transaction counters to an accessible height of no more than 36 inches above the finished floor to facilitate direct and independent interaction by individuals using mobility devices.

6. Modify service and transaction counters to provide a minimum knee clearance of at least 27 inches high, 30 inches wide, and 19 inches deep underneath.

7. Remove or modify any obstructive bars and chairs placed in front of the service and transaction counters to ensure clear, unobstructed front access for individuals using mobility devices.

8. Rearrange tables, chairs, and any other obstacles to provide circulation paths at least 36 inches wide throughout the establishment, ensuring smooth and safe mobility for individuals using mobility devices.

9. Install clear, visible, and properly placed universal accessibility signage at the restrooms to indicate whether they are accessible to individuals using mobility devices.

10. The removal of all the barriers indicated for this establishment in Section C of this Complaint is requested.

11. Pay compensatory and nominal damages to Mr. Carlos Ortíz, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the denial of program access and equal enjoyment of goods and services.

## G. Am Bistro Bar LLC (Embeleko Bikers Cafe)

We request that Embeleko Bikers Cafe be ordered to:

1. Lower a section of the yellow service and transaction counters to an accessible height of no more than 36 inches above the finished floor to allow direct, independent interaction by individuals using mobility devices.

2. Remove any chairs or obstacles blocking the front of the service counters to ensure a clear and unobstructed frontal approach for individuals using mobility devices.

3. Modify the counters to provide a minimum knee clearance of at least 27 inches high, 30 inches wide, and 19 inches deep underneath to enable proper frontal positioning by individuals using mobility devices.

4. Remove excessively tall chairs in the customer service area and provide accessible, inclusive seating options that do not obstruct the accessible pathways or service areas.

5. Modify or replace existing tables to ensure that at least 5% of tables, but not fewer than one, are accessible, offering sufficient knee and toe clearance for frontal access by individuals using mobility devices.

6. Rearrange furniture—including tables, chairs, and other elements—to create and maintain aisles and circulation spaces at least 36 inches wide throughout the establishment, ensuring safe, unobstructed mobility for individuals using mobility devices.

7. The removal of all the barriers indicated for this establishment in Section D of this Complaint is requested.

8. Pay compensatory and nominal damages to Mrs. Normarie Berríos, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have

conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the denial of equal access to goods and services.

## H. Panaderia y Reposteria High Bakery Inc. (Panaderia Y Reposteria High Bakery, Inc)

We request that Panaderia y Reposteria High Bakery, Inc be ordered to:

1. Remove the uneven floor mat at the main entrance and replace it with a firm, stable, and slip-resistant surface that allows safe, unobstructed entry for individuals using mobility devices.

2. Lower a section of the transaction and customer service counters to an accessible height of no more than 36 inches above the finished floor.

3. Remove any chairs or obstacles placed directly in front of the service counters to ensure a clear, unobstructed front-facing approach for individuals using mobility devices.

4. Modify the service and transaction counters to provide a minimum knee clearance of at least 27 inches high, 30 inches wide, and 19 inches deep underneath to allow proper frontal access by individuals using mobility devices.

5. Modify or replace existing tables to ensure that at least 5% of tables, but not fewer than one, are accessible, providing sufficient knee and toe clearance.

6. Rearrange furniture—including tables, chairs, and other elements—to create and maintain aisles and circulation paths of at least 36 inches wide throughout the establishment, ensuring safe and independent navigation for individuals using mobility devices.

7. The removal of all the barriers indicated for this establishment in Section C of this Complaint is requested.

8. Pay compensatory and nominal damages to Mr. Carlos Ortíz, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the denial of accessible and equitable access to goods and services.

## I. Smart Food Life Inc. (Pink Bunny Frozen Yogurt)

We request that Smart Food Life Inc. be ordered to:

1. Remove the entrance step or install a permanent ramp to provide barrier-free access, as the current step obstructs Mrs. Normaire Alicea independent entry using his motorized wheelchair or cane.

2. Lower the service counter to a maximum height of 36 inches and ensure direct frontal access for wheelchair users, as the current excessive height prevents Mrs. Normaire Alicea from ordering or paying independently.

3. Provide adequate knee clearance beneath the counter (at least 27 inches in height, 30 inches in width, and 19 inches in depth) to allow Mrs. Normaire Alicea to approach and transact without obstruction.

4. Replace tables with central supports to those with accessible designs to permit unobstructed wheelchair access and comfortable use.

5. The removal of all the barriers indicated for this entity in Section D of this Complaint is requested.

6. Pay compensatory and nominal damages to Mrs. Normaire Alicea, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes

described herein, particularly the denial of accessible and equitable access to goods and services.

**J. Centro Comercial San Cristobal De Barranquitas, Inc. (Plaza San Cristobal)**

We request that Centro Comercial San Cristobal De Barranquitas, Inc. be ordered to:

1. Increase the number of accessible parking spaces to comply with ADA Standards for Accessible Design, ensuring sufficient availability for individuals with mobility impairments like Mr. Ortiz.

2. Replace or repair all accessible parking signage, ensuring proper height (minimum 60 inches from the ground to the bottom of the sign) and visibility to prevent misuse by non-authorized vehicles.

3. Relocate accessible parking spaces to the shortest possible route from store entrances, minimizing travel distances for wheelchair users and individuals with mobility limitations.

4. Ensure all accessible parking spaces are clearly marked with the International Symbol of Accessibility and include proper aisle space for wheelchair deployment (minimum 60 inches wide).

5. Implement regular maintenance checks to ensure signage remains visible, legible, and compliant with ADA requirements.

6. The removal of all the barriers indicated for this entity in Section C of this Complaint is requested.

7. Pay compensatory and nominal damages to Mr. Carlos Ortíz, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes

described herein, particularly the denial of accessible and equitable access to goods and services.

### K. Satinarab, LLC (Econo Barranquitas)

We request that Satinarab, LLC be ordered to:

1. Install an ADA-compliant checkout counter with the International Symbol of Accessibility, ensuring a maximum height of 36 inches and adequate knee clearance (minimum 27" height, 30" width, 19" depth).

2. Widen checkout aisle spacing to a minimum of 36 inches to permit safe and unobstructed passage for wheelchairs.

3. Expand store aisle widths to comply with ADA accessibility standards and prevent navigation difficulties for customers with mobility aids like Mrs. Normaire Alicea.

4. Enforce clear aisle policies to prevent merchandise or obstructions from blocking accessible pathways, ensuring continuous access for wheelchair users like Mrs. Normaire Alicea.

5. Lower a section of the cafeteria displays to accommodate individuals with limited mobility like Mrs. Normaire Alicea.

6. Replace cafeteria tables with ADA-compliant designs to provide sufficient knee clearance for Mrs. Normaire Alicea.

7. The removal of all the barriers indicated for this entity in Section C of this Complaint is requested.

8. Pay compensatory and nominal damages to Mr. Carlos Ortiz, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have

conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the denial of accessible and equitable access to goods and services.

**L.  SM Furniture Barranquitas Inc. (SM Furniture Barranquitas)**

We request that SM Furniture Barranquitas Inc. be ordered to:

1. Remove all obstructions (e.g., traffic cones) blocking the accessible ramp and maintain a clear path of travel at all times.

2. Reconstruct the non-compliant ramp to meet ADA slope requirements and install proper handrails on both sides, grippable and with enough clearance from walls.

3. Widen pathways between displays to a minimum of 36 inches (or 32 inches at pinch points) to permit safe wheelchair passage.

4. Secure or remove all loose rugs in customer pathways to prevent tripping hazards and mobility aid obstructions.

5. Enforce clear aisle policies to prevent boxes or merchandise from blocking accessible routes, ensuring continuous 36-inch-wide paths.

6. The removal of all the barriers indicated for this entity in Section C of this Complaint is requested.

7. Pay compensatory and nominal damages to Mr. Carlos Ortíz, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the denial of accessible and equitable access to goods and services.

**M. Castillo de los Pollos BBQ Corp. (El Castillo de los Pollos  BBQ #2)**

We request that Castillo de los Pollos BBQ Corp. be ordered to:

8.  We request that El Castillo de los Pollos be ordered to:

9.  Install a continuous and properly marked accessible route from the parking area to the entrance of the establishment, ensuring the path is level and free of obstacles.

10. Provide vertical signage indicating the location of accessible parking spaces, and designate at least one accessible parking space near the entrance, compliant with ADA standards.

11. Lower the service counter to a height that allows individuals using wheelchairs to make payments independently, ensuring sufficient knee clearance for proper access.

12. Reorganize the interior layout to create a minimum of 36 inches of space between tables, allowing safe and comfortable maneuverability for individuals using mobility devices.

13. Regularly monitor and maintain the interior layout to prevent overcrowding and ensure continuous accessible pathways.

14. The removal of all the barriers indicated for this entity in Section D of this Complaint is requested.

15. Pay compensatory and nominal damages to Ms. Normarie Alicea Berríos for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if it is determined that there was a conspiracy and active cooperation with public entities to cause the outcomes described herein, particularly the denial of accessible and equitable access to goods and services.

**N.  7 Barrios LLC  (7Barrios)**

We request that 7 Barrios LLC be ordered to:

16. Install a lowered section of the counter at 36 inches and ensure proper under-counter clearance for forward approach, providing accessibility for individuals using motorized wheelchairs.

17. Remove any obstructive objects on the counter that interfere with accessibility and allow individuals to interact with the counter independently.

18. Rearrange the interior layout to ensure a minimum of 36 inches of space between tables, providing safe and comfortable maneuverability for individuals using mobility devices.

19. Replace or modify tables with thick central bases, ensuring that at least 5% of tables, but not fewer than one, provide sufficient knee clearance for individuals using motorized wheelchairs.

20. Regularly monitor and maintain the interior layout to prevent overcrowding and ensure continuous accessible pathways.

21. The removal of all the barriers indicated for this entity in Section C of this Complaint is requested.

22. Pay compensatory and nominal damages to Mr. Carlos Ortíz, for violations of Title III of the ADA and Section 504 of the Rehabilitation Act, if found to have conspired and actively cooperated with public entities to cause the outcomes described herein, particularly the denial of accessible and equitable access to goods and services.

**Dated:** May 23, 2025.

**RESPECTFULLY SUBMITTED.**

**VELEZ LAW GROUP LLC**
Civil Rights Division

s/José Carlos Vélez Colón
José Carlos Vélez Colón
USDC-PR 231014

4204 Six Forks Rd, Apt 1209
Raleigh, NC 27609-6427

E:      vlg@velezlawgroup.com
C:      (787)-422-1881

**PLAINTIFF'S ATTORNEY**